UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **SOUTH BROWARD HOSPITAL DISTRICT, D/B/A/ MEMORIAL HEALTHCARE SYSTEM,** on its own behalf and on behalf of other similarly situated healthcare facilities,<br><br>Plaintiff,<br><br>**ELAP SERVICES, LLC and GROUP & PENSION ADMINISTRATORS, INC.,**<br><br>Defendants. | Case No. 0:20-cv-61007-AHS |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL AUTHORITY

Plaintiff South Broward Hospital District d/b/a Memorial Healthcare System ("Plaintiff") filed a Notice of Filing Supplemental Authority [D.E. 33 (the "Notice")] to support its Opposition to Defendants' Joint Motion to Dismiss the Amended Complaint [D.E. 31], citing the recent unpublished opinion in *CRMsuite Corp. v. GM Co.*, 8:20-cv-762-T-02-WFJ-AAS, 2020 U.S. Dist. LEXIS 183826 (M.D. Fla. Oct. 5, 2020) (dismissing FDUTPA claim for failure to allege causation and damages). *CRMsuite* does not save Plaintiff's legally and factually deficient FDUTPA claim.

Citing *CRMsuite*, Plaintiff argues that it may sue under FDUTPA even though it did not consume any goods or services offered by Defendants. *See* Notice at 1-2. It is undisputed that a business may sue under FDUTPA, but it still must have been offered or sold something by the defendant as part of the "trade or commerce" requirement. *See* D.E. 32 (Defendants' Reply Supporting Joint Motion to Dismiss) ("Reply") at 3-4. The discussion of "non-consumer" standing in *CRMsuite* is dicta because the plaintiff in that case was involved in trade or commerce with the defendant. *See* 2020 U.S. Dist. LEXIS 183826, at *16-18 ("[defendant] was offering a thing of value (certified-vendor status) [to plaintiff] for which vendors paid a regular fee"; finding that the plaintiff was a "consumer"). Here, by contrast, Plaintiff was not offered or sold any service by

- 1 -

Defendants, and thus cannot sue Defendants under FDUTPA. *See* Reply at 3-4.

Plaintiff next argues that it only needed to allege an injury to consumers in order to state a FDUTPA claim. *See* Notice at 2. Defendants' Reply demonstrated that, even if non-consumers may sue under FDUTPA, they still must allege and prove all of the elements of a FDUTPA claim including an unfair or deceptive act ***in trade or commerce*** with consumers that caused an injury to consumers. *See* Reply at 6-7. While the unconvincing analysis of this issue in *CRMsuite* is reed-thin, the court found that the plaintiff alleged facts showing that defendant's customers were harmed when it refused to deal with plaintiff because its customers were forced to purchase more expensive products from other vendors instead of the cheaper product plaintiff was barred from selling through defendant. 2020 U.S. Dist. LEXIS 183826, at *18. Here, however, Plaintiff failed to allege *any* facts supporting its conclusory assertions that Defendants' customers, the healthcare plans, were deceived or suffered any actual harm in any way. *See* Reply at 6-7.

The Notice also cites (at 2) *CRMsuite*'s totally overbroad and unsupported statement that "virtually any injury resulting from an unfair or deceptive trade practice occurring in trade or commerce is a 'consumer injury.'" 2020 U.S. Dist. LEXIS 183826, at *18. That plainly is not true, as the court in *CRMsuite* dismissed the FDUTPA claim because the plaintiff only alleged consequential damages and failed to allege any actual damages caused by the defendant's conduct vis-à-vis consumers. *See id.* at *19. Florida's intermediate appellate courts have recognized that an entity may possess non-consumer standing, but only when it alleges an injury to actual consumers. *Caribbean Cruise Line, Inc. v. Better Bus. Bur. of Palm Beach Cty., Inc.*, 169 So. 3d 164, 169 (Fla. App. 2015). Plaintiff here likewise failed to allege facts showing that any alleged deceit and harm to consumers caused it to suffer actual damages. *See* Reply at 4-7. *CRMsuite* thus only provides more, not fewer, reasons to dismiss Plaintiff's defective FDUTPA claim.

Respectfully submitted this 14th day of October, 2020.

| **FISHERBROYLES, LLP** | **AKERMAN LLP** |
|---|---|
| /s/ *Irene Oria* <br> Robert T. Wright, Jr., Esq. <br> FL Bar No. 185525 <br> Irene Oria, Esq. <br> FL Bar No. 484570 <br> FisherBroyles, LLP <br> 199 E. Flagler St. #550 <br> Miami, FL 33131 <br> Tel.: (786) 536-2838 <br> Fax: (305) 536-2838 <br> robert.wright@fisherbroyles.com <br> irene.oria@fisherbroyles.com <br><br> Patrick M. Emery, Esq. (*pro hac vice*) <br> GA Bar No. 821303 <br> PA Bar No. 306672 <br> Kris Alderman, Esq. (*pro hac vice*) <br> GA Bar No. 179645 <br> FisherBroyles, LLP <br> 945 East Paces Ferry Rd NE, Suite 2000 <br> Atlanta, GA 30326 <br> (404) 793-0652 <br> patrick.emery@fisherbroyles.com <br> kris.alderman@fisherbroyles.com | Irene Bassel Frick, Esq. <br> FL Bar No. 0158739 <br> Gera R. Peoples, Esq. <br> FL Bar No. 450022 <br> 401 E. Jackson Street, Suite 1700 <br> Tampa, FL 33602-5250 <br> Phone: (813) 223-7333 <br> Fax: (813) 223-2837 <br> irene.basselfrick@akerman.com <br> gera.peoples@akerman.com |

*Counsel for Defendants ELAP Services, LLC and Group & Pension Administrators, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record identified on the Service List below.

/s/ *Irene Oria*
Irene Oria, Esq.

**SERVICE LIST**

**KOZYAK TROPIN & THROCKMORTON LLP**

Gail McQuilkin, Esq.
Tal J. Lifshitz, Esq.
Benjamin Jacobs Widlanski, Esq.
Eric S. Kay, Esq.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
gam@kttlaw.com
tjl@kttlaw.com
bwidlanski@kttlaw.com
ekay@kttlaw.com

*Counsel for Plaintiff*

**WOLFE | PINCAVAGE**

Douglas A. Wolfe, Esq.
Danya J. Pincavage, Esq.
Omar Ali-Shamaa, Esq.
2937 SW 27th Ave., Suite 302
Miami, FL 33133
Telephone: (786) 409-0800
doug@wolfepincavage.com
danya@wolfepincavage.com
omar@wolfepincavage.com