## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| **SOUTH BROWARD HOSPITAL** | : | |
| **DISTRICT, D/B/A/ MEMORIAL** | : | |
| **HEALTHCARE SYSTEM,** | : | |
| on its own behalf and on behalf of other | : | Case No. 0:20-cv-61007-AHS |
| similarly situated healthcare facilities, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| **ELAP SERVICES, LLC and GROUP &** | : | |
| **PENSION ADMINISTRATORS, INC.,** | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S AMENDED COMPLAINT

Defendants ELAP Services, LLC ("ELAP") and Group & Pension Administrators, Inc. ("GPA") (collectively, "Defendants") hereby file their Answer and Affirmative Defenses to the Amended Complaint [D.E. 24] filed by Plaintiff South Broward Hospital District ("Plaintiff" or "SBHD").

## <u>ANSWER</u>

### INTRODUCTION

1.     Defendants admit that ELAP touts its service as—and that its services in fact are—a way for businesses to save money on healthcare by installing reimbursement metrics into health plans that are based on objective, industry standard benchmarks to determine the allowable claim limits under the health plan. Defendants admit that ELAP serves as the designated decisionmaker for some of their clients, and in that role ELAP determines the allowable claim limit based on the reimbursement metrics contained in the plan documents. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 1.

2.     Defendants admit that ELAP refers to its services as—and that its services in fact

are—a "fair" and "responsible and sustainable management of healthcare costs." Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 2.

3.      Defendants deny all allegations contained in paragraph 3.

4.      Defendants deny all allegations contained in paragraph 4.

5.      ELAP admits "Reference Based Pricing" is one of several industry terms that have been used to describe the reimbursement metrics used by healthcare plans that are clients of ELAP (hereinafter, the "Plans"). Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 5.

6.      The allegations of paragraph 6 about state and federal laws concerning the provision of emergency treatment to patients are denied as conclusions of law to which no response is required. To the extent that any response is required, Defendants deny all allegations contained in paragraph 6.

7.      Defendants admit ELAP is paid a percentage of the hospital's total charges for each bill ELAP audits. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 7.

8.      Defendants admit ELAP works with other legitimate companies, including GPA, which serves as a third party administrator for some of the Plans. Defendants lack knowledge or information sufficient to form a belief as to veracity of the allegation that GPA is "familiar to healthcare providers like Plaintiff"; therefore, that allegation is denied on that basis. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 8.

9.      Defendants admit MultiPlan operates one or more well-known networks with contracts and pre-negotiated rates with many healthcare providers. Defendants lack knowledge or information sufficient to form a belief as to veracity of the allegation that MultiPlan has contracts

and pre-negotiated rates with Plaintiff; therefore, that allegation is denied. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 9.

10.     Defendants lack knowledge or information sufficient to form a belief as to veracity of the allegation that Plaintiff contracts with MultiPlan and is in MultiPlan's paid provider network; therefore, that allegation is denied. Defendants deny the Plans are parties to any MultiPlan network including Plaintiff. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 10.

11.     Defendants admit that hospitals contracted with MultiPlan will not receive payment at the MultiPlan rates from the Plans because the Plans are not parties to a MultiPlan network that includes hospitals. Some Plans are parties to a MultiPlan network that includes physicians and other healthcare professionals, but not hospitals. Insurance cards for such Plans properly disclose this fact by including the MultiPlan logo for the appropriate MultiPlan network with which the Plan participates, which typically includes a phrase such as "Physician Only" or "Practitioner Only." For hospitals with which a Plan does not have a contractual rate of reimbursement—either through a MultiPlan network or otherwise—ELAP determines the allowable claim limit based on the reimbursement metrics contained in the plan documents, which is typically the greater of (1) the amount Medicare would pay for the same goods and services in the geographic area plus 20% or (2) the hospital's cost to provide the goods and services—determined by the hospital's self-reported, departmental-specific cost to charge ratios in its annual cost report filed with the federal government—plus 12%. Defendants admit the Plans honor the MultiPlan network rates for networks in which they participate, which sometimes results in doctors being paid at MultiPlan rates. Except as specifically admitted herein, Defendants deny all remaining allegations contained

in paragraph 11.

12.     Defendants deny all allegations contained in paragraph 12.

13.     Defendants admit ELAP provides information about its identity and role to healthcare providers. Insurance cards used by the Plans are documents that speak for themselves and any allegations in paragraph 13 that are inconsistent with the insurance cards are denied. The website referenced on insurance cards used by the Plans is a document that speaks for itself and any allegations in paragraph 13 that are inconsistent with the website are denied. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 13.

14.     Defendants deny all allegations contained in paragraph 14.

15.     Defendants deny all allegations contained in paragraph 15.

16.     Defendants deny all allegations contained in paragraph 16.

17.     Defendants deny all allegations contained in paragraph 17.

18.     Defendants deny all allegations contained in paragraph 18.

19.     The allegations of paragraph 19 are denied as conclusions of law to which no response is required. To the extent that any response is required, Defendants deny all allegations contained in paragraph 19.

20.     The allegations of paragraph 20 are denied as conclusions of law to which no response is required. To the extent that any response is required, Defendants deny all allegations contained in paragraph 20.

21.     Defendants deny all allegations contained in paragraph 21.

## PARTIES

22.     Defendants admit the allegation contained in paragraph 22.

23.     Defendants deny the allegations contained in paragraph 23. ELAP is a limited

liability company organized under the laws of Delaware, with its principal place of business in Wayne, Pennsylvania.

24.     Defendants admit the allegation contained in paragraph 24.

<u>Jurisdiction and Venue</u>

25.     The allegations of paragraph 25 are denied as conclusions of law to which no response is required. To the extent that any response is required, Defendants deny all allegations contained in paragraph 25.

26.     The allegations of paragraph 26 are denied as conclusions of law to which no response is required. To the extent that any response is required, Defendants deny all allegations contained in paragraph 26.

27.     The allegations of paragraph 27 are denied as conclusions of law to which no response is required. To the extent that any response is required, Defendants deny all allegations contained in paragraph 27.

28.     Defendants deny all allegations contained in paragraph 28.

**FACTUAL BACKGROUND**

29.     Defendants admit that ELAP holds itself out as providing—and does in fact provide—healthcare claims auditing and repricing services as well as providing access to legal representation for its health plans and their members. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 29.

30.     Defendants admit a self-funded health plan assumes the financial risk of paying benefits due under its health plan and that some employers outsource claims handling functions to third party administrators, such as GPA. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 30.

31.     The quotation in paragraph 31 refers to a document that speaks for itself and all allegations inconsistent therewith are denied. Defendants deny all allegations contained in paragraph 31.

32.     Defendants deny the allegations contained in paragraph 32.

33.     Defendants admit that some health plans adopt certain reimbursement metrics in lieu of utilizing traditional PPOs. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 33.

34.     Defendants deny all allegations contained in paragraph 34.

35.     Defendants admit Reference Based Pricing is not wrongful. Defendants lack knowledge or information sufficient to form a belief as to veracity of the allegations concerning what "many plans that use Reference Based Pricing" do; therefore, those allegations are denied. The allegations concerning insurance identification cards refer to documents that speak for themselves and any allegations inconsistent therewith are denied. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 35.

36.      The vague allegations of paragraph 36 concerning the legality of "Reference Based Pricing" are denied as conclusions of law to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to veracity of the allegations concerning unspecified "Reference Based Pricing" models; therefore, those allegations are denied. Defendants deny all remaining allegations contained in paragraph 36.

37.     The allegations of paragraph 37 concerning the legality of the reimbursement metrics used by the Plans are denied as conclusions of law to which no response is required. To the extent that a response is required, Defendants deny all allegations contained in paragraph 37.

38.     Defendants admit the allowable claim limit for ELAP health plans is typically the

greater of (1) the amount Medicare would pay for the same goods and services in the geographic area plus 20% or (2) the hospital's cost to provide the goods and services—determined by the hospital's self-reported, departmental-specific cost to charge ratios in its annual cost report filed with the federal government—plus 12%. Except as specifically admitted herein, Defendant denies all remaining allegations contained in paragraph 38.

39.     Defendants deny all allegations contained in paragraph 39. The document referenced in footnote 2 to paragraph 39 speaks for itself and any allegations inconsistent therewith are denied. Defendants deny the remaining allegations of footnote 2 to paragraph 39 as conclusion of law to which no response is required.

40.     The document referenced in footnotes 3 and 4 to paragraph 40 speaks for itself. Defendants deny all allegations contained in paragraph 40 and footnotes 3 and 4 thereto.

41.     Defendants deny all allegations contained in paragraph 41.

42.     Defendants lack knowledge or information sufficient to form a belief as to veracity of the allegations about the alleged beliefs or knowledge of Plan member patients or healthcare providers; therefore, those allegations are denied. Defendants deny all remaining allegations of paragraph 42.

43.     Defendants deny the allegations contained in paragraph 43.

44.     Defendants admit that some providers and insurers participate in networks that are sometimes described as a "PPO model." Defendants lack knowledge or information sufficient to form a belief as to veracity of the allegations about whether Plaintiff has participation agreements with PPOs; therefore, those allegations are denied. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 44.

45.     PPO participation agreements are documents that speak for themselves and any

allegations inconsistent therewith are denied. Defendants lack knowledge or information sufficient to form a belief as to veracity of the allegations about unidentified PPO participation agreements; therefore, those allegations are denied. Defendants deny all remaining allegations contained in paragraph 45.

46.     PPO participation agreements are documents that speak for themselves and any allegations inconsistent therewith are denied. Defendants lack knowledge or information sufficient to form a belief as to veracity of the allegations about why some unspecified self-funded plans and unspecified PPOs have entered into such agreements; therefore, those allegations are denied. Defendants deny all remaining allegations contained in paragraph 46.

47.     Unidentified "patient agreements" are documents that speak for themselves and any allegations inconsistent therewith are denied. The allegations of paragraph 47 concerning alleged patient payment obligations are denied as conclusions of law to which no response is required. Defendants deny all allegations contained in paragraph 47.

48.     The allegations of paragraph 48 concerning the Patient Protection and Affordable Care Act are denied as conclusions of law to which no response is required. Defendants deny all remaining allegations contained in paragraph 48.

49.     The allegations of paragraph 49 are denied as conclusions of law to which no response is required. To the extent paragraph 49 contains any allegation to which a response it required, Defendants deny such allegations.

50.     The allegations of paragraph 50 are denied as conclusions of law to which no response is required. To the extent that any response is required, Defendants deny the remaining allegations contained in paragraph 50.

51.     The allegations of paragraph 51 are denied as conclusions of law to which no

response is required. To the extent that any response is required, Defendants deny all remaining allegations contained in paragraph 51.

52.     The allegations of paragraph 52 are denied as conclusions of law to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 52.

53.     The allegations of paragraph 53 are denied as conclusions of law to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 53.

54.     The allegations of paragraph 54 are denied as conclusions of law to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 54.

55.     Defendants admit ELAP's clients are sponsors of self-funded health plans, and ELAP performs agreed-upon services, including auditing certain health care claims and administering certain aspects of the health plan, in exchange for compensation. Except as specifically admitted herein, Defendants deny all remaining allegations of paragraph 55.

56.     The allegations of paragraph 56 and footnote 6 refer to a document which speaks for itself and the allegations inconsistent therewith are denied. Defendants deny all remaining allegations contained in paragraph 56.

57.     The allegations of paragraph 57 and footnote 7 refer to a document which speaks for itself and any allegations inconsistent therewith are denied. Defendants deny all remaining allegations contained in paragraph 57.

58.     The allegations of paragraph 58 and footnotes 8 and 9 refer to a document which speaks for itself and the allegations inconsistent therewith are denied. Except as specifically

admitted herein, Defendants deny all remaining allegations contained in paragraph 58.

59.     The allegations of paragraph 59 refer to a document that speaks for itself and any allegations inconsistent therewith are denied. Defendants deny all remaining allegations contained in paragraph 59.

60.     The allegations of paragraph 60 and footnote 10 refer to a document that speaks for itself and any allegations inconsistent therewith are denied. Defendants deny all remaining allegations contained in paragraph 60.

61.     The allegations of paragraph 61 and footnote 11 concerning state and federal laws are denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny those allegations. Defendants deny all remaining allegations contained in paragraph 61.

62.     The allegations of paragraph 62 and footnotes 12 and 13 refer to a document that speaks for itself and any allegations inconsistent therewith are denied. Defendants deny all remaining allegations contained in paragraph 62.

63.     The allegations of paragraph 63 are conclusion of law to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 63.

64.     The allegations of paragraph 64 are conclusion of law to which no response is required. To the extent that any response is required, Defendants deny the allegations contained in paragraph 64.

65.     Defendants admit the amounts billed by providers are often excessive and inflated. Defendants admit ELAP is paid a percentage of the provider's billed charges. Defendants admit the higher the provider's billed charge, the more ELAP will be paid for auditing that bill because

ELAP is paid a percentage of the billed charges for auditing the bill. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 65.

66.     Defendants admit GPA is paid in a variety of ways defined by agreements with individual clients. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 66.

67.     Defendants deny the allegations contained in paragraph 67.

68.     Defendants deny the allegations contained in paragraph 68.

69.     Defendants deny the allegations contained in paragraph 69 and footnote 14. Defendants' responses to paragraphs 87-107 below are incorporated by reference as if fully set forth herein.

70.     Defendants deny the allegations contained in paragraph 70.

71.     Defendants deny the allegations contained in paragraph 71.

72.     Defendants deny the allegations contained in paragraph 72.

73.     Defendants deny the allegations contained in paragraph 73.

74.     Defendants admit it is a common practice for healthcare providers to request patients to provide insurance identification cards when they seek medical treatment, and that patients generally comply with that request. The unspecified insurance identification cards referenced in paragraph 74 are documents that speak for themselves and any allegations that are inconsistent with the insurance cards are denied. Defendants admit insurance identification cards typically identify the third party administrator and instruct the provider how to submit claims for payment. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 74.

75.     The unspecified insurance identification cards referenced in paragraph 75 are

documents that speak for themselves and any allegations that are inconsistent with the insurance cards are denied. Defendants admit insurance identification cards typically indicate any networks in which the plan participates. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 75.

76.     Defendants admit providers are not required to seek authorization from a patient's health plan before providing emergency treatment. Defendants admit that providers sometimes contact the third party administrator of a patient's health plan to obtain information not contained on the insurance identification card, including but not limited to information concerning authorization requirements and the scope of coverage. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 76. The allegations in footnote 15 to paragraph 76 concerning state and federal laws concerning emergency medical treatment are denied as conclusions of law to which no response is required. The remaining allegations of footnote 15 to paragraph 76 are denied.

77.     Defendants lack information or knowledge sufficient to form a belief as to the veracity of the vague allegations as to whether some unspecified patient or patients signed or entered in to an unidentified "Patient Agreement"; therefore, those allegations are denied. The allegations of paragraph 77 concerning the meaning of the unidentified "Patient Agreement" are denied as conclusions of law to which no response is required. To the extent that allegation requires a response, it is denied. Defendants deny all remaining allegations contained in paragraph 77.

78.     Defendants admit providers typically submit a claim for reimbursement to a patient's health plan after providing treatment. Defendants lack information or knowledge sufficient to form a belief as to the veracity of the allegations concerning charges in unspecified claims for reimbursement; therefore, those allegations are denied. The remaining allegations of

paragraph 78 are denied as conclusions of law to which no response is required. To the extent that any response is required, Defendants deny all remaining allegations contained in paragraph 78.

79.     Defendants admit that in some—but not all—instances, a health plan may be required to respond to a provider that submitted a claim for payment. Defendants admit that in some—but not all—instances, the process to appeal an underpayment or denial may be controlled by an applicable participating provider agreement. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 79.

80.     Defendants deny the allegations contained in paragraph 80.

81.     Defendants deny the allegations contained in paragraph 81.

82.     Defendants deny the allegations contained in paragraph 82.

83.     Defendants deny the allegations contained in paragraph 83.

84.     Defendants deny the allegations contained in paragraph 84.

85.     Defendants admit some (if not all) insurance identification cards issued by the Plans provide a link to a website that provides extensive information about ELAP and the way the plan reimburses providers for health care claims. Insurance cards used by the Plans are documents that speak for themselves and any allegations in paragraph 85 that are inconsistent with the insurance cards are denied. The website referenced on insurance cards used by the Plans is a document that speaks for itself and any allegations in paragraph 85 that are inconsistent with the website are denied. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 85.

86.     The allegations of paragraph 86 are denied as conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 86.

87.     Defendants deny the allegations contained in paragraph 87.

88.     Defendants admit that Multiplan operates or managed one or more PPOs that contract with healthcare providers. Defendants lack knowledge or information sufficient to form a belief as to veracity of the allegation that MultiPlan has contracts and pre-negotiated rates with Plaintiff; therefore, that allegation is denied. Defendants deny all remaining allegations of paragraph 88.

89.     Defendants admit providers that contract with Multiplan agree to accept negotiated rates for health care goods and services they provide. Any agreements between Multiplan and healthcare providers are documents that speak for themselves and any allegations inconsistent therewith are denied. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 89.

90.     Defendants deny the allegations contained in paragraph 90.

91.     Defendants lack information or knowledge sufficient to form a belief as to the veracity of the vague allegations contained in paragraph 91; therefore, those allegations are denied.

92.     Defendants lack information or knowledge sufficient to form a belief as to the veracity of the vague allegations contained in paragraph 92; therefore, those allegations are denied.

93.     Defendants lack information or knowledge sufficient to form a belief as to the veracity of the vague allegations contained in paragraph 93; therefore, those allegations are denied.

94.     Defendants deny the allegations contained in paragraph 94.

95.     Defendants deny the allegations contained in paragraph 95.

96.     Defendants lack information or knowledge sufficient to form a belief as to the veracity of the allegations contained in paragraph 96; therefore, those allegations are denied.

97.     Defendants deny the allegations contained in paragraph 97.

98.     Defendants deny the allegations contained in paragraph 98.

99.     Defendants deny the allegations contained in paragraph 99.

100.     Defendants admit MultiPlan's "Practitioner Only" logo does not disclose ELAP provides services to the health plan; instead, the MultiPlan "Practitioner Only" logo conveys that the health plan participates in MultiPlan's Practitioner Only network. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 100.

101.     Defendants deny the allegations contained in paragraph 101.

102.     Defendants lack information or knowledge sufficient to form a belief as to the veracity of the allegations contained in paragraph 102; therefore, those allegations are denied.

103.     Defendants lack information or knowledge sufficient to form a belief as to the veracity of the allegations about MultiPlan's knowledge or MultiPlan's efforts to amend its contracts with providers; therefore, those allegations are denied. Defendants deny all remaining allegations contained in paragraph 103.

104.     Defendants lack information or knowledge sufficient to form a belief as to the veracity of the allegations contained in paragraph 104; therefore, those allegations are denied.

105.     Defendants deny the allegations contained in paragraph 105.

106.     Defendants admit that providers, including physicians, that participate in the MultiPlan Practitioner Only network will be reimbursed at the agreed-upon rates by the Plans that also participate in the MultiPlan Practitioner Only network, and that providers, like hospitals, that do not participate in the MultiPlan Practitioner Only network do not have agreed-upon rates with the Plans that participate only in the MultiPlan Practitioner Only network. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 106.

107.     Defendants deny the allegations contained in paragraph 107.

108.    Defendants deny the allegations contained in paragraph 108.

109.    Defendants deny the allegations contained in paragraph 109.

110.    Defendants deny the allegations contained in paragraph 110.

111.    Defendants deny the allegations contained in paragraph 111.

112.    The allegations of paragraph 112 regarding the law concerning the provision of emergency medical services are denied as conclusion of law to which no response is required. To the extent those allegations require a response, they are denied. Insurance cards used by the Plans are documents that speak for themselves and any allegations in paragraph 112 that are inconsistent with the insurance cards are denied. Defendants deny all remaining allegations contained in paragraph 112.

113.    Defendants deny the allegations contained in paragraph 113.

114.    Defendants deny the allegations contained in paragraph 114.

115.    Defendants lack information or knowledge sufficient to form a belief as to the veracity of the allegations contained in paragraph 115; therefore, those allegations are denied.

116.    Defendants deny the allegations contained in paragraph 116.

117.    Defendants deny the allegations contained in paragraph 117.

118.    Defendants deny the allegations contained in paragraph 118.

119.    Defendants lack information or knowledge sufficient to form a belief as to the veracity of the allegations contained in paragraph 119; therefore, those allegations are denied.

120.    Defendants deny the allegations contained in paragraph 120.

121.    Defendants deny the allegations contained in paragraph 121.

122.    Defendants deny the allegations contained in paragraph 122.

123.    Defendants admit that for some of its clients, ELAP decides certain appeals

pursuant to a delegation of authority from the plan administrator. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 123.

124.     Defendants deny the allegations contained in paragraph 124.

125.     Defendants admit that some of ELAP's plans contain a provision providing that in exchange for the ability to appeal directly to the plan as a provider, the provider agrees not to balance bill the patient. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 125.

126.     Defendants deny the allegations contained in paragraph 126.

127.     Defendants admit that some responses to appeals correctly state there is no contract between the provider and the plan. The allegations of paragraph 127 concerning the effect of unspecified PPO participation agreements and unspecified Patient Agreements are denied as legal conclusions to which no response is required. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 127.

128.     Defendants deny the allegations contained in paragraph 128.

129.     Defendants deny the allegations contained in paragraph 129.

130.     Defendants admit that if a provider sends a balance bill to a patient after ELAP has audited the claim, ELAP will pay for representation of the patient. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 130.

131.     Defendants deny the allegations contained in paragraph 131.

132.     Defendants deny the allegations contained in paragraph 132.

133.     Defendants deny the allegations contained in paragraph 133.

134.     The allegations of paragraph 134 concerning the effect of unspecified Patient Agreements are denied as legal conclusions to which no response is required. To the extent that a

response is required, Defendants deny the allegations contained in paragraph 134.

135.    Defendants deny the allegations contained in paragraph 135.

136.    Defendants deny the allegations contained in paragraph 136.

137.    Defendants admit ELAP pays for representation of patients to defend against balance bills under certain circumstances. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 137.

138.    Defendants deny the allegations contained in paragraph 138.

139.    Defendants admit Plaintiff provided certain emergent and non-emergent healthcare services to members of the Plans. Defendants lack information or knowledge sufficient to form a belief as to the veracity of the remaining allegations contained in paragraph 139; therefore, those allegations are denied. Except as specifically admitted herein, Defendants deny all remaining allegations contained in paragraph 139.

140.    Defendants deny the allegations contained in paragraph 140.

141.    The allegations of paragraph 141 are denied as legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 141.

142.    The allegations of paragraph 142 are denied as legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 142.

143.    The allegations of paragraph 143 are denied as legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 143.

144.    The allegations of paragraph 144 are denied as legal conclusions to which no

response is required. To the extent that a response is required, Defendants deny the allegations contained in paragraph 144.

## CLASS ALLEGATIONS

145.    Plaintiff's Amended Complaint speaks for itself; however, Defendants deny a class should be certified or a class action is proper. Defendants deny any allegations contained in paragraph 145.

146.    Plaintiff's Amended Complaint speaks for itself; however, Defendants deny a class should be certified or a class action is proper. Defendants deny any allegations contained in paragraph 146.

147.    Plaintiff's Amended Complaint speaks for itself; however, Defendants deny a class should be certified or a class action is proper. Defendants deny any allegations contained in paragraph 147.

148.    Plaintiff's Amended Complaint speaks for itself; however, Defendants deny a class should be certified or a class action is proper. Defendants deny any allegations contained in paragraph 148.

149.    Plaintiff's Amended Complaint speaks for itself; however, Defendants deny a class should be certified or a class action is proper. Defendants deny any allegations contained in paragraph 149.

150.    Plaintiff's Amended Complaint speaks for itself; however, Defendants deny a class should be certified or a class action is proper. Defendants deny any allegations contained in paragraph 150.

151.    Plaintiff's Amended Complaint speaks for itself; however, Defendants deny a class should be certified or a class action is proper. Defendants deny any allegations contained in

paragraph 151.

152.   Plaintiff's Amended Complaint speaks for itself; however, Defendants deny a class should be certified or a class action is proper. Defendants deny any allegations contained in paragraph 152.

153.   Defendants deny the allegations contained in paragraph 153.

154.   Defendants deny the allegations contained in paragraph 154.

155.   Defendants deny the allegations contained in paragraph 155.

156.   Defendants deny the allegations contained in paragraph 156, including all subparts thereof.

157.   Defendants deny the allegations contained in paragraph 157.

158.   Defendants lack information or knowledge sufficient to form a belief as to the veracity of the allegations contained in paragraph 158; therefore, those allegations are denied.

159.   Defendants lack information or knowledge sufficient to form a belief as to the veracity of the allegations contained in paragraph 159; therefore, those allegations are denied.

160.   Defendants deny the allegations contained in paragraph 160.

161.   Defendants deny the allegations contained in paragraph 161.

162.   Defendants deny the allegations contained in paragraph 162.

163.   Defendants deny the allegations contained in paragraph 163.

164.   Defendants deny the allegations contained in paragraph 164

### CLAIMS FOR RELIEF

### COUNT I

165.   Defendants incorporate by reference their responses to paragraphs 1–164 as if fully set forth herein.

166.   The allegations contained in paragraph 166 are legal conclusions to which no

response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 166.

167.    The allegations contained in paragraph 167 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 167.

168.    The allegations contained in paragraph 168 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 168.

169.    The allegations contained in paragraph 169 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 169.

170.    The allegations contained in paragraph 170 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 170, including all subparts thereof.

171.    The allegations contained in paragraph 171 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 171.

172.    The allegations contained in paragraph 172 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 172.

173.    The allegations contained in paragraph 173 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 173.

174.    The allegations contained in paragraph 174 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 174.

175.    The allegations contained in paragraph 175 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 175.

176.    The allegations contained in paragraph 176 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 176.

177.    The allegations contained in paragraph 177 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 177.

178.    The allegations contained in paragraph 178 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 178.

179.    The allegations contained in paragraph 179 are legal conclusions to which no response is required; to the extent any response is required, Defendants admit the allegations contained in paragraph 179.

180.    The allegations contained in paragraph 180 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 180.

181.    The allegations contained in paragraph 181 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations

contained in paragraph 181.

<u>COUNT II</u>

182.    Defendants incorporate by reference their responses to paragraphs 1–181 as if fully set forth herein.

183.    The allegations contained in paragraph 183 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 183.

184.    The allegations contained in paragraph 184 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 184.

185.    The allegations contained in paragraph 185 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 185.

186.    The allegations contained in paragraph 186 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 186.

187.    The allegations contained in paragraph 187 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 187.

188.    The allegations contained in paragraph 188 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 188.

189.    The allegations contained in paragraph 189 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations

contained in paragraph 189.

190.    The allegations contained in paragraph 190 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 190.

191.    The allegations contained in paragraph 191 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 191.

192.    The allegations contained in paragraph 192 are legal conclusions to which no response is required; to the extent any response is required, Defendants deny the allegations contained in paragraph 192.

Defendants deny any allegations not specifically admitted herein, and deny Plaintiff is entitled to the relief requested in the Prayer for Relief.

<u>**AFFIRMATIVE DEFENSES**</u>

Defendants assert the following Affirmative Defenses to the putative class claims asserted by SBHD of the Amended Complaint:

**FIRST AFFIRMATIVE DEFENSE**

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred because they fail to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred by contract.

**THIRD AFFIRMATIVE DEFENSE**

The claims of SBHD and/or members of the putative classes it purports to represent in the

Amended Complaint under FDUTPA are barred because, *inter alia*, Defendants did not engage in any deceptive or unfair conduct in trade or commerce as to any consumers, SBHD, and/or members of the putative classes that caused any actual damages to any consumers, SBHD, and/or members of the putative classes. Among other things: (1) there was no "deceptive" act or practice since the alleged conduct of Defendants was not likely to mislead any consumers, SBHD, and/or any member of the putative classes acting reasonably in the circumstances, to their detriment; and (2) there was no "unfair" act or practice since the alleged injuries are not substantial, are outweighed by the countervailing benefits to consumers or competition that the practice produces, and are not injuries that consumers, SBHD, and/or members of the putative classes themselves could not reasonably have avoided.

**FOURTH AFFIRMATIVE DEFENSE**

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred because Defendants at all times complied with and did not breach any material terms of any contracts at issue and/or acted within their contractual rights and/or the common law.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred because Defendants did not violate any legal duty to SBHD and/or members of that putative classes.

**SIXTH AFFIRMATIVE DEFENSE**

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred in whole or in part because Defendants at all times acted in good faith and in accordance with reasonable commercial standards and any applicable statutory

requirements and other laws.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred in whole or in part because SBHD and/or members of the putative classes failed to satisfy conditions precedent under the terms of any contracts at issue, including but not limited to their failure to exhaust all available remedies under such contracts.

## EIGHTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred because SBHD and/or the members of the putative classes have not suffered any actual damages.

## NINTH AFFIRMATIVE DEFENSE

SBHD and/or members of the putative classes it purports to represent in the Amended Complaint cannot recover prejudgment interest on their alleged causes of action.

## TENTH AFFIRMATIVE DEFENSE

SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are not entitled to recover statutory penalties, punitive damages, or exemplary damages on their alleged causes of action and/or have failed to allege or show any conduct warranting the imposition of statutory penalties, punitive damages, or exemplary damages.

## ELEVENTH AFFIRMATIVE DEFENSE

SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are not entitled to recover litigation expenses, including but not limited to attorneys' fees, expert witness fees, and costs.

### TWELFTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred in whole or in part by contractual limitations on recourse, liability, and/or damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred in whole or in part because any alleged injuries of SBHD and/or members of the putative classes were not caused by Defendants and/or were caused by the actions or inactions of SBHD, members of the putative classes, and/or third parties, and/or their claims are barred by their own negligence, unreasonableness, imprudence, breaches of contract or other legal duties, mistake, or fraud.

### FOUTEENTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred in whole or in part because the alleged damages or injuries, if any, are speculative and too uncertain to be recoverable.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred in whole or in part by the applicable statutes of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred in whole or in part by the doctrine of laches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the

Amended Complaint are barred in whole or in part by the doctrines of knowledge, waiver, consent, ratification, and/or estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred in whole or in part under the doctrine of unclean hands. For example, SBHD's claims are barred in whole or in part by: its unconscionable, deceptive, and/or unfair trade acts or practices in the conduct of trade or commerce with patients, including its unconscionable, deceptive, and/or unfair contracting, billing, and collection practices; its claims, attempts, and threats to enforce alleged debts against patients when it knew that the alleged debts were not legitimate; and its assertion of the existence of legal rights against patients when it knew that the rights did not exist.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are preempted in whole or in part by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*, including but not limited to under the doctrine of conflict preemption under 29 U.S.C. § 1144(a).

## TWENTIETH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint for injunctive relief are moot or otherwise barred because, *inter alia*, SBHD and/or members of the putative classes have an adequate remedy at law, SBHD and/or members of the putative classes are not aggrieved or injured, there is no real threat of immediate harm, the requested injunctive relief is not in the public interest, and the burdens the requested injunctive relief would impose on Defendants outweigh any benefits that might accrue to SBHD and/or

members of the putative classes.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint for declaratory relief are moot or barred in whole or in part because, *inter alia*, there is no substantial continuing controversy that is real and immediate, and not conjectural, hypothetical, or contingent.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred in whole or in part because SBHD lacks standing to sue individually or on behalf of any putative class.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over the claims asserted by SBHD in the Amended Complaint because it lack standing to sue and/or to pursue class-wide relief under some or all of its claims.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred in whole or in part because SBHD and/or members of the putative classes have not suffered any injury in fact.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred in whole or in part because SBHD and/or members of the putative classes do not have standing.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claims of the members of the putative classes it purports to represent in the Amended Complaint are barred in whole or in part by the doctrines of issue preclusion / collateral estoppel, claim preclusion / res judicata, the Rooker-Feldman doctrine, and/or the first-filed rule.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims of the members of the putative classes it purports to represent in the Amended Complaint are barred in whole or in part by the doctrines of setoff and/or recoupment. Defendants are entitled to set off and/or recoup amounts sufficient to diminish or defeat any recovery based on expenses, costs, losses, or damages incurred by Defendants as a result of the acts, conduct, or omissions of SBHD and/or the members of the putative classes.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred in whole or in part because SBHD and/or members of the putative classes have settled and/or released some or all of their claims.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Court should deny SBHD's request to certify the putative classes it purports to represent with respect to the Amended Complaint because the putative classes are not adequately defined, the putative classes are not ascertainable, and/or the members of the putative classes do not have standing.

## THIRTIETH AFFIRMATIVE DEFENSE

The Court should deny SBHD's request to certify the putative classes it purports to represent with respect to the Amended Complaint because it lacks standing to bring such claims on their behalf and/or to seek the relief it requests on their behalf. Among other things, SBHD does

not have standing to raise nationwide putative class claims under Florida common or statutory law based on transactions and occurrences that did not occur in Florida and/or on behalf of putative class members that do not conduct business in Florida.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The Court should deny SBHD's request to certify the putative classes it purports to represent with respect to the Amended Complaint because the prerequisites of Fed. R. Civ. P. 23(a) are not satisfied here. Among other things: (1) the class is not so numerous that joinder of all members is impracticable; (2) there are no common questions of law or fact; (3) the claims and defenses of SBHD are not typical of the claims and defenses of the class; and/or (4) SBHD and/or his counsel will not fairly and adequately protect the interests of the class.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The Court should deny SBHD's request to certify the putative classes it purports to represent with respect to the Amended Complaint because the requirements of Fed. R. Civ. P. 23(b)(2) are not satisfied here because Defendants have not acted or refused to act on grounds that apply generally to the putative classes and injunctive relief is not appropriate with respect to the class as a whole.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The Court should deny SBHD's request to certify the putative classes it purports to represent with respect to the Amended Complaint because the requirements of Fed. R. Civ. P. 23(b)(3) are not satisfied here. Among other things: (1) any questions of law and fact common to the class members do not predominate over questions affecting only individual members; (2) a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy; (3) it would be in the interests of members of the putative classes to control the

prosecution of separate actions individually and the amounts at stake for individuals are not so small that separate suits would be impracticable; (4) concentrating litigation of some or all of the claims in this forum is undesirable; and (5) the putative classes are not manageable.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred by the First Amendment of the U.S. Constitution, the Noerr-Pennington doctrine, and/or state-law litigation privileges and immunities.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred because Defendants cannot be held liable for asserting, pursuing, and/or exercising its contractual and/or common law rights and/or remedies.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint under FDUTPA are barred because the allegedly improper conduct did not involve trade or commerce, Defendants were not involved in trade or commerce as to SBHD and/or the members of the putative classes, and SBHD and/or the members of the putative classes were not consumers of any goods or services of Defendants.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The claims of certain members of the putative classes SBHD purports to represent in the Amended Complaint are barred in whole or in part because there are not sufficient contacts between the state of Florida and certain purported class members to justify the application of Florida common or statutory law to their putative claims.

## THIRTY-EIGHTHAFFIRMATIVE DEFENSE

The claims of certain members of the putative classes SBHD purports to represent in the Amended Complaint are barred in whole or in part because their claims are subject to an agreement containing a choice of law provision that provides for the application of a different jurisdiction's law.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

The Court does not have jurisdiction over the claims of certain members of the putative classes SBHD purports to represent in the Amended Complaint, and venue is not proper in this Court, because some or all of their claims are subject to an agreement containing a forum selection clause and/or an arbitration agreement. To the extent that Defendants later determine that the claims of SBHD and/or any member of the putative classes are subject to a forum selection clause, they reserve the right to move to dismiss or transfer venue of such claims on that basis. To the extent that Defendants later determine that the claims of SBHD and/or any member of the putative classes are subject to an arbitration agreement, they reserve the right to move to compel arbitration of such claims on that basis.

## FORTIETH AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint for unjust enrichment are barred because one or more contracts determine the rights and remedies of the parties, SBHD and/or the members of the putative classes did not confer a benefit (direct or otherwise) on Defendants, and even if any benefit were conferred on Defendants, Defendants did not have knowledge of any such benefit, Defendants did not accept or retain any such benefit, and it would not be inequitable under the circumstances for Defendants to retain the benefit without paying fair value for it because, *inter alia*, adequate consideration has

already been provided to SBHD and/or the members of the putative classes.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Granting the relief requested by SBHD and/or members of the putative classes it purports to represent in the Amended Complaint would be inequitable and would result in an unjust enrichment to SBHD and/or members of the putative classes.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Certification of the putative class claims proposed by SBHD and adjudication of their claims on a class-wide basis would violate Defendants' due process rights. Among other things, the due process rights of Defendants would be violated unless it is provided an opportunity to take discovery concerning and prepare its affirmative defenses to the individual claims of putative class members, its counterclaims against putative class members, and its claims against impleaded third parties arising from the transactions or occurrences underlying the claims of putative class members.

## FORTY-THIRD AFFIRMATIVE DEFENSE

The claims of SBHD and/or members of the putative classes it purports to represent in the Amended Complaint are barred based on any and all defenses relating to the underlying contracts (including any "patient agreements," healthcare plan documents, or other alleged contracts), quasi-contracts, and/or accounts, including but not limited to:

- some or all of the medical treatment was not provided;

- any medical treatment provided was negligent, inadequate, and/or unnecessary;

- the prices charged are not reasonable and/or the provider has already been paid reasonable fees for the goods and services provided;

- all lawful offsets, credits, and payments have not been applied, and the balance and

charges alleged are not just and true.

- acceptance of prior payments constitutes an accord and satisfaction of the asserted claims;

- the provider is estopped from asserting any claim for relief;

- granting the requested relief would result in unjust enrichment;

- any alleged contract upon which the claims are based is a contract of adhesion and against public policy and, therefore, such contract is unenforceable;

- any alleged contract upon which the claims are based is unenforceable because there was no meeting of the minds;

- any alleged contract upon which the claims are based was obtained through fraudulent inducement or misrepresentation and, therefore, such contract is unenforceable;

- any alleged contract upon which the claims are based is unenforceable under the doctrine of mistake;

- any alleged contract upon which the claims are based was obtained through coercion and/or duress, and/or the patient lacked capacity to execute a valid contract at the time the alleged contract was executed, and is therefore unenforceable and against public policy;

- the claims fail because there was a defect in the alleged agreement which also fails for a lack of consideration;

- the claims are barred based on a lack of material terms in any purported contract upon which the claims are based;

- any alleged contract upon which the claims are based, if enforceable, only obligated

the patient to pay reasonable costs, charges, and/or fees;

- any recovery for the medical goods and services at issue is limited to *quantum meruit*, and the provider has already fully recovered in that amount;

- the terms of any alleged contract upon which the claims are based are unconscionable and against public policy and, therefore, such contract is unenforceable;

- the relief sought is barred by the implied covenant of good faith and fair dealing, which was breached by the provider;

- the claim was not submitted in accordance with the terms of the plan document;

- the provider failed to exhaust all available remedies, including appeals, under the healthcare plan; and

- all other affirmative defenses that are available under the state law applicable to such claims.

## <u>RESERVATION OF RIGHTS</u>

Defendants reserve the right to assert and rely upon such other and further factual and/or legal defenses to class certification and/or the merits, under any and all applicable laws, as may be supported by the facts to be determined in discovery and/or in their investigation of this action. Defendants also reserve the right to assert any claims or defenses they may have against SBHD and/or any member of the putative classes arising. Defendants also reserve the right to implead and assert claims against any third parties who may be liable for any damage alleged by SBHD and/or any member of the putative classes in connection with the transactions or occurrences at issue, in order to provide complete relief and a final adjudication of all claims arising from such transactions or occurrences.

**WHEREFORE**, Defendants respectfully request that the Court dismiss the putative class

claims asserted by SBHD in the Amended Complaint with prejudice, deny SBHD's request for certification of the putative classes it purports to represent (and all associated requests for relief), deny SBHD's requests for injunctive and declaratory relief, enter judgment in Defendants' favor and against SBHD on the Amended Complaint, tax all costs against SBHD, order SBHD to reimburse Defendants for the reasonable attorneys' fees and costs it has incurred in connection with this action, including but not limited to under Fla. Stat. § 501.2105, and grant such other relief as this Court deems just and proper.

Respectfully submitted this 17th day of December, 2020,


**FISHERBROYLES, LLP**                    **AKERMAN LLP**

*/s/ Irene Oria*                          Irene Bassel Frick, Esq.
Robert T. Wright, Jr., Esq.               FL Bar No. 0158739
FL Bar No. 185525                         Gera R. Peoples, Esq.
Irene Oria, Esq.                          FL Bar No. 450022
FL Bar No. 484570                         401 E. Jackson Street, Suite 1700
199 E. Flagler St. #550                   Tampa, FL 33602-5250
Miami, FL 33131                           Phone: (813) 223-7333
Tel.: (305) 536-2838                      Fax: (813) 223-2837
Fax: (305) 536-2838                       irene.basselfrick@akerman.com
robert.wright@fisherbroyles.com           gera.peoples@akerman.com
irene.oria@fisherbroyles.com

Patrick M. Emery, Esq. (*pro hac vice*)
GA Bar No. 821303; PA Bar No. 306672
Kris Alderman, Esq. (*pro hac vice*)
GA Bar No. 179645
945 East Paces Ferry Rd NE, Suite 2000
Atlanta, GA 30326
Tel.: (404) 793-0652
patrick.emery@fisherbroyles.com
kris.alderman@fisherbroyles.com

*Counsel for Defendants ELAP Services, LLC and Group & Pension Administrators, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 17, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record identified on the Service List below.

<u>/s/ <i>Irene Oria</i></u>
Irene Oria, Esq.

## <u>SERVICE LIST</u>

**KOZYAK TROPIN &
THROCKMORTON LLP**

Gail McQuilkin, Esq.
Tal J. Lifshitz, Esq.
Benjamin Jacobs Widlanski, Esq.
Eric S. Kay, Esq.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
gam@kttlaw.com
tjl@kttlaw.com
bwidlanski@kttlaw.com
ekay@kttlaw.com

*Counsel for Plaintiff*

**WOLFE | PINCAVAGE**

Douglas A. Wolfe, Esq.
Danya J. Pincavage, Esq.
Omar Ali-Shamaa, Esq.
2937 SW 27th Ave., Suite 302
Miami, FL 33133
Telephone: (786) 409-0800
doug@wolfepincavage.com
danya@wolfepincavage.com
omar@wolfepincavage.com