**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 20-cv-61007-SINGHAL/VALLE**

SOUTH BROWARD HOSPITAL DISTRICT, D/B/A MEMORIAL HEALTHCARE SYSTEM, on its own behalf and on behalf of other similarly situated healthcare facilities,

    Plaintiff,

v.

ELAP SERVICES, LLC, a Pennsylvania limited liability company, and GROUP & PENSION ADMINISTRATORS, INC., a Texas corporation,

    Defendants.

_____/

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF**
**DOCUMENTS FROM DEFENDANTS**

# INTRODUCTION

This class action concerns an unfair and deceptive scheme designed to steal tens of millions of dollars off the backs of hospitals and healthcare facility providers. Defendants ELAP Services, LLC ("ELAP") and Group & Pension Administrators, Inc. ("GPA") (collectively, "Defendants") work together to systematically underpay healthcare providers in Florida and around the country through ELAP's arbitrary, uniform, and unilateral use of a healthcare claim reimbursement model known as "Reference Based Pricing" — which pays providers a fraction of the reasonable value of their services.

Plaintiff South Broward Hospital District, d/b/a Memorial Healthcare System ("Memorial"), is one such Florida healthcare provider. Memorial's Amended Class Action Complaint alleges that ELAP employs a comprehensive scheme to deceive and frustrate facilities like Memorial from the moment an ELAP plan member enters the facility until the facility attempts to collect payment for providing medical services. For example:

- ELAP fails to disclose its identity and its use of Reference Based Pricing on its insurance cards. Am. Compl ¶¶ 81–107 (D.E. 24).

- ELAP deceives and misleads providers through the claim adjudication process. *Id.* ¶¶ 117–22.

- ELAP reveals itself as the decision maker during the appeal process, but refuses to meaningfully discuss resolution of the claims. *Id.* ¶¶ 123–28.

- ELAP defends patients to obstruct and deter providers' collection efforts. *Id.* ¶¶ 129–33.

On December 3, 2020, this Court denied Defendants' Motion to Dismiss and to Strike Memorial's Class Allegations. *S. Broward Hosp. Dist. v. ELAP Servs., LLC*, 2020 WL 7074645 (S.D. Fla. Dec. 3, 2020) (D.E. 37). The Court held that Memorial's "extensive and detailed argument" as to how Defendants' scheme is unfair and deceptive was "compelling" and raised

"'question[s] of fact for the jury to determine.'" *Id.* at *6 (D.E. 37 at 14). The Court further concluded that Defendants' attempt to dismiss Memorial's class allegations was "premature" because "'the shape and form of a class action evolves only through the process of discovery[.]'" *Id.* at *11 (D.E. 37 at 23).

The Parties have now begun discovery, with an initial discovery cutoff date set for December 17, 2021. (D.E. 41 at 1.) Yet notwithstanding this Court's guidance that the "shape and form" of this case will evolve through the discovery process, in their responses to Memorial's First Requests for Production ("RFP") Defendants assert that they will only produce documents related to Memorial healthcare Claims and will limit, or altogether exclude, the production of documents related to healthcare Claims from non-Memorial facility providers.[1] In other words, Defendants refuse to acknowledge that Memorial is entitled to class discovery.

This threshold objection by Defendants must be resolved before the Parties can meaningfully engage in discovery in this matter, because accepting Defendants' position would make it impossible for Memorial to certify a class. Memorial's allegations are not limited to Defendants' deceit of Memorial. Rather, healthcare providers nationwide in the putative class have been harmed by Defendants' deceptive trade practices. Defendants' artificial limitation of discovery to Memorial Claims only is little more than a back-handed attempt to unilaterally bifurcate class discovery from merits discovery, circumventing the well-established guidance from "'[c]ourts in this and other circuits [that] have recognized that where discovery relating to class issues overlaps substantially [with] merits discovery, bifurcation will result in duplication of efforts and needless line-drawing disputes.'" *MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*,

---

[1] Memorial defines the term "Claim" or "Claims" as "any facility claim that [ELAP or GPA] repriced, processed or reprocessed, and/or administered using Reference Based Pricing." Ex. A at 4.

2017 WL 6411099, at *6 (S.D. Fla. Dec. 14, 2017); *see Cabrera v. Gov't Emps. Ins. Co.*, 2014 WL 2999206, at *8 (S.D. Fla. July 3, 2014) ("[B]ecause the line between 'class issues' and 'merits issues' is practically difficult, if not impossible, to determine[,]" bifurcation of class discovery from merits discovery does not "conserve resources of the parties or the Court."); *see also Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183, 1190 (11th Cir. 2009) (prohibition on merits determinations at Rule 23 stage "'should not be talismanically invoked to artificially limit a trial court's examination of the factors necessary to a reasoned determination'" under Rule 23 (brackets omitted)).

To determine the "shape and form" the class will take, Memorial is "'entitled to the opportunity to explore and obtain information relevant to the Rule 23 requirements . . . in order to meet [its] burden on these issues.'" *Shapiro v. Dynamic Recovery Sols., LLC*, 2018 WL 8130559, at *3 (S.D. Fla. July 26, 2018) (overruling objections to order of Valle, J.). Defendants' objections must be overruled, and Memorial's Motion to Compel should be granted.

## PROCEDURAL HISTORY

Memorial served its First RFPs on Defendants on January 11, 2021.[2] In order to understand the nationwide scope and functioning of Memorial's nationwide scheme, and to identify the actors participating in the scheme, Memorial's First RFPs sought data regarding the Claims at issue in this case, agreements and communications between Defendants and third parties, and documents and communications related to Defendants' use of Reference Based Pricing. And in order to

---

[2] Although Memorial served separate RFPs on ELAP and GPA, the RFPs and Defendants' Responses are substantially identical. Unless otherwise noted, when Memorial references a particular Request or Response by number, Memorial is referring to both the RFPs served on ELAP and the RFPs served on GPA, or to both Responses served by Defendants. Memorial's RFPs to ELAP and GPA are attached as **Exhibit A** and **Exhibit B**, respectively. And ELAP's and GPA's Responses are attached as **Exhibit C** and **Exhibit D**, respectively.

3

understand a key element of Defendants' deception — namely, Defendants' deceptively designed self-funded plan insurance cards — Memorial requested that Defendants produce representative copies of the cards and evidence as to how the cards have changed over time.

On March 19, 2021, Defendants served their Responses to Memorial's RFPs. On April 2, 2021, in an effort to resolve Defendants' objections, Memorial sent a deficiency letter to Defendants outlining Memorial's issues and concerns with Defendants' Responses to Memorial's RFPs. *See* "Memorial's First Letter," attached as **Exhibit E**. On April 7, 2021, the Parties conducted a telephonic meet-and-confer as a follow-up to Memorial's First Letter. The results of that meet-and-confer are memorialized in written correspondence sent by Memorial to Defendants on April 14, 2021. *See* "Memorial's Second Letter," attached as **Exhibit F**. Defendants responded to Memorial's Second Letter on April 21, 2021. *See* "Defendants' April 21 Letter," attached at **Exhibit G**. As reflected in Memorial's Second Letter and Defendants' April 21 Letter, Memorial and Defendants are at an impasse regarding certain threshold objections, requiring this Motion to Compel.

## ARGUMENT

The Federal Rules of Civil Procedure "'strongly favor full discovery whenever possible.'" *Powers v. Target Corp.*, 2020 WL 409534, at *1 (S.D. Fla. Jan. 24, 2020) (Valle, J.). "[W]hen a party objects to discovery, the onus is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome." *Bouzaglou v. Synchrony Fin.*, 2019 WL 3852295, at *2 (S.D. Fla. Aug. 15, 2019) (Valle, J.).

**I.   Defendants' Attempt to Limit Discovery to Non-Memorial Healthcare Claim Documents Is Improper and Unwarranted**

Defendants assert in their Responses to Memorial's RFPs that they will only produce documents related to Memorial Claims and exclude the production of documents related to non-

4

Memorial Claims. *See, e.g.*, RFP Nos. 5, 7, 8, 9, 10, 11, 12, 18, 19, 20, 21, 24, 28, 30, 31, 34; ELAP RFP Nos. 35, 36, 37, 38; GPA RFP Nos. 36, 37, 38, 39. Defendants make these objections across the board to thwart production of documents critical for Memorial to understand the scope of Defendants' scheme and the manner in which the scheme functions.[3]

Defendants' artificial limitation on discovery is improper and unwarranted. Memorial's allegations are not limited to Defendants' deceit of Memorial. Rather, Memorial alleges a deceptive scheme of nationwide reach that is ideally suited for class treatment. The Amended Complaint asserts that ELAP systematically underpays healthcare providers in Florida and around the country through its arbitrary, uniform, and unilateral use of Reference Based Pricing. *See* Am. Compl. ¶¶ 5, 156–57 (D.E. 24). When class members in FDUTPA cases like this one are victims of the same deceptive conduct, as alleged here, classes are regularly certified because, among other things, FDUTPA deals with objective deception — not subjective reliance — so individualized factual issues do not defeat class certification. *See Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 985 (11th Cir. 2016) ("Because a plaintiff asserting a FDUTPA claim 'need not show actual reliance on the representation or omission at issue,' the mental state of each class member is irrelevant." (citation omitted)). Because Memorial seeks to demonstrate Defendants' deception on a national class-wide basis, the scope of Defendants' deceptive conduct goes to the heart of this case. *See ELAP Servs.*, 2020 WL 7074645, at *5 (D.E. 37 at 12) (A FDUTPA plaintiff "'must show that the alleged practice was likely to deceive a consumer acting reasonably in the same

---

[3] Given Defendants' blanket objection, Memorial does not set out each relevant RFP verbatim in this Motion to Compel. *See* S.D. Fla. L.R. 26.1(g)(2) (motions to compel must state "verbatim the specific item to be compelled" except when the motion is "grounded . . . upon assertion of general or blanket objections to discovery").

5

circumstances, rather than actual reliance on the representation or omission at issue.'" (quoting *Carriuolo*, 823 F.3d at 983–84)).

At bottom, Defendants are endeavoring to bifurcate class discovery from merits discovery without a formal motion or court order. But as the Court recognized when it denied Defendants' attempt to "premature[ly]" dismiss Memorial's class allegations, "'the shape and form of a class action evolves only through the process of discovery.'" *Id.* at *11 (D.E. 37 at 23). Further, permitting Defendants to limit discovery as they propose would create perverse incentives. "[I]f district courts as neutral arbiters of the law find the distinction between merits and class issues to be murky at best, and impossible to discern at worst," it is difficult to "imagine how parties with an incentive to hold back damaging evidence[] can properly draw the line between these categories of evidence during 'phased' discovery." *Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, 2011 WL 486123, at *2 (M.D. Fla. Feb. 7, 2011).

Defendants cannot ignore the Court and unilaterally impose their own limitations on class discovery. This Court should therefore compel Defendants to produce documents responsive to Memorial's requests without limiting Defendants' production to Memorial Claims only.

## II.     A Sampling of Non-Memorial Claim Documents is Insufficient

In response to several of Memorial's RFPs, Defendants seek to limit their production to Memorial Claim documents or to produce only a "reasonable" sample of non-Memorial Claim documents responsive to Memorial's requests. This is insufficient. As an initial matter, Defendants take the position that they will not even assist Memorial in developing a sample. At the same time that they demand that it is Memorial's burden to propose a sample, Defendants refuse to provide Memorial with the Claims data necessary to even propose a sample of non-Memorial Claim

documents in the first instance. The Court should not permit Defendants to engage in such stonewalling.

### A. Claims Data

Memorial requested that Defendants produce certain Claims data relating to the Claims at issue in this case. RFP No. 5 asked for "[d]ocuments sufficient to identify all data points on the UB-04, the EDI 835, and the EDI 837 for each of the Claims." Defendants refuse to provide Memorial with data sufficient to identify all non-Memorial Claims, which is a necessary threshold to determining a reasonable sample of non-Memorial Claim documents. Without an understanding of the universe of non-Memorial Claims, Memorial cannot begin to determine — much less productively negotiate with Defendants regarding — a sample of non-Memorial Claims for which Defendants can produce the underlying Claim documents. As reflected in Defendants' April 21 Letter (Ex. G at 2–3), Defendants take this position while also demanding that it is Memorial's obligation to propose a sample of non-Memorial Claim documents. Defendants' objection, then, is designed to prevent a sample from being determined at all. Defendants should not be rewarded for their obstructionism. The Court should therefore overrule Defendants' objections.

### B. Agreements Between Defendants and Third Parties

Memorial requested that Defendants produce certain agreements relevant to its deceptive practices. The agreements are needed to determine who the various actors are that play a role in Defendants' nationwide scheme. RFP No. 7 requested "[a]ny and all agreements between [ELAP and GPA] and the following: (a) [ELAP and GPA], (b) MultiPlan, (c) PHCS, (d) SpringTide Health, (e) Clients, and (f) any law firm retained to defend any of the Clients or Members." Defendants object to this request as irrelevant because it includes non-Memorial Claims. Ex. C. at

9. Defendants nonetheless state that they are willing to produce a sample of non-Memorial agreements. *Id.* at 10. And in RFP No. 8, Memorial requested "[d]ocuments sufficient to identify each healthcare provider who has an agreement with [ELAP or GPA]." Defendants state that they "will not produce agreements with healthcare providers other than [Memorial]." Ex. C at 11. This blanket refusal to produce agreements with non-Memorial providers is unsupportable. Defendants' objections with respect to their agreements with third parties are unavailing and should be overruled.

### C. Communications Between Defendants and Third Parties

Memorial requested that Defendants produce "[a]ll documents and communications between [ELAP and GPA] and anyone, including, but not limited to, the Clients, the Members, [ELAP and GPA], SpringTide, MultiPlan, and/or PHCS related to" certain areas — specifically, "the Claims" (RFP No. 9); "the MultiPlan or PHCS network" (RFP No. 10); and "the Clients" (RFP No. 11). With respect to RFP Nos. 9 and 11, Defendants indicated that they will only produce a sample of non-Memorial Claims. Ex. C at 11–12. And at the Parties' meet-and-confer, Defendants indicated that they would not produce more than a sample of documents responsive to RFP Nos. 9, 10, and 11. Ex. F at 3–4. For the reasons set forth above, Defendants' blanket objections to the production of information as to non-Memorial Claims are unacceptable, as these communications are relevant to determining who the various actors are that play a role in Defendants' nationwide scheme. Defendants' objections should be overruled.

### D. Self-Funded Plan Identification Cards

Memorial seeks production of representative copies of self-funded plan identification cards and documents sufficient to identify changes to these cards over time. Memorial requested

8

"[r]epresentative copies of the Clients' self-funded plan identification cards" (1) that refer to ELAP, GPA, and "Reference-Based Pricing" (RFP No. 18); and (2) that have a MultiPlan and/or PHCS logo (RFP No. 19). Memorial also sought "[d]ocuments sufficient to identify" (a) "all versions of the Clients' self-funded plan identification cards, including, but not limited to, when each version was released or updated" (RFP No. 20); and (b) "all websites listed on the Clients' self-funded plan identification cards, including, but not limited to, when each website was added to the self-funded plan identification card" (RFP No. 21).

Defendants object to each of these requests on the ground that they are "overly broad and seek[] information that is not relevant to any party's claims or defenses because 'Clients' is defined to include Clients [with non-Memorial Claims]." Ex. C at 18–19. But as this Court recognized when it denied Defendants' Motion to Dismiss, Defendants' scheme is driven in large part by their use of deceptive self-funded plan identification cards. *See ELAP Servs.*, 2020 WL 7074645, at \*3, \*5–6 (D.E. 37 at 5–6, 12–14); *see also* Am. Compl. ¶¶ 9, 81–107 (D.E. 24).

At the Parties' meet-and-confer, Defendants stated that they would begin production of cards for Clients with Memorial Claims. Ex. F at 5. However, Defendants did not withdraw their objection with respect to the production of self-funded plan identification cards of Clients with non-Memorial Claims. Then, Defendants' position became less clear in Defendants' April 21 Letter, where Defendants stated that there is no practical way to provide the universe of identification cards used by ELAP plans requested by Memorial. Ex. G at 4. Defendants' objection should be overruled for the reasons set forth above, and Defendants should be compelled to produce responsive documents to Memorial's requests for self-funded plan identification cards.

### E. Miscellaneous Requests Related to Reference Based Pricing

Finally, Memorial requested various categories of documents relating to Defendants' use of Reference Based Pricing. *See* RFP Nos. 28, 30, 31, 34; ELAP RFP Nos. 35, 36, 37, 38; GPA RFP Nos. 36, 37, 38, 39. Defendants again seek to excise production of responsive documents related to non-Memorial Claims, instead offering to negotiate only a sample of non-Memorial Claims. The Court should overrule Defendants' objections for the reasons set forth above.

### III. Defendants Should Be Compelled to Produce Protected Health Information Related to Non-Memorial Claims

In response to a number of Memorial's requests, Defendants state that, for documents related to non-Memorial Claims, Protected Health Information ("PHI") will either not be produced or, if produced, will be de-identified. *See, e.g.*, RFP Nos. 5, 8. However, this Court already rejected Defendants' position when it declined to adopt Defendants' proposed HIPAA-Qualified Protective Order and held that PHI of both Memorial and non-Memorial participants in ELAP- and GPA-administered plans "is relevant and discoverable pursuant to [the Court's HIPAA-Qualified Protective Order], without de-identification of PHI." (D.E. 51.) Accordingly, whenever Defendants produce documents related to non-Memorial Claims, all PHI should be produced without de-identification.

### CONCLUSION

For the foregoing reasons, the Court should grant this Motion to Compel, overrule Defendants' objections, and direct Defendants to produce the documents described above.

**Request for Hearing**

Plaintiff believes a hearing is warranted on this Motion due to the importance of the issues presented to healthcare providers nationwide, and because this case presents a complex multilayered healthcare scheme. A hearing will assist the Court in resolving the issues raised in this Motion. Plaintiff estimates that the Parties will require approximately thirty minutes of argument.

**S.D. Fla. L.R. 7.1(a)(3) Certification of Good Faith Conference**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiff certifies that they conferred with counsel for Defendants by telephone on April 7, 2021, in a good faith effort to resolve the issues raised in this Motion. The Parties were unable to reach a resolution.

Dated: April 23, 2021

Respectfully submitted,

/s/*Benjamin J. Widlanski*
**Gail McQuilkin, Esq.**
gam@kttlaw.com
Fla. Bar No. 969338
**Benjamin J. Widlanski, Esq.**
bwidlanski@kttlaw.com
Florida Bar No. 1010644
**Tal J. Lifshitz, Esq.**
tjl@kttlaw.com
Fla. Bar No. 99519
**Eric S. Kay, Esq.**
ekay@kttlaw.com
Fla. Bar No. 1011803
**Frank A. Florio, Esq.**
fflorio@kttlaw.com
Fla. Bar No. 1010461

**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
(305) 372-1800

/s/ *Douglas A. Wolfe*
**Douglas A. Wolfe, Esq.**
doug@wolfepincavage.com
Fla. Bar No. 28671
**Danya J. Pincavage, Esq.**
danya@wolfepincavage.com
Fla. Bar No. 14616
**Omar Ali-Shamaa, Esq.**
omar@wolfepincavage.com
Fla. Bar No. 121461

**WOLFE | PINCAVAGE**
2937 SW 27th Ave., Suite 302
Miami, FL 33133
(786) 409-0800

*Counsel for Plaintiff*