# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| **SOUTH BROWARD HOSPITAL** | : | |
| **DISTRICT, D/B/A/ MEMORIAL** | : | |
| **HEALTHCARE SYSTEM,** | : | |
| on its own behalf and on behalf of other | : | Case No. 0:20-cv-61007-AHS |
| similarly situated healthcare facilities, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| **ELAP SERVICES, LLC and GROUP &** | : | |
| **PENSION ADMINISTRATORS, INC.,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT GROUP & PENSION ADMINISTRATORS, INC'S RESPONSE TO
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, Defendant, Group & Pension Administrators, Inc. ("GPA"), through undersigned counsel, responds to Plaintiff's First Request for Production to Defendant ELAP Services, LLC (the "Requests") served by Plaintiff, South Broward Hospital District d/b/a/ Memorial Healthcare System ("SBHD").

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

The following objections to the "Definitions and Instructions" accompanying the Requests are incorporated into each response to each Request set forth below as if fully set forth therein:

1.     Defendant objects to the Definitions and Instructions accompanying the Requests to the extent that they seek to impose obligations different from those required by the Federal Rules of Civil Procedure, the applicable Local Rules, and governing law.  This objection applies to the Instructions concerning, *inter alia*, the production of ESI, assertions of privilege, identification of lost/destroyed/missing          documents,          redaction/excerpting,          the          production          of

drafts/duplicates/versions of documents, and the identification of documents responsive to the Requests.

2.     Defendant objects to the Instructions and Definitions accompanying the Requests to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

3.     Defendant objects to each of the Definitions to the extent the Definition broadens the Requests to seek information that is not relevant to the parties' claims or defenses.

4.     Defendant objects to the definitions of "you," "your," "GPA," "ELAP," and "Defendants" insofar as they seek to impose an obligation to produce documents that are not within the possession, custody, or control of Defendant.

5.     Defendant objects to the definitions of "document" because the same word is defined at least twice and in different ways. Defendant objects to the definitions of "document" or "documents" to the extent the definition conflicts with the ESI protocol negotiated by the parties or other agreements concerning the scope of the production between the parties. Defendant objects to the definition of "document" or "documents" insofar as it is defined to include text messages, SMS messages, and "chats." Defendant objects to the definition of "document" or "documents" insofar as it purports to include drafts and other non-final versions of documents. Defendant objects to the definition of "document" or "documents" insofar as it purports to require production not merely of documents but "all other materials necessary to use or interpret" documents.

6.     Defendant objects to the definition of "communication" or "communications" to the extent those words are defined to include a "computer-generated message," including but not limited to text messages, SMS messages, "chats," Slack messages, or other similar instant messaging applications.

7.    Defendant objects to the definition of "Memorial" insofar as the definition includes not only Plaintiff, but also its "present and former officers, directors, principals, agents, employees, accountants, attorneys, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, accountants, attorneys and independent contractors"—many, if not most, of whom are unknown to Defendant.

8.    Defendant objects to the definitions of "MultiPlan," "PHCS," "SpringTide Health," and "Affiliate" or Affiliates" insofar as they seek to impose an obligation to produce documents that are not within the possession, custody, or control of Defendant and include persons, individuals, partnerships, associations, or other entities that are unknown to Defendant.

9.    Defendant objects to the instructions concerning the redaction or excerpting of documents, and reserves its right to redact or exclude from its production any information that is, *inter alia*, not relevant to any party's claims or defenses, privileged in any manner, subject to protection by law, and/or a trade secret.

10.    Defendant's responses to these Requests are expressly made without waiving its defense of ERISA preemption.

11.    Defendant's investigation of this matter and discovery are ongoing. Defendant reserves its right to supplement and/or amend its Responses to the Requests.

12.    Unless otherwise agreed, Defendant's production of documents will be limited to the Parties' agreed upon timeframe of January 1, 2016, to the present.

13.    Defendant's production of ESI will be made pursuant to the Parties' ESI Protocol dated March 5, 2021.

14.    Defendant's production of any confidential information in response to the Requests will be made pursuant to the Confidentiality Stipulation and Protective Order [D.E. 42, 43.]

15.     Defendant's production of any Protected Health Information ("PHI") will be made pursuant to a "HIPAA" order to be negotiated by the Parties and entered by the Court.

16.     Given the significant volume of documents, data, and other information requested by Plaintiff, Defendant's productions of responsive documents will be made on a rolling basis with an estimate timeframe to be provided once Defendant performed its searches for and collection of potentially responsive, non-privileged documents as indicated.

<u>**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**</u>

**I.      ORGANIZATIONAL INFORMATION**

1.      Documents sufficient to identify all of GPA's subsidiaries, affiliates, owners, shareholders, and officers.

**<u>RESPONSE:</u>** Defendant objects to this Request to the extent it seeks information that is not relevant to any party's claims or defenses. Defendant objects to this Request insofar as the information sought through this Request is more properly requested through an interrogatory rather than a request for production. Defendant objects to this Request because it seeks information that has changed several times over the course of nearly six years, making compliance with the Request overly broad, unduly burdensome, and disproportionate to the needs of the case because it would be excessively time-consuming, if even possible, to locate documents containing the requested information.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce non-privileged documents sufficient to identify Defendant's current subsidiaries, affiliates, owners, shareholders, and officers.

2.      Any licenses, certificates, and/or credentials that GPA holds.

**RESPONSE:** Defendant objects to this Request because it is vague and ambiguous. Specifically, "credentials" can be defined in many ways to include very generic attributes or qualifications; however, it is unclear how Plaintiff intended to use the word "credentials." Defendant is unaware of a technical or specialized meaning of "credentials" that would make the Request relevant to any party's claims or defenses; therefore, Defendant objects to the Request because "credentials" makes the request overly broad, disproportionate to the needs of the case, and not relevant to any party's claims or defenses. Use of the word "certificates" is also vague and ambiguous. Defendant interprets "certificates" to mean professional or business certifications; however, coupled with Plaintiff's definition of GPA to include "its present and former officers, directors, principals, agents, employees, accountants, attorneys, independent contractors, parents, subsidiaries, divisions, and affiliates, and their respective present and former officers, directors, principals, agents, employees, accountants, attorneys and independent contractors," the Request is overly broad, unduly burdensome, and disproportionate to the needs of the case. The use of the word "licenses" is also vague and ambiguous. Defendant interprets it to mean business and other professional licenses held by the corporation GPA.

Subject to and without waiving any objection, Defendant will produce business and other professional licenses held by the Defendant. Defendant is not presently aware of any specific non-privileged documents that are being withheld based on the foregoing objections because any such documents are beyond the scope of what it has agreed to search for and produce, but it is likely that there are non-privileged responsive documents that are withheld based on the foregoing objections.

3.      Documents sufficient to identify the relationship between ELAP and GPA.

**ANSWER:** Defendant objects to this Request because it is vague and ambiguous. Specifically, "relationship" could mean several things in many different contexts in this case. Defendant interprets this request to seek documents sufficient to identify the corporate relationship between ELAP and GPA.

Subject to and without waiving any objection, Defendant will produce documents sufficient to identify the corporate relationship between ELAP and GPA.

4.      Any regulatory submissions filed with the U.S. Department of Labor and/or any state insurance agency.

**ANSWER:** Defendant objects to this Request because it is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defense. Specifically, the Request is not limited to regulatory submissions filed by Defendant or concerning Defendant. Similarly, the Request is not limited to any particular subject matter that might make the Request relevant to this case. Defendant also objects to the Request because the phrase "regulatory submissions" is vague and ambiguous.

Subject to and without waiving any objection, Defendant is not required to make any regular or periodic submissions to the U.S. Department of Labor; therefore, Defendant is not in the possession, custody, or control of any such documents. Defendant is required to obtain licenses in many states, and Defendant has already agreed to produce those licenses in connection with Request for Production 2. Those licenses may be responsive to this Request as well. Defendant is not presently aware of any specific non-privileged documents that are being withheld based on the foregoing objections because any such documents are beyond the scope of what it has agreed to

search for and produce, but it is likely that there are non-privileged responsive documents that are withheld based on the foregoing objections.

## II.     CLAIMS DATA

5.      Documents sufficient to identify all data points on the UB-04, the EDI 835, and the EDI 837 for each of the Claims.

**RESPONSE:** Defendant objects to this Request because "Claims" is defined to include any facility claim Defendant "repriced, processed or reprocessed, and/or administered using Reference Based Pricing." This includes hundreds of thousands of claims across the country. The Request appears to request the UB-04, EDI 835, and EDI 837 for every single claim processed by Defendant since May 1, 2015, on behalf of client that uses a Reference Based Pricing methodology. The Request is not limited to claims incurred at SBHD facilities, within the state of Florida, or in any other way. Compliance with this Request would be prohibitively costly and time-consuming such that the Request is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses.

Subject to and without waiving any objection, Defendant will produce any UB-04, EDI 835, and EDI 837 in its possession, custody, or control for any facility claim incurred at SBHD facilities on or after January 1, 2016, that was audited, repriced, or otherwise adjudicated by Defendant ("SBHD Claims"). Additionally, Defendant is open to negotiating an agreement to produce a reasonable sample of UB-04, EDI 835, and EDI 837 documents related to facility claims incurred at non-SBHD facilities on or after January 1, 2016, that were audited, repriced, or otherwise adjudicated by Defendant ("Non-SBHD Claims"); however, Defendant will de-identify PHI contained in Non-SBHD Claims.

6.      Documents sufficient to identify any Claim that the Clients paid additional monies on after a healthcare provider appealed the Claim, including, but not limited to, all Claims that GPA authorized the payment of additional monies on after a healthcare provider appealed the Claim.

**RESPONSE:** Defendant objects to the Request because it is vague and ambiguous. Defendant interprets this Request to seek documents sufficient to identify any claim for which a health care provider filed a formal appeal with the health plan for additional payment, where such appeal was based on Defendant's determination of medical necessity, and Defendant determined that additional payment was appropriate pursuant to the health care provider's appeal. Insofar as this Request seeks additional documents, Defendant objects to the request as vague and ambiguous, overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses. Defendant objects to this because it is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses to the extent it seeks information about Non-SBHD Claims. Searching for documents responsive to this Request requires a manual search that is time- and cost-prohibitive when Non-SBHD Claims are included.

Subject to and without waiving any objection, Defendant will produce documents sufficient to identify any SBHD Claim for which SBHD filed a formal appeal with the health plan for additional payment, where such appeal was based on Defendant's determination of medical necessity, and Defendant determined that additional payment was appropriate pursuant to SBHD's appeal.

### III.    AGREEMENTS

7.      Any and all agreements between GPA and the following: (a) ELAP, (b) MultiPlan, (c) PHCS, (d) SpringTide Health, (e) Clients, and (f) any law firm retained to defend any of the Clients or Members.

**RESPONSE:** Defendant objects to this Request to the extent it seeks drafts, non-final, or other unexecuted agreements. Defendant objects to this request to the extent it seeks documents that are not relevant to any party's claims or defenses. Defendant objects to this request to the extent it seeks agreements between Defendant and attorneys for the provision of legal services because such documents are protected from disclosure by the attorney-client privilege. Defendant objects to this Request insofar as it seeks agreements with every client Defendant has had since May 1, 2015, regardless of whether the client is a current client and regardless of whether the client incurred any SBHD Claims; therefore, this Request is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses. Defendant objects to this requests as overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses because the definitions of Clients and Members include Defendant's clients who have never incurred claims at SBHD facilities ("Clients Without SBHD Claims") and health plan members who have never incurred claims at SBHD facilities ("Members Without SBHD Claims").

Subject to and without waiving any objection, Defendant will produce its agreements with ELAP, MultiPlan, and PHCS that were in effect after January 1, 2016, and govern the services provided to Clients. Defendant does not have any agreement with SpringTide. Defendant will produce agreements between Defendant and its clients whose members have incurred claims at

SBHD ("Clients With SBHD Claims"). Defendant is open to negotiating production of a reasonable sample of agreements between Defendant and Clients Without SBHD Claims. Defendant will not produce and will instead withhold on the basis of attorney-client privilege any agreements between Defendant and any law firm Defendant has paid to defend a Client or Member.

8.      Documents sufficient to identify each healthcare provider who has an agreement with GPA.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous. Specifically, "agreement" could mean a preferred provider type agreement that contains negotiated reimbursement rates. The contents of these types of agreements are typically confidential and prohibit disclosure; moreover, these agreements are not relevant to any party's claims or defenses. Alternatively, "agreement" could mean any type of agreement whatsoever between ELAP and any healthcare provider, including non-facilities, healthcare providers located anywhere in the country, agreements pertaining to any subject matter whatsoever. Accordingly, Defendant objects to this Request because it is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses. Defendant further objects to the extent the Request seeks agreements containing PHI of Members Without SBHD Claims. Defendant is not permitted to disclose PHI of Patients Without SBHD Claims.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce any agreements between Defendant and Plaintiff in effect after May 1, 2015; however, pursuant to the objections noted above, Defendant will not produce agreements with healthcare providers other than Plaintiff.

## IV.    COMMUNICATIONS

9.    All documents and communications between you and anyone, including, but not limited to, the Clients, the Members, ELAP, SpringTide, MultiPlan, and/or PHCS related to the Claims.

**RESPONSE:** Defendant objects to this Request because it is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses. The Request seeks all documents and communications related to the Claims, which is broadly defined as any claim ever repriced, processed or reprocessed, or administered by Defendant. This Request implicates all claims handled by Defendant anywhere in the country and further seeks every document and communication related to the claims. Producing every document and communication related to every single claim handled by Defendant would be prohibitively expensive and time-consuming. Defendant objects to this Request to the extent that it seeks documents and communications that may be protected from disclosure by the attorney-client privilege, attorney work product doctrine, or the common interest privilege. Defendant objects to this Request insofar as the request seeks documents created or prepared in anticipation of litigation.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce non-privileged documents and communications in its possession, custody, or control related to SBHD Claims. Defendant is open to negotiating production of a reasonable sample of documents and communications in its possession, custody, and control related to Non-SBHD Claims.

11

10. All documents and communications between you and anyone, including, but not limited to, the Clients, the Members, ELAP, SpringTide, MultiPlan, and/or PHCS related to the MultiPlan or PHCS network.

**RESPONSE:** Defendant objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or the common-interest privilege. Defendant objects to this Request to the extent it seeks information prepared or created in anticipation of litigation. Additionally, the Request is not limited to documents or communications pertinent to the subject matter of the case or relevant to the claims or defenses of any party.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce non-privileged documents and communications in its possession, custody, or control. Defendant is open to negotiating an agreed upon list of ESI search terms with Plaintiff for purposes of conducting the aforementioned search.

11. All documents and communications between you and anyone, including, but not limited to, the Members, GPA, SpringTide, ELAP, MultiPlan, and/or PHCS related to the Clients.

**RESPONSE:** Defendant objects to this Request because it is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses. Specifically, the Request is not limited to Clients With SBHD Claims. Additionally, the Request is not limited to documents or communications pertinent to the subject matter of the case or relevant to the claims or defenses of any party. Defendant objects to this Request to the extent that it seeks documents and communications that may be protected from disclosure by the attorney-client privilege, attorney work product doctrine, or the common interest

privilege. Defendant objects to this Request insofar as the request seeks documents created or prepared in anticipation of litigation.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce non-privileged documents and communications related to Clients With SBHD Claims and subject matter at issue in this case. Defendant is not presently aware of any specific non-privileged documents or communications related to Clients With SBHD Claims that are being withheld based on the foregoing objections because any such documents are beyond the scope of what it has agreed to search for and produce, but it is likely that there are non-privileged responsive documents that are withheld based on the foregoing objections. Defendant is open to negotiating production of a reasonable sample of documents and communications related to Clients Without SBHD Claims.

12.     All internal communications referring or relating to (a) "Reference-Based Pricing," (b) the Clients' self-funded plan identification cards, (c) the "allowed amount," and (d) obtaining elective services from healthcare providers.

**RESPONSE:** Defendant objects to this Request because it is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses. Specifically, the Request is not limited to communications related to Clients With SBHD Claims, SBHD Claims, or Members With SBHD Claims. Moreover, all communications referring to relating to "allowed amounts" or "Reference Based Pricing" would include all communications about auditing of claims, including Non-SBHD Claims, anywhere in the country. Similarly, communications referring or relating to obtaining elective services from healthcare providers would include all communications about claims other than

13

emergency claims. The Request seeks information that is general or strategic, as well as claim-specific communications. Defendant objects to this Request to the extent that it seeks documents and communications that may be protected from disclosure by the attorney-client privilege, attorney work product doctrine, or the common interest privilege. Defendant objects to this Request insofar as the request seeks documents created or prepared in anticipation of litigation. Defendant objects to this Request because it is actually four separate, unrelated requests.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce non-privileged, high-level communications concerning "Reference Based Pricing" and identification cards. Defendant is open to negotiating an agreed upon list of ESI search terms with Plaintiff for purposes of conducting the aforementioned search. Defendant is not presently aware of any specific non-privileged documents responsive to this request that are being withheld based on the foregoing objections because any such documents are beyond the scope of what it has agreed to search for and produce, but it is likely that there are non-privileged responsive documents that are withheld based on the foregoing objections.

## V.    POLICIES AND PROCEDURES

13.    All policies, procedures, and guidelines relating to the following areas: (a) GPA's appeals processes, (b) the processing, payment, pricing, and/or repricing of the Claims, (c) processing, payment, pricing, and/or repricing of claims for physicians who participate in MultiPlan's or PHCS's network, (d) patient specific agreements, letters of agreement, single-case agreements, or such other agreements similar in form between GPA and/or SpringTide and any healthcare provider for elective services, (e) the Clients and any healthcare provider for elective services, (f) the settlement of a payment dispute for claims submitted by any healthcare provider type, (g) GPA's authorization of medical services, (h) any calls, recordings, and/or verbal communications between GPA and any healthcare provider, (i) the Clients' self-funded plan identification cards, and/or (j) GPA's "Nurse Navigator," "Benefit Advocate," or "Member Advocate" programs.

**RESPONSE:** Defendant objects to this Request because it is overly broad and seeks information that is not relevant to any party's claims or defenses. Defendant objects to this request to the extent it seeks drafts, non-final versions, or unimplemented policies. Defendant objects to this Request because it is vague and ambiguous. Specifically, the Request is unclear as to whether it seeks official, implemented policies, procedures, and guidelines or whether it seeks any document whatsoever that could be construed as a statement of policy, procedure, or guideline. Because the latter request would be unreasonably burdensome and disproportionate to the needs of the case, Defendant construes this Request to seek official, implemented policies, procedures, and guidelines.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce non-privileged, responsive documents in its possession, custody, or control.

## VI.    ADVERTISING AND MARKETING

14.    Representative copies of advertising or marketing material you used or currently used to market or advertise your services to self-funded health plans, Members, or prospective Members, including, but not limited to, brochures, catalogs, power point presentations, and/or white papers.

**RESPONSE:** Defendant objects to this Request to the extent it seeks drafts or other non-final documents. Defendant objects to this Request because the definition of Members is overly broad. Defendant objects to the Request because it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce non-privileged, representative copies of responsive documents in its possession, custody, or control.

15.    Representative copies of advertising or marketing material related to (a) "Reference-Based Pricing," (b) GPA's ability to save employers and self-funded health plans money by using "Reference-Based Pricing," and/or (c) balance billing.

**RESPONSE:** Defendant objects to this Request because it is duplicative of other Requests. Defendant objects to this Request to the extent it seeks drafts or other non-final documents. Defendant objects to the Request because it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce non-privileged, representative copies of responsive documents in its possession, custody, or control.

16.     Any and all marketing studies and profitability studies referring to "Referenced-Based Pricing."

**RESPONSE:** Defendant objects to this Request because it is vague and ambiguous. Defendant interprets "marketing studies" in the context of this Request to mean research concerning the effectiveness of advertising or marketing of Reference Based Pricing. Defendant interprets "profitability studies" in the context of this Request to mean research about the profitability of Reference Based Pricing generally. Defendant objects to the Request to the extent it seeks information concerning Defendant's profitability because such information is not relevant to any party's claims or defenses

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce any non-privileged, responsive documents, if they exist. Defendant is not presently aware of any specific non-privileged documents responsive to this request that are being withheld based on the foregoing objections, but it is likely that there are non-privileged responsive documents that are withheld based on the foregoing objections if the Request is intended to seek documents reflecting Defendant's profitability.

17.     Any and all agreements with marketing or advertising agencies

**RESPONSE:** Defendant objects to this Request because it seeks information that is not relevant to any party's claims or defenses. Defendant objects to this Request to the extent it seeks draft or other non-final documents.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce responsive documents in its possession, custody, or control.

17

## VII.    SELF-FUNDED PLAN IDENTIFICATION CARDS

18.    Representative copies of the Clients' self-funded plan identification cards that refer to (a) ELAP, (b) GPA, and (c) "Reference-Based Pricing."

**RESPONSE:** Defendant objects to this Request because it is overly broad and seeking information that is not relevant to any party's claims or defenses because "Clients" is defined to include Clients Without SBHD Claims.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce copies of identification cards used by Members With SBHD Claims that are within its possession, custody, or control. Such cards may or may not refer to ELAP, GPA, and/or Reference Based Pricing. Defendant is willing to negotiate production of a reasonable sample of identification cards used by Clients Without SBHD Claims that are in its possession, custody, or control. Such cards may or may not refer to ELAP, GPA, and/or Reference Based Pricing.

19.    Representative copies of the Clients' self-funded plan identification cards that have a MultiPlan and/or PHCS logo.

**RESPONSE:** Defendant objects to this Request because it is overly broad and seeking information that is not relevant to any party's claims or defenses because "Clients" is defined to include Clients Without SBHD Claims.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce copies of identification cards used by Members With SBHD Claims that are within its possession, custody, or control. Such cards may or may not contain a MultiPlan or PHCS logo. Defendant is willing to negotiate production of a reasonable sample of identification cards used by

Clients Without SBHD Claims that are in its possession, custody, or control. Such cards may or may not contain a MultiPlan or PHCS logo.

20. Documents sufficient to identify all versions of the Clients' self-funded plan identification cards, including, but not limited to, when each version was released or updated.

**RESPONSE:** Defendant objects to this Request because it is an interrogatory disguised a Request for Production. Defendant objects to this Request because it is overly broad and seeking information that is not relevant to any party's claims or defenses because "Clients" is defined to include Clients Without SBHD Claims.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce documents sufficient to identify all versions of the identification cards used by Clients With SBHD Claims since January 1, 2016, to the extent that any such document exists and are in its possession, custody, or control.

21. Documents sufficient to identify all websites listed on the Clients' self-funded plan identification cards, including, but not limited to, when each website was added to the self-funded plan identification card

**RESPONSE:** Defendant objects to this Request because it is an interrogatory disguised a Request for Production. Defendant objects to this Request because it is overly broad and seeking information that is not relevant to any party's claims or defenses because "Clients" is defined to include Clients Without SBHD Claims. Defendant objects to this Request because it is duplicative, unduly burdensome, and disproportionate to the needs of the case. Specifically, Defendant will produce versions of identification cards used by Clients With SBHD Claims and Members with

SBHD Claims in their possession, custody, or control, and will produce a reasonable sample of representative copies of identification cards used by Clients Without SBHD Claim in their possession, custody, or control. Those identification cards themselves will necessarily—and by definition of the Request—identify the websites listed thereon. Beyond production of the identification cards themselves, no further documents are necessary to identify the websites listed on those cards.

## VIII.   CALL LOGS AND SCRIPTS

22.     Any and all documents and/or scripts GPA used or currently uses during its calls and/or verbal communications with (a) any healthcare provider, (b) the Clients, and (c) the Members.

**RESPONSE:** Defendant objects to this Request because it is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses. Defendant likely engages in hundreds of calls and verbal communications each day, and each call likely involves the use of one or more documents related to the subject matter of the phone call. Determining the particular documents used in connection with all calls or verbal communications made since May 1, 2015, is likely impossible, but, at a minimum, cost and time prohibitive. Defendant objects to the Request because it appears to be using the word "verbal" incorrectly. "Verbal" means in the form of words, whether written or spoken. This Request and Requests 23 and 24 appear to incorrectly use "verbal" in place of "oral," which means spoken rather than written; accordingly, Defendant has interpreted this Request to involve "oral communications." If the Request intended to use the word "verbal" rather than "oral," then the Request pertains to millions of additional written communications, making the Request

even more broad, burdensome, and disproportionate. Defendant objects to this Request to the extent it seeks drafts or other non-final documents. Defendant objects to this Request because the definition of Clients and Members is overly broad. Defendant objects to the Request because it seeks information that is not relevant to any party's claims or defenses. Defendant objects to this Request to the extent that it seeks documents and communications that may be protected from disclosure by the attorney-client privilege, attorney work product doctrine, or the common interest privilege. Defendant objects to this Request insofar as the request seeks documents created or prepared in anticipation of litigation.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce Standard Operating Procedures and scripts related to Defendant's phone calls or oral communications with healthcare providers, Clients, and Members. Defendant is not presently aware of any specific non-privileged documents responsive to this request that are being withheld based on the foregoing objections because any such documents are beyond the scope of what it has agreed to search for and produce, but it is likely that there are non-privileged responsive documents that are withheld based on the foregoing objections.

23.     Documents sufficient to identify when GPA began recording its calls and/or verbal communications with healthcare providers and/or its Clients.

**RESPONSE:** Defendant objects to this request because it is an interrogatory disguised as a document request. Defendant objects to the Request because it appears to be using the word "verbal" incorrectly. "Verbal" means in the form of words, whether written or spoken. This Request and Requests 22 and 24 appear to incorrectly use "verbal" in place of "oral," which means spoken rather than written; accordingly, Defendant has interpreted this Request to involve "oral

communications." If the Request intended to use the word "verbal" rather than "oral," then the Request is nonsensical insofar as it seeks to discover when Defendant began recording written communications.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and will produce any non-privileged documents that identify when Defendant began recording its calls and/or oral communications with healthcare providers, Members, and/or its Clients, to the extent that any such document exists and are in its possession, custody, or control.

24.     All call logs or recording or any verbal communications regarding the Claims between you, and (a) any healthcare provider, (b) the Members, and (c) the Clients.

**RESPONSE:** Defendant objects to this Request because it is vague and ambiguous. Specifically, the Request appears to contain one or more typographical or grammatical errors. Defendant objects to the Request because it appears to be using the word "verbal" incorrectly. "Verbal" means in the form of words, whether written or spoken. This Request and Requests 23 and 24 appear to incorrectly use "verbal" in place of "oral," which means spoken rather than written; accordingly, Defendant interprets this Request to seek call logs or recordings of oral communications. The Request is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses. The Request seeks to discover records of oral communications with all healthcare providers, Members, and Clients rather than only SBHD facilities, Clients With SBHD Claims, and Members With SBHD Claims. To the extent the Request is intended to relate to "verbal" communications, it is even more broad, burdensome, and disproportionate. Defendant objects to this Request to the extent that it seeks documents and communications that may be protected from disclosure by the

attorney-client privilege, attorney work product doctrine, or the common interest privilege. Defendant objects to this Request insofar as the request seeks documents created or prepared in anticipation of litigation.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce any non-privileged documents, including recordings, of oral communications between Defendant and (1) SBHD, (2) Clients With SBHD Claims, and (3) Members With SBHD Claims. Defendant will not produce documents, including recordings, of oral communications between Defendant and (1) Non-SBHD facilities, (2) Clients Without SBHD Claims, or (3) Members Without SBHD Claims. Defendant is open to negotiating production of a reasonable sample of documents, including recordings, of oral communications between Defendant and (1) Non-SBHD facilities, (2) Clients Without SBHD Claims, or (3) Members Without SBHD Claims.

## IX.    OTHER COMPLAINTS

25.    Documents sufficient to identify any complaints filed against GPA wherein GPA's actions, practices, and/or methods were alleged to be unfair, unconscionable, and/or deceptive.

**RESPONSE:** Defendant objects to this Request because it is vague and ambiguous. Defendant interprets "complaints," as used in this Request, by adopting its technical, legal definition, *i.e.*, the initial pleading that starts a civil action. Defendant objects to this Request because it is overly broad and seeking information that is not relevant to any party's claims or defenses. The request is not limited to actions, practices, and/or methods relevant to the subject matter of this case. Defendant objects to the Request to the extent it falsely presumes Defendant engaged in actions, practices, and/or methods alleged in any complaints filed against it. Defendant

objects to this Request as seeking pleadings that are publicly available and equally accessible to Plaintiff.

Subject to and without waiving any objection, Defendant will produce complaints that allege Defendant engaged in unfair, unconscionable, and/or deceptive actions, practices, and/or methods.

26.     Any and all complaints filed against GPA with any state or federal agency, department, political subdivision, court of law, and/or municipality.

**RESPONSE:** Defendant objects to this Request because it is vague and ambiguous. Defendant interprets "complaints," as used in this Request, by adopting its technical, legal definition, i.e., the initial pleading that starts a civil action. Defendant objects to this Request because it is overly broad and seeking information that is not relevant to any party's claims or defenses. The Request is not limited to complaints relevant to the subject matter of this case. Defendant objects to this request as seeking pleadings that are publicly available and equally accessible to Plaintiff.

Subject to and without waiving any objection, Defendant will produce complaints filed against GPA. Defendant is not presently aware of any specific non-privileged documents responsive to this request that are being withheld based on the foregoing objections because any such documents are beyond the scope of what it has agreed to search for and produce, but it is likely that there are non-privileged responsive documents that are withheld based on the foregoing objections.

27.     Documents sufficient to identify any informal or formal complaints against GPA's use of Referenced-Based Pricing.

**RESPONSE:** Defendant objects to this Request because it is vague and ambiguous. Defendant interprets "informal or formal complaints" to mean any statement of dissatisfaction; however, this interpretation, which Defendant believes is the best interpretation in context of the Request, renders the Request overly broad, unduly burdensome, and disproportionate to the needs of the case. Defendant does not separately maintain or inventory statements of dissatisfaction; therefore, identifying and collecting any information or formal complaint would require the manual review of each and every one of Defendant's files. Every instance of a hospital objecting to or disputing the allowable claim limit determined by Defendant could be construed as an informal or formal complaint against ELAP's use of reference based pricing. All such statements of dissatisfaction are not relevant to any party's claims or defenses. Defendant objects to this Request to the extent that it seeks documents and communications that may be protected from disclosure by the attorney-client privilege, attorney work product doctrine, or the common interest privilege. Defendant objects to this Request insofar as the request seeks documents created or prepared in anticipation of litigation.

Subject to and without waiving any objection, Defendant will produce complaints, defined as the initial pleadings that start a civil action, against ELAP's use of Reference Based Pricing. Defendant is not presently aware of any specific non-privileged documents responsive to this request that are being withheld based on the foregoing objections because any such documents are beyond the scope of what it has agreed to search for and produce, but it is likely that there are non-privileged responsive documents that are withheld based on the foregoing objections.

## X.    MISCELLANEOUS

28.    The specific methodology, including supporting data or other documentation, used to set or determine the payment of the Claims, including calculation of patient responsibility amounts, and/or the "allowed amount."

**RESPONSE:** Defendant objects to this Request because it is vague and ambiguous. Specifically, the phrase "including supporting data or other documentation" does not make sense in connection with the specific methodology used to determine payment of claims. Defendant does not understand to what "supporting data or other documents" the Request refers. Additionally, the Request is vague and ambiguous as to whether it seeks documents pertaining to each and every Claim or whether the Request seeks documents related to a more general methodology. Defendant objects to this Request because it appears to be an interrogatory disguised as a request for production. Federal Rule of Civil Procedure 34 permits a party to serve a request for designated documents or electronically stored information or designated tangible things. A methodology is system of methods, rules, or procedures used for a particular purpose; a methodology is not a document, electronically stored information, or a tangible thing. While documents may evidence, describe, or reflect a methodology, the Request does not seek such documents. The Request seeks the methodology itself, which is appropriately sought through an interrogatory. Defendant objects to the Request because it appears to be based on a false premise. Specifically, Defendant does not calculate patient responsibility amounts; instead, Defendant calculates the allowable claim limits in accordance with the terms and requirements of the applicable plan documents. Defendant objects to this request because it is overly board, unduly burdensome, disproportionate to the needs

of the case, and seeking information that is not relevant to any party's claims or defenses to the extent it seeks documents pertaining to every Claim.

Subject to and without waiving any objection, Defendant will produce plan documents for Clients With SBHD Claims. The plan documents describe how Defendant determined the allowable claim limit and the manner in which patient responsibility amounts are calculated. Defendant is open to negotiating production of a reasonable sample of plan documents for Clients Without SBHD Claims.

29.     All documents regarding GPA's claim edit technology

**RESPONSE:** Defendant objects to this Request because it is vague and ambiguous. Specifically, the term "claim edit technology" is unclear. Defendant interprets "claim edit technology" to refer to the technology that makes edits to health care claims based on industry accepted standards and guidelines. Additionally, the word "regarding" is vague and ambiguous in that it could mean high level documents describing or explaining the claim edit technology or it could mean any document derived from Defendant's claim edit technology. Defendant interprets the Request to seek high level documents describing or explaining the claim edit technology because the other interpretation would render the Request overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses. Moreover, GPA's claim edit technology is not relevant to any party's claims or defenses because GPA does not apply its claim edit technology to facility claims because ELAP audits those claims; therefore, GPA's claim edit technology is completely irrelevant to this case. Defendant is withholding responsive documents based on the foregoing objections.

30.     All documents and communications regarding final settlements between GPA or Clients, on the one hand, and any healthcare provider, on the other hand, regarding underpaid emergent or non-emergent claims.

**RESPONSE:** Defendant objects to this Request because is it vague and ambiguous. Specifically, the word "underpaid" is unclear. Occasionally, Defendant or its Clients will settle claims that were not underpaid for a variety of reasons: on the one hand, Defendant or its Clients will settle claims for which the provider demanded additional payment in excess of the plan's allowable claim limit; on the other hand, Defendant or its clients occasionally settle claims that were underpaid due to inadvertent errors in claims processing or the submission of additional information during the appeals process. Defendant interprets "underpaid" to have the latter meaning because the former is inconsistent with Defendant's usage and understanding of the word "underpaid." Defendant objects to the Request because it seeks settlement agreements involving Defendant or its Clients with any healthcare provider in the country. Accordingly, it is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses. Defendant objects to the Request to the extent it seeks documents other than the final settlement agreements themselves, making the Request overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses. Defendant objects to this Request to the extent that it seeks documents and communications that may be protected from disclosure by the attorney-client privilege, attorney work product doctrine, or the common interest privilege. Defendant objects to this Request insofar as the request seeks documents created or prepared in anticipation of litigation. To the extent the Request seeks final settlement agreements of Non-SBHD Claims, Defendant objects to the Request insofar as such final settlement agreements are confidential.

28

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce any final settlement agreements involving SBHD Claims that were underpaid due to inadvertent errors in claims processing or the submission of additional information during the appeals process. Defendant is not presently aware of any specific non-privileged, non-confidential final settlement agreements involving Non-SBHD Claims that were underpaid due to inadvertent errors in claims processing or the submission of additional information during the appeals process that are being withheld based on the foregoing objections because any such documents are beyond the scope of what it has agreed to search for and produce, but it is likely that there are non-privileged responsive documents that are withheld based on the foregoing objections. Defendant is open to negotiating production of a reasonable sample final settlement agreements involving Non-SBHD Claims that were underpaid due to inadvertent errors in claims processing or the submission of additional information during the appeals process.

31.     All documents relating to GPA's assumption of liability for any Claim for any Client.

**RESPONSE:** Defendant objects to this Request because it is vague and ambiguous. Specifically, the phrase "GPA's assumption of liability" is unclear. Defendant does not assume liability for payment of claims, making the Request nonsensical. Defendant objects to this Request because it is overly broad and seeking information that is not relevant to any party's claims or defenses in that Claim and Client are not limited to SBHD Claims and Clients With SBHD Claims. Defendant objects to this Request to the extent that it seeks documents and communications that may be protected from disclosure by the attorney-client privilege, attorney work product doctrine,

or the common interest privilege. Defendant objects to this Request insofar as the request seeks documents created or prepared in anticipation of litigation.

Subject to and without waiving any objection, Defendant is not in possession, custody, or control of any documents responsive to this Request because Defendant does not assume liability for payment of claims.

32.     All documents regarding GPA's insurance policies, which cover, arise from, and/or relate to GPA's assumption of liability for any Claim for any Client.

**RESPONSE:** Defendant objects to this Request because it is vague and ambiguous. Specifically, the phrase "GPA's assumption of liability" is unclear. Defendant does not assume liability for payment of claims, making the Request nonsensical. Defendant objects to this Request because it is overly broad and seeking information that is not relevant to any party's claims or defenses in that Claim and Client are not limited to SBHD Claims and Clients With SBHD Claims. Defendant objects to this Request to the extent that it seeks documents and communications that may be protected from disclosure by the attorney-client privilege, attorney work product doctrine, or the common interest privilege. Defendant objects to this Request insofar as the request seeks documents created or prepared in anticipation of litigation.

Subject to and without waiving any objection, Defendant is not in possession, custody, or control of any documents responsive to this Request because Defendant does not assume liability for payment of claims.

33.     Complete copies of GPA's insurance policies (both primary and excess) for the past four (4) years, including GPA's current insurance policies.

**RESPONSE:** Defendant objects to this request as seeking information that is not relevant to any party's claims or defenses.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce any insurance policies that may provide coverage for all or part of a possible judgment in this action or to indemnify or reimbursement for payments made to satisfy any judgment, to the extent they have not already been produced.

34.     All documents relating to the percentage or number of adverse benefit determinations that GPA overturned in each year, beginning on January 1, 2015, including the curricula vitae, credentials, and qualifications for any individual employed or contracted with GPA that is responsible for making adverse benefit determination decisions. For purposes of this request, "adverse benefit determinations" include underpayment claims by any healthcare provider.

**RESPONSE:** Defendant objects to this Request because it is compound, consisting of two disparate and distinct requests. Defendant objects because each of the disparate and distinct requests are interrogatories disguised as Requests for Production. Defendant objects to the Request because it is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses insofar as the Request is not limited to SBHD Claims. Defendant objects to the Request because it is vague and ambiguous insofar as it partially defines "adverse benefit determinations" as including "underpayment claims by any healthcare provider." This partial definition is nonsensical. "Adverse benefit

determination" is defined by federal law. 29 C.F.R. § 2560.503-1(m)(4). Defendant interprets the Request by reference to the definition supplied by federal law. Defendant objects to this Request to the extent that it seeks documents and communications that may be protected from disclosure by the attorney-client privilege, attorney work product doctrine, or the common interest privilege. Defendant objects to this Request insofar as the request seeks documents created or prepared in anticipation of litigation. The Request seeks information that is not relevant to any party's claims or defenses because GPA's claim edit technology is not used in connection with the health care claims at issue in this case.

35.    All documents relating to GPA's "Nurse Navigator," "Benefit Advocate" or "Member Advocate" programs.

**RESPONSE:** Defendant objects to this Request because it is vague and ambiguous. Specifically, it is unclear whether the Request seeks any document that has any relationship whatsoever to Nurse Navigator, Benefit Advocate, or Member Advocate, or whether the Request seeks a more specific type of category of documents. Because the former interpretation would be overly broad, unduly burdensome, and disproportionate to the needs of the case, Defendant interprets the Request to seek high level documents sufficient to describe and explain Nurse Navigator, Benefit Advocate, and Member Advocate. Defendant objects to the Request because it seeks information that is not relevant to any party's claims or defenses. Specifically, Nurse Navigator, Benefit Advocate, and Member Advocate are services offered by GPA that provide assistance to Members in variety of ways that are unimportant to this case.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce non-privileged, high level documents sufficient to describe and explain Nurse Navigator, Benefit Advocate, and Member Advocate.

36.     All documents, policies, or communications relating to GPA's assisting Clients, Members, and/or patients in locating healthcare providers for emergent of non-emergent services.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous. Specifically, the Request is unclear in how it differentiates between "Members" and "patients." In this context, Defendant interprets "Member" to mean a person eligible for benefits under a Client's health plan that does not receive treatment and "patient" to mean a person eligible for benefits under a Client's health plan that actually receives treatment. It is unclear why the Request would make such a distinction, but Defendant is unaware of any better interpretation. Additionally, the while the word "locating" unambiguously means "to determine or indicate the place, site, or limits of," it is unclear the relevance of such activity or even its prevalence. Defendant objects to the Request because it is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses insofar as the Request is not limited to Clients With SBHD Claims and Members With SBHD Claims.

Subject to and without waiving any objections, Defendant will conduct a reasonable search and produce any non-privileged documents, policies, or communications relating to GPA's assisting Clients With SBHD Claims or Members with SBHD Claims in locating healthcare providers for emergent or non-emergent services. Defendant is not presently aware of any specific non-privileged documents or communications that are being withheld based on the foregoing objections because any such documents are beyond the scope of what it has agreed to search for and produce, but it is likely that there are non-privileged responsive documents that are withheld

based on the foregoing objections. Defendant is open to negotiating production of a reasonable sample of responsive documents related to Clients Without SBHD Claims and Members Without SBHD Claims.

37.    All documents between GPA and Clients or Members regarding Clients or Members seeking or obtaining a self-pay rates from any provider for non-emergent services.

**RESPONSE:** Defendant objects to this Request as vague and ambiguous. Specifically, it is not clear what the Request means by a document between GPA and Clients or Members. Defendant interprets the Request to seek documents exchanged between GPA, on one hand, and Clients or Members, on the other. Defendant objects to the Request because it is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses insofar as the Request is not limited to Members With SBHD Claims and Clients With SBHD Claims. Defendant objects to this Request to the extent that it seeks documents and communications that may be protected from disclosure by the attorney-client privilege, attorney work product doctrine, or the common interest privilege. Defendant objects to this Request insofar as the request seeks documents created or prepared in anticipation of litigation.

Subject to and without waiving any objections, Defendant will conduct a reasonable search and produce any non-privileged documents exchanged between GPA, on one hand, and Clients With SBHD Claim or Members With SBHD Claims, on the other. Defendant is not presently aware of any specific non-privileged documents or communications that are being withheld based on the foregoing objections because any such documents are beyond the scope of what it has agreed to search for and produce, but it is likely that there are non-privileged responsive documents that are

34

withheld based on the foregoing objections. Defendant is open to negotiating production of a reasonable sample of documents exchanged between ELAP, on one hand, and Clients Without SBHD Claims or Members Without SBHD Claims, on the other.

38.    All documents regarding any external or internal audits of GPA that were conducted on or after January 1, 2015.

**RESPONSE:** Defendant objects to the Request because it is overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses. The Request is vague and ambiguous. Specifically, it is unclear what the Request means by "external or internal audits of GPA." Defendant interprets the Request to seek financial audits or audited financial statements of GPA, which are not relevant to any party's claims or defenses. It is likely that responsive documents are being withheld on the basis of the foregoing objections. Defendant objects to this Request to the extent that it seeks documents and communications that may be protected from disclosure by the attorney-client privilege, attorney work product doctrine, or the common interest privilege. Defendant objects to this Request insofar as the request seeks documents created or prepared in anticipation of litigation.

39.    Documents sufficient to identify how GPA is paid by the Clients, including, but not limited to, GPA's revenue since January 1, 2015.

**RESPONSE:** Defendant objects to this Request because it is really two disparate and distinct requests. First, the Request seeks to identify how Defendant is paid by its clients, then the Request seeks to determine the amount of Defendant's revenue since January 1, 2015. Defendant objects to the Request because it is overly broad, unduly burdensome, disproportionate to the needs

of the case, and seeking information that is not relevant to any party's claims or defenses insofar as the Request is not limited to Clients With SBHD Claims and insofar as it seeks Defendant's revenue since January 1, 2015.

Subject to and without waiving any objection, Defendant has agreed to produce agreements between Defendant and Clients With SBHD Claims, which define how Defendant is paid by those Clients. Defendant has also indicated an openness to negotiating production of a reasonable sample of agreements between Defendant and Clients Without SBHD Claims, which will show how GPA is paid by those clients. Defendant will not produce documents sufficient to show its revenue since January 1, 2015.

40.    To the extent not included above, all documents, including communications, referred to in your Initial Rule 26 Disclosures.

**RESPONSE:** Defendant will produce the relevant non-privileged documents identified in its Initial Rule 26 Disclosures that it may use to oppose class certification and the merits of Plaintiff's claims. Defendant will supplement its production as necessary following the final resolution of any motion for class certification.

41.    All documents that you referred to or relied upon in answering Plaintiff's First Set of Interrogatories to GPA.

**RESPONSE:** Defendant has not received Plaintiff's First Set of Interrogatories; therefore, Defendant cannot respond to this Request and reserves the right to identify any objections to this Request if Plaintiff serves Plaintiff's First Set of Interrogatories to ELAP.

42.     All documents and communications between you and any third party relating to this Action.

**RESPONSE:** Defendant objects to this Request because it is vague and ambiguous. Specifically, it is unclear what the Request means by "relating to this Action." Defendant interprets this Request to seek documents and communications specifically referring to this Action, rather than any document or communication that has any relation to the subject matter of this Action. The latter interpretation would render the Request too non-specific as to constitute a valid request for production under Rule 34. Defendant objects to this Request to the extent that it seeks documents and communications that may be protected from disclosure by the attorney-client privilege, attorney work product doctrine, or the common interest privilege. Defendant objects to this Request insofar as the request seeks documents created or prepared in anticipation of litigation.

Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce any non-privileged documents specifically referring to this Action.

43.     All documents and communications that support, show, or evidence any defense you assert or intend to assert in this action, including the Affirmative Defenses set forth in your Answer.

**RESPONSE:** Defendant objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of the case. Defendant objects to this Request because it is too non-specific to constitute a valid request for production under Rule 34. Rule 34 requires request for production to "describe with reasonable particularity each item or category of items to be inspected." This Request is not drafted with any reasonable particularity, but rather impermissibly seeks to require Defendant to marshal all evidence supporting its defenses. Defendant objects to

this Request to the extent that it seeks documents and communications that may be protected from disclosure by the attorney-client privilege, attorney work product doctrine, or the common interest privilege. Defendant objects to this Request insofar as the request seeks documents created or prepared in anticipation of litigation.

Subject to and without waiving any objection, Defendant will produce the relevant non-privileged documents that it may use to oppose class certification and the merits of Plaintiff's claims. Defendant will supplement its production as necessary following the final resolution of any motion for class certification. Discovery is ongoing and Defendant expects to locate or obtain many additional documents during discovery that are responsive to this Request. To the extent Defendant identifies responsive, non-privileged documents that it has not previously produced and has not been produced by another party that support its defenses, Defendant will produce such documents.

44.     All documents and communications you intend to introduce into evidence, or upon which you intend to rely, at any hearing or trial in this Action.

**RESPONSE:** Defendant objects to this Request because it is premature and inconsistent with the Rules of Civil Procedure. Defendant objects to this Request to the extent that it seeks documents and communications that may be protected from disclosure by the attorney-client privilege, attorney work product doctrine, or the common interest privilege. Defendant objects to this Request insofar as the request seeks documents created or prepared in anticipation of litigation. Subject to and without waiving any objection, Defendant has not developed any intention with respect to which documents it will introduce into evidence or rely upon at any hearing or trial in this Action. Defendant will disclose such documents in accordance with the Rule of Civil Procedure, applicable Local Rules, and any applicable orders of the Court.

Dated: March 19, 2021

**FISHERBROYLES, LLP**

*/s/ Irene Oria*
Robert T. Wright, Jr., Esq.
FL Bar No. 185525
Irene Oria, Esq.
FL Bar No. 484570
199 E. Flagler St. #550
Miami, FL 33131
Tel.: (305) 536-2838
Fax: (305) 536-2838
robert.wright@fisherbroyles.com
irene.oria@fisherbroyles.com

Patrick M. Emery, Esq. (*pro hac vice*)
GA Bar No. 821303; PA Bar No. 306672
Kris Alderman, Esq. (*pro hac vice*)
GA Bar No. 179645
945 East Paces Ferry Rd NE, Suite 2000
Atlanta, GA 30326
Tel.: (404) 793-0652
patrick.emery@fisherbroyles.com
kris.alderman@fisherbroyles.com

**AKERMAN LLP**

Irene Bassel Frick, Esq.
FL Bar No. 0158739
Gera R. Peoples, Esq.
FL Bar No. 450022
401 E. Jackson Street, Suite 1700
Tampa, FL 33602-5250
Phone: (813) 223-7333
Fax: (813) 223-2837
irene.basselfrick@akerman.com
gera.peoples@akerman.com

*Counsel for Defendants ELAP Services, LLC and Group & Pension Administrators, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 19, 2021, I caused a copy of the foregoing to be emailed to all counsel of record, including counsel for Plaintiff identified on the Service List below.

<u>/s/ *Irene Oria*</u>
Irene Oria, Esq.

## <u>SERVICE LIST</u>

**KOZYAK TROPIN &
THROCKMORTON LLP**

Gail McQuilkin, Esq.
Tal J. Lifshitz, Esq.
Benjamin Jacobs Widlanski, Esq.
Eric S. Kay, Esq.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
gam@kttlaw.com
tjl@kttlaw.com
bwidlanski@kttlaw.com
ekay@kttlaw.com

*Counsel for Plaintiff*

**WOLFE | PINCAVAGE**

Douglas A. Wolfe, Esq.
Danya J. Pincavage, Esq.
Omar Ali-Shamaa, Esq.
2937 SW 27th Ave., Suite 302
Miami, FL 33133
Telephone: (786) 409-0800
doug@wolfepincavage.com
danya@wolfepincavage.com
omar@wolfepincavage.com