# EXHIBIT E

KOZYAK · TROPIN
THROCKMORTON
ATTORNEYS AT LAW

**Gail A. McQuilkin**, Esq.
gam@kttlaw.com  |  305.377.0656

April 2, 2021

**VIA EMAIL**
patrick.emery@fisherbroyles.com
kris.alderman@FisherBroyles.com
robert.wright@fisherbroyles.com
irene.oria@fisherbroyles.com
irene.basselfrick@akerman.com
gera.peoples@akerman.com

>   Re:   *South Broward Hospital District v. ELAP Services, LLC, et al.*,
>         Case No. 20-CV-61007-AHS (S.D. Fla.); Deficiencies with Defendants'
>         Responses to Plaintiff's First Requests for Production

Dear Counsel:

Pursuant to Southern District of Florida Local Rule 7.1(a)(3) and Magistrate Judge Alicia O. Valle's Discovery Procedures, Plaintiff South Broward Hospital District, d/b/a Memorial Healthcare System ("Memorial"), would like to confer in good faith with Defendants regarding certain issues with Defendants' discovery responses, as further described below. Although no documents have been produced, Defendants' objections and responses to Memorial's First Requests for Production raise certain threshold concerns regarding the scope of documents Defendants intend to produce and Defendants' apparent attempt to limit discovery. Accordingly, Memorial addresses these threshold concerns, citing to specific examples from Defendants' responses and objections. Unfortunately, as further set forth below, in light of the nature of the deficiencies in Defendants' objections and responses, it is either impractical or impossible for Memorial to address all of the issues with each of Defendants' objections and responses, so Memorial necessarily reserves its right to identify all additional issues with Defendants' anticipated forthcoming amended responses and forthcoming production.

When Memorial references a particular request for production by number, Memorial is referring to both the Request for Production served on ELAP Services, LLC ("ELAP") and the Request for Production served on Group & Pension Administrators, Inc. ("GPA"). Therefore, unless otherwise indicated, the following deficiencies pertain to both ELAP and GPA.

   I.   **Responses Subject to Objections**

Defendants' responses to Memorial's First Requests for Production include boiler plate broad objections followed by an answer. Paragraph 4 of Judge Valle's Discovery Procedures expressly prohibits this roundly criticized practice:

> The Court does not recognize conclusory boilerplate objections or formulaic objections followed by an answer to the request. *See, e.g.*, *Adelman v. Boy Scouts*

Page 2

>  *of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) ("[J]udges in this District typically condemn boilerplate objections as legally inadequate or 'meaningless.'"); *Benfatto v. Wachovia Bank, N.A.*, No. 08–CIV–60646, 2008 WL 4938418, at *2 (S.D. Fla. Nov. 19, 2008) ("[G]eneralized objections, which purport to object to each and every category of documents, are not recognized by this Court."). Boilerplate objections may also border on a frivolous response to discovery requests. *Steed v. Everhome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009).

Defendants' responses to Requests #6, #10, #11, #14, #15, #17, and #33 contain boiler plate objections followed by an answer subject to the objections. This is improper. *See Bouzaglou v. Synchrony Fin.*, 2019 WL 3852295, at *2 (S.D. Fla. Aug. 15, 2019) (Valle, J.) ("Boilerplate objections and generalize responses are improper."). Courts in the Eleventh Circuit have found that "whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands." *Mann v. Island Resorts Dev., Inc.*, 2009 WL 6409113, at *3 (N.D. Fla. Feb. 27, 2009).

For example, in Memorial's Request for Production #14, Memorial requests: "Representative copies of advertising or marketing material you used or currently use to market or advertise your services to employers, self-funded health plans, Members, or prospective Members, including, but not limited to, brochures, catalogs, videos, power point presentations, and/or white papers." Defendants object to the Request on the grounds of relevance and broadness then respond: "Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce non-privileged, representative copies of responsive documents in its possession, custody, or control." Similarly, in Memorial's Request for Production #17, Memorial requests: "Any and all agreements with marketing or advertising agencies." Defendants object to the Request on the grounds of relevance, yet respond: "Subject to and without waiving any objection, Defendant will conduct a reasonable search and produce responsive documents in its possession, custody, or control."

Memorial cannot ascertain what, if anything, Defendants will produce from responses formed this way. Defendants' objections are "convoluted and [are] classic example[s] of boilerplate and formulaic objections that are disfavored in this District." *Feise v. N. Broward Hosp. Dist.*, 2015 WL 2341221, at *6 n.6 (S.D. Fla. May 12, 2015) (Valle, J.). By following objections like this with a response subject to the objections, Defendants leave open the possibility that they will not produce a single document responsive to these requests. This practice is impermissible:

> Parties shall not recite a formulaic objection followed by an answer to the request. It has become common practice for a party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the party will respond to the discovery request, subject to or without waiving such objection. Such objection and answer preserves nothing and constitutes only a waste of effort and the resources of both the parties and the court. Further, such practice leaves the requesting party uncertain as to whether the question has actually been fully answered, or only a portion of it has been answered.

Page 3

*Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 401 (S.D. Fla. 2008); *see, e.g.*, *Alhassid v. Bank of Am., N.A.*, 2015 WL 1120273, at *2 (S.D. Fla. Mar. 12, 2015) (Valle, J.); *Lauderhill Mall Inv., LLC v. Arch Spec. Ins. Co.*, 2014 WL 11906637, at *2 (S.D. Fla. July 29, 2014) (Valle, J.). Therefore, Memorial requests that Defendants comply with the law of this District and clarify and remove any uncertainty from their responses by withdrawing the objections that Defendants follow with an answer and set forth whether any responsive documents are within Defendants' possession, custody, or control. Until such time that the uncertainty is removed, any objection followed by an answer will be ignored by Memorial and treated as waived.

Further, Defendants raise several general relevance objections throughout their responses without specifically explaining how Memorial's requests are irrelevant. *See, e.g.*, Responses to Requests #1–#2, #4–#22, #24–#39; ELAP Responses to Request #42; GPA Responses to Requests #40, #43. This is improper. "[A]n objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence." *Guzman*, 249 F.R.D. at 401. Accordingly, Defendants' relevance objections are improper, and any documents withheld based on those objections must be produced, or Defendants must amend their responses to specifically indicate how Memorial's requests are irrelevant.

## II.    Defendants' Attempt to Limit Discovery

Defendants assert in their objections and answers that they will only produce documentation related to Memorial claims. Limiting discovery in this manner would render it impossible for Memorial to certify a class.

For example, in Memorial's Request for Production #20, Memorial asks Defendants to produce "[d]ocuments sufficient to identify all versions of the Clients' self-funded plan identification cards, including, but not limited to, when each version was released or updated." In an effort to limit the scope of what they are willing to produce to only Memorial claims, Defendants object to the request to the extent it seeks documents related to Clients with non-Memorial claims.

However, Memorial's allegations are not limited to Defendants' deceit of Memorial. Memorial, as well as other providers nationwide in the putative class, have been harmed by the uniform, unfair, and deceptive trade practices of Defendants. Specifically, Memorial alleges that ELAP systematically underpays healthcare providers in Florida and around the country through its arbitrary, uniform, and unilateral use of Reference Based Pricing. "[T]he central, predominant issue at the heart of this case . . . is ELAP's systematic method of underpaying healthcare providers, like [Memorial], for healthcare services provided to ELAP's clients." Am. Compl. ¶ 5 (D.E. 24); *see id.* ¶¶ 156–57 (alleging that Memorial and other providers in the punitive class have been harmed by a uniform and unfair trade practice). Proof of the existence of ELAP's scheme will establish Defendants' liability and, consequently, Memorial and the class members' entitlement to damages. Thus, Memorial's discovery requests cannot be limited to Memorial claims only. Defendants' documentation pertaining to claims nationwide—and particularly its

Page 4

uniform marketing practices, and practices relevant to whether a provider was deceived by Defendants' conduct—are relevant, necessary, and squarely related to the allegations at issue.

Furthermore, as the Court recognized when it denied Defendants' attempt to "premature[ly]" dismiss Memorial's class allegations, the "the shape and form of a class action evolves only through the process of discovery." *ELAP Servs.*, 2020 WL 7074645, at *11 (D.E. 37 at 23) (internal quotation marks omitted). Defendants cannot ignore the Court and unilaterally impose their own limitations on class discovery.

FDUTPA deals with objective deception—and because Memorial seeks to demonstrate Defendants' deception on a class-wide basis—the scope of Defendants' deceptive conduct goes to the heart of this case. *See id.* at *5 (D.E. 37 at 12) (A FDUTPA plaintiff "'must show that the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances, rather than actual reliance on the representation or omission at issue.'" (quoting *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983–84 (11th Cir. 2016)). To determine the "shape and form" the class will take, Memorial must be able to take sufficient discovery that will involve both class and merits issues. Therefore, Defendant must produce documents responsive to Memorial's requests without limiting production to Memorial claims only.

### III. Audit Information

In Request #37 to ELAP and #38 to GPA, Memorial asks Defendants to produce all documents regarding any external or internal audits that were conducted on or after January 1, 2015. Defendants refuse to respond or produce any documents claiming that Memorial's requests are overbroad, unduly burdensome, vague, ambiguous, and irrelevant. Memorial is seeking claim audits conducted internally by Defendants, or externally by another party. These documents are relevant to Memorial's allegations because they will show, among other things, uniform claim processing practices, Defendants' compliance or lack thereof with statutes and regulations (i.e., ERISA), whether Defendants' rates are consistent with the market, and information relevant to Defendants' reimbursement rates. This information is directly at issue in this action. Therefore, Defendants' refusal to produce responsive documents related to Request #37 to ELAP and #38 to GPA is unfounded.

### IV. Demand

Memorial respectfully requests that Defendants cure the deficiencies in their responses to Memorial's First Requests for Production no later than Friday, April 9, 2021.

Respectfully,

Gail A. McQuilkin

12U6101