# EXHIBIT F

KOZYAK · TROPIN
THROCKMORTON
A T T O R N E Y S   A T   L A W

**Tal J. Lifshitz**, Esq.
tjl@kttlaw.com  |  305.372.1800

April 14, 2021

**VIA EMAIL**
patrick.emery@fisherbroyles.com
kris.alderman@fisherbroyles.com
robert.wright@fisherbroyles.com
irene.oria@fisherbroyles.com
irene.basselfrick@akerman.com
gera.peoples@akerman.com

Re:     *South Broward Hospital District, d/b/a Memorial Healthcare System*, *v.*
        *ELAP Services, LLC, et al.*, Case No. 20-CV-61007-SINGHAL/VALLE
        (S.D. Fla.); April 7, 2021 Meet and Confer

Dear Counsel:

On behalf of South Broward Hospital District, d/b/a Memorial Healthcare System ("Memorial"), we write to memorialize the meet and confer discussion between the Parties, including Defendants' representations pertaining to the discovery issues raised by Memorial in its April 2, 2021 Deficiency Letter and during the April 7, 2021 meet and confer between counsel. If we have omitted anything or if you disagree with anything we have set forth below, please let us know.

## I.     Status of Defendants' Production

Defendants have not produced any documents responsive to Memorial's First Requests for Production. However, Defendants confirmed during the meet and confer that the first of their rolling productions will commence by April 21, 2021. This initial production will consist of documents related to Defendants' self-funded plan identification cards, plan documents, and policies and procedures. Additionally, Defendants stated that they would not produce certain materials due to HIPAA concerns until the Court enters a HIPAA-Qualified Protective Order. Since the meet and confer, the Court has entered a HIPAA-Qualified Protective Order. (*See* D.E. 51). Memorial expects Defendants to produce any materials that Defendants were/are withholding due to HIPAA concerns. Further, Defendants confirmed that they would prioritize and expedite production of marketing materials requested by Memorial in Request Nos. 14 through 17. Please provide a date certain when Defendants will produce these marketing materials. If you cannot provide a date certain, please explain why.

## II.     Claims at Issue

Several of Memorial's requests relate to the Claims at issue in this litigation. *See, e.g.*, Request Nos. 5, 6, 9, 13, 24, 28, 31, 32. Memorial defines "Claim" or "Claims" as any facility claim that Defendants repriced, processed or reprocessed, and/or administered using Reference Based Pricing.

Page 2

Memorial proposed that Defendants' production start with Claims that Defendants can identify as responsive to Memorial's individual production requests and related to the allegations of the lawsuit. Defendants rejected Memorial's proposal. Although Defendants confirmed that they are capable of identifying and finding Claims and relevant responsive documents, Defendants stated that they cannot ascertain the Claims at issue and will not attempt to identify them without first seeing a list of proposed Claims at issue from Memorial. However, Memorial maintains that Defendants are in the best position to identify the relevant Claims, especially since the information in their possession might differ between ELAP and GPA.

Defendants proposed that the Parties exchange Claims lists at a date and time after the Court's entry of a HIPAA-Qualified Protective Order, with Memorial providing its Claims list first, then Defendants providing their Claims list immediately upon receipt of Memorial's list. The Court has now entered its HIPAA-Qualified Protective Order. Memorial will agree to a date and time for Memorial and Defendants to simultaneously exchange their respective Claims lists. Please confirm whether Defendants accept Memorial's proposal.

## III.   Audit Information

In Request No. 37 to ELAP and Request No. 38 to GPA, Memorial asks Defendants to produce all documents regarding any external or internal audits that were conducted on or after January 1, 2015. Defendants objected to these requests, stating that they did not know what Memorial meant by external or internal audits.

Memorial clarified these requests during the meet and confer. The audit information Memorial seeks relates to Claim audits. Defendants represented that they would produce Claim audits responsive to Memorial's requests, but not until Defendants see Memorial's Claims list.

Defendants' audit information is readily available and accessible to Defendants without having a proposed Claims list from Memorial. Moreover, Defendants are in the best position to identify the Claims at issue based on the information sought in Memorial's requests and allegations raised by Memorial in this litigation.

Please provide a date certain for the production of Defendants' Claim audits. If you cannot provide a date certain, please explain why.

## IV.   Defendants' Attempt to Limit Discovery

Defendants' position is that they will not produce documents related to non-Memorial Claims. At the meet and confer, Memorial reiterated to Defendants that limiting discovery in this manner would render it impossible for Memorial to certify a class since Memorial's allegations are not limited to Defendants' deceit of Memorial. The allegations against Defendants center on the systematic underpayment of healthcare providers in Florida and around the country through arbitrary, uniform, and unilateral use of Reference Based Pricing. Proof of the existence of this scheme will establish Defendants' liability and, consequently, Memorial's and the class members'

Page 3

entitlement to damages. Thus, Memorial's discovery requests cannot be limited to Memorial Claims only. Defendants' documentation pertaining to Claims nationwide — particularly its uniform marketing practices and practices relevant to whether a provider was deceived by Defendants' conduct — are relevant, necessary, and squarely related to the allegations at issue. Defendants' attempt to limit discovery of non-Memorial Claims is an improper attempt to bifurcate class discovery from merits discovery. Memorial must be able to take sufficient discovery that will involve both class and merits issues.

In response to Memorial's position, Defendants agreed to produce a sample of non-Memorial Claims once a HIPAA-Qualified Protective Order was in place. Now that the Court has entered the HIPAA-Qualified Protective Order, Memorial looks forward to receipt of Defendants' sample. Please provide a date certain for Defendants' production of a sample of non-Memorial Claims. If you cannot provide a date certain, please explain why.

Memorial remains hopeful that this issue can be resolved amongst the Parties. However, to the extent this issue cannot be resolved and given the time limitations set forth in S.D. Fla. Local Rule 26.1(g)(1), Memorial will seek guidance from the Court to preserve its position.

## V.     Defendants' Expected Production

***Request No. 1*** — Memorial requested that Defendants produce "[d]ocuments sufficient to identify all of [ELAP's and GPA's] subsidiaries, affiliates, owners, shareholders, and officers." Defendants confirmed that they would produce these documents. Please provide a date certain for the production of documents responsive to this request. If you cannot provide a date certain, please explain why.

***Request No. 6*** — Memorial requested that Defendants produce "[d]ocuments sufficient to identify any Claim that the Clients paid additional monies on after a healthcare provider appealed the Claim, including, but not limited to, all Claims that [ELAP and GPA] authorized the payment of additional monies on after a healthcare provider appealed the Claim." Defendants stated that they will produce documents that reflect Claims where Defendants had to pay additional monies after Claims were appealed. Memorial asked Defendants during the call to provide a date when the documents would be produced. Defendants represented that they were unable to do so at this time. Defendants have now had a week to address this issue. Please provide a date certain for Defendants' production of documents that reflect Claims where Defendants had to pay additional monies after Claims were appealed. If you cannot provide a date certain, please explain why.

***Request No. 9*** — Memorial requested that Defendants produce all documents and communications between Defendants and anyone, including, but not limited to, the Clients, the Members, ELAP, GPA, SpringTide, MultiPlan, and PHCS related to the Claims. Defendants stated that they cannot produce any responsive documents until Memorial identifies what Claims are at issue. As explained in Section II, *supra*, Memorial will agree to a date and time for Memorial and Defendants to simultaneously exchange their respective Claims lists. Once the Claims lists are exchanged, Memorial anticipates the production of documents responsive to this request. Please confirm whether Defendants accept Memorial's proposal.

Page 4

***Request No. 10*** — Memorial requested that Defendants produce all documents and communications between Defendants and anyone, including, but not limited to, the Clients, the Members, ELAP, GPA, SpringTide, MultiPlan, and PHCS related to the MultiPlan or PHCS network. Defendants initially represented that an exchange of search terms would be appropriate in responding to this request and others like it, and agreed to provide Memorial with an initial proposal of terms by the close of business on April 9, 2021. Then, on April 9, 2021, Defendants instead emailed Memorial the following proposal: "Before we dive into search terms (and since we're waiting on the claim lists anyway), we think it makes sense to have a call soon to discuss the parties' systems, databases, search capabilities, and the like." Memorial agreed to a call with Defendants and proposed a date for the Parties to discuss this issue.

***Request No. 11*** — Memorial requested all documents and communications between Defendants and anyone, including, but not limited to, the Members, GPA, SpringTide, MultiPlan, and/or PHCS related to the Clients. Defendants represented that they are already in the process of collecting documents responsive to this request, but only as to Memorial Claims. Please provide a date certain for Defendants' production of the documents and communications related to the Clients. If you cannot provide a date certain, please explain why.

***Request No. 12*** — Memorial requested that Defendants produce all internal communications referring or relating to (a) "Reference-Based Pricing," (b) the Clients' self-funded plan identification cards, (c) the "allowed amount," and (d) obtaining elective services from healthcare providers. Defendants said that they will produce "high level communications" responsive to this request. In response to Memorial's request for clarification, Defendants confirmed that "high level communications" include communications with employees of Defendants that have influence over the strategy related to Reference Based Pricing. However, Defendants also stated that they would not be producing internal communications regarding Defendants' Reference Based Pricing model and how that model is applied, because that purportedly broad reading of the request arguably includes all communications. Please confirm that any objection related to the Reference Based Pricing model and how it was applied will not impact the search term protocol that the Parties are negotiating.

***Request No. 13*** — Memorial requested that Defendants produce all policies, procedures, and guidelines relating to ten enumerated areas. Defendants represented that they would produce all "final" policies and procedures — namely, all official, implemented policies, procedures, and guidelines. These documents are readily accessible to Defendants. Please provide a date certain for Defendants' production of documents responsive to this request. If you cannot provide a date certain, please explain why.

***Request Nos. 14 & 17*** — Defendants withdrew their objections to Requests 14 and 17 but would not commit to produce responsive documents by a date certain. Since the objections are withdrawn and these requests pertain to marketing materials that are easily accessible to Defendants, Memorial requested that Defendants prioritize the production of these documents. Please provide a date certain for Defendants' production of marketing materials. If you cannot provide a date certain, please explain why.

Page 5

**Request No. 16** — Memorial requested that Defendants provide "[a]ny and all marketing studies and profitability studies referring to 'Reference-Based Pricing.'" Memorial agreed to define the term "profitability" in this request with the understanding that Defendants will produce responsive documents once Memorial provides a definition of "profitability study." For purposes of Request No. 16, "profitability study" shall mean a study or similar analysis of an organization's output to determine the organization's production of profit or likelihood to produce profit.

Now that Memorial has provided the requested definition, please provide a date certain for Defendants' production of documents responsive to this request. If you cannot provide a date certain, please explain why.

**Request Nos. 18, 19, & 20** — Memorial requested that Defendants produce copies of — and identify certain versions of — the Clients' self-funded plan identification cards. Defendants agreed to provide Memorial with a sample of five self-funded plan identification cards responsive to these requests. Please provide a date certain for Defendants' production of the self-funded plan identification cards. If you cannot provide a date certain, please explain why.

**Request No. 21** — Memorial requested that Defendants produce documents sufficient to identify all websites listed on the Clients' self-funded plan identification cards, including, but not limited to, when each website was added to the self-funded plan identification card. Defendants confirmed that, when they produce self-funded plan identification cards in response to Request Nos. 18 to 20, the produced cards will contain the relevant websites. This is not sufficient. Memorial is entitled to know whether these websites have changed over time. Defendants seek to defend their deceptive conduct by stating that the terms of their plans are disclosed on the websites listed on the cards. Defendants requested that Memorial provide an additional request. Memorial will serve a new request for production on Defendants.

Respectfully,

*/s/ Tal J. Lifshitz*

Tal J. Lifshitz