# EXHIBIT G

**FISHERBROYLES®**
A LIMITED LIABILITY PARTNERSHIP

**Patrick M. Emery**
**Partner**
945 East Paces Ferry Rd.
Suite 2000
Atlanta, GA 30326
Direct: (404) 793-0652
patrick.emery@fisherbroyles.com
www.FisherBroyles.com

April 21, 2021

**Via Email**

Tal. J. Lifshitz, Esq.
Gail A. McQuilkin, Esq.
Benjamin J. Widlanski, Esq.
Eric S. Kay, Esq.
Frank Florio, Esq.
Douglas A. Wolfe, Esq.
Danya J. Pincavage, Esq.
Omar Ali-Shamaa, Esq.

RE:   *South Broward Hospital District d/b/a Memorial Healthcare System v. ELAP Services, LLC and Group & Pension Administrators, Inc.*, Case No. 20-cv-61007-AHS (S.D. Fla.) – April 7, 2021 Meet and Confer re Plaintiff's Document Requests

Dear Counsel,

We write in response to your letter dated April 14, 2021 concerning the meet-and-confer call held among the Parties' counsel on April 7, 2021 regarding Plaintiff's First Sets of Document Requests ("RFP No. [#]") to Defendants ELAP Services, LLP ("ELAP") and Group & Pension Administrators, Inc. ("GPA") (collectively, "Defendants"). For ease of reference, we respond to the items raised in your letter in roughly the same order of appearance. Please let us know if you wish to have a call to discuss any of these items further.[1]

**I.    Status of Defendants' Productions**

As we stated during our call, Defendants have already collected over 400,000 potentially responsive documents. Defendants anticipate making their first production of documents on or before April 23, 2021, which we anticipate will include UB-04 claim data, UB-04 claims forms, explanations of benefits, agreements with health plans, ID cards, and plan documents. We are still on track to make that production goal, though a minor delay is always possible for any production.

Defendants have been collecting marketing materials, and will endeavor to prioritize the production of those records as Plaintiff requested during our call. We estimate that Defendants will

---

[1] By engaging in this and any other discovery, Defendants do not waive and reserve all defenses they may have, including that Plaintiff's claims are preempted by ERISA. Defendants do not concede any of the contentions concerning the merits in your letter and reserve all defenses they have.

produce the representative marketing materials they agreed to disclose on or before May 7, 2021.

## II.     Claims at Issue

The top paragraph on page 2 of your letter does not accurately reflect the discussion among counsel during our call. Not all of the reimbursement claims submitted by a healthcare facility and that were audited by ELAP are "at issue." For example, while Defendants can identify the reimbursement claims that were submitted by Plaintiff and audited by ELAP, they cannot know which of those claims are "at issue" until Plaintiff identifies the reimbursement claims for which it seeks additional reimbursement through this lawsuit. As indicated during our call, Defendants are willing to produce documents concerning each reimbursement claim Plaintiff submitted and ELAP audited during the relevant time period, but will do so only after Plaintiff identifies the claims it currently believes are at issue. Plaintiff's knowledge and opinions of the claims it contends are "at issue" constitute material facts in this action.

Your statement that Defendants are waiting to search for documents concerning Plaintiff's potential claims until they receive Plaintiff's claims list is incorrect. As we stated during our call, Defendants had already searched for potentially relevant reimbursement claims, but cannot complete their search until they have Plaintiff's claims list. Now that we have Plaintiff's claims list, Defendants can search for any additional relevant records.

## III.    Audits

We appreciate your clarification that RFP No. 37 to ELAP and RFP No. 38 to GPA seek copies of the audit reports generated by ELAP concerning facility reimbursement claims (the "Audits"). With that clarification, Defendants object to those Requests because they are overly broad, unduly burdensome, disproportionate to the needs of the case, and seeking information that is not relevant to any party's claims or defenses insofar as the Request is not limited to Audits of SBHD Claims. Subject to and without waiving their objections, Defendants will conduct a reasonable search and produce Audits of SBHD Claims. Although Defendants will not agree to produce all Audits for Non-SBHD Claims, Defendants are open to negotiating the production of a reasonable sample of Audits of Non-SBHD Claims.

Defendants have been collecting the Audits and various other records concerning the reimbursement claims issued by Plaintiff. They will collect additional records if Plaintiff's claims list identifies additional reimbursement claims during the relevant time period of which Defendants were not aware. The Audits will be produced along with other claim-related records. Defendants are still collecting these claim-related records and estimate the collection will be complete on or before May 28, 2021.

## IV.    A Sample Of Non-party Healthcare Reimbursement Claims

This section of your letter misrepresents Defendants' position and misstates our discussion during the call. Among other errors in your letter, Defendants have never refused to produce all records concerning their interactions with putative class members. The suggestion that a sample of such records was "Memorial's" idea is false. Time and again – in their initial disclosures, during our

prior calls, and in their responses to many of Plaintiff's Document Requests – Defendants have indicated their willingness to negotiate the production of a reasonable sample of records relating to the reimbursement claims of putative class members. During our call, we reiterated this position, and invited Plaintiff to propose a sample for Defendants' consideration. You indicated that Plaintiff would like to see a list of every data point for every reimbursement claim during the relevant time frame. That request is unreasonable because, *inter alia*, Plaintiff does not need comprehensive data on every reimbursement claim to design a sample, and Plaintiff entitled to obtain full-blown merits discovery concerning all putative class member claims prior to the certification of a class.

Your letter indicates that you would like Defendants to propose a sample. However, as discussed during our call, Plaintiff has the burden of proving its claims and class allegations, and it is not Defendants' job to develop a reasonable sample for Plaintiff. Instead, Defendants will review and accept or offer counterproposals to whatever Plaintiff suggests. We look forward to discussing this issue with you further during our call that is scheduled for tomorrow, April 22, 2021.

V.   **Defendants' Responses To The Document Requests Identified In Your Letter**

Defendants incorporate herein their objections and responses to the Document Requests discussed in your letter.

**RFP No. 1:**   Defendants estimate that they will produce the non-privileged document(s) responsive to this request that they indicated they would produce by May 7, 2021.

**RFP No. 6:**   Defendants estimate that they will produce the non-privileged document(s) responsive to this request that they indicated they would produce by May 7, 2021.

**RFP No. 9:**   Defendants are in the process of searching for and collecting the non-privileged documents responsive to this request that they indicated they would produce. Some documents concerning SBHD Claims can be collected from databases, and the collection of those documents has been in process. Other potentially responsive ESI will be located in custodial files using search terms negotiated by the Parties. We will provide a production estimate at the earliest opportunity.

**RFP No. 10:**   Your recap of our discussions of search terms and custodians is inaccurate. During our call, both sides agreed that they would exchange ideas about how to select custodians and develop search terms by April 9, 2021. Neither side was expected to provide names of custodians or search terms by April 9, 2021, and neither side did so. Nevertheless, we look forward to discussing these issues with you during our call tomorrow.

**RFP No. 11**:   *See* RFP No. 9 above.

**RFP No. 12:**   It is not clear from your letter what you are asking. We will discuss this request with you further during our call tomorrow.

**RFP No. 13:**   *See* Section I above.

**RFP Nos. 14 and 17:** *See* Section I above.

**RFP No. 16:** We indicated in our call that any "profitability studies" are totally irrelevant to Plaintiff's claims. You have failed to explain why any "profitability studies," if they exist, would be relevant to Plaintiff's claims. As indicated in their response, Defendants do not agree to produce any profitability studies.

**RFP Nos. 18, 19, and 20:** Defendants intend to produce relevant ID Cards as indicated in Section I above.

During our call, you indicated that Plaintiff also wants one copy of each version of the ID cards for a sample, instead of one copy of each card for each plan. We indicated that we do not know whether there is a template for ID cards and do not know if there is a document that identifies each version of each ID card, such that we do not know if it is possible to identify and produce one copy of each version of the ID cards, and would report back on those items. Upon investigation, there is no practical way to concisely provide the universe of possible formats for ID cards used by ELAP plans.

Contrary to your letter, Plaintiff did not request and Defendants did not agree to produce "a sample of five self-funded plan identification cards." It also is unclear what that would mean. Are you now asking Defendants to produce only five examples of plan identification cards, or are you now asking Defendants to produce five ID cards for each plan? Please clarify during our call tomorrow.

**RFP No. 21:** Defendants stand by their position with respect to this request. You say Plaintiff wants to know whether any websites referenced on any ID cards have changed over time. However, as you recognize, RFP No. 21 did not ask for that information and Plaintiff had not yet served a request for that information. Defendants will respond appropriately to any requests that information.

We look forward to discussing these issues with you further.

Very truly yours,

*/s/ Patrick M. Emery*
Patrick M. Emery, Esq.
Partner


CC via email: Kris Alderman, Esq.
Irene Oria, Esq.
Robert Wright, Esq.
Irene Bassel-Frick, Esq.
Gera R. Peoples, Esq.