UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-61007-SINGHAL/VALLE

SOUTH BROWARD HOSPITAL DISTRICT,
D/B/A MEMORIAL HEALTHCARE SYSTEM,
on its own behalf and on behalf of other similarly
situated healthcare facilities,

    Plaintiff,

v.

ELAP SERVICES, LLC, a Pennsylvania limited
liability company, and GROUP & PENSION
ADMINISTRATORS, INC., a Texas corporation,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO OVERRULE OBJECTIONS AND COMPEL ANSWERS FROM DEFENDANTS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

## INTRODUCTION

Defendants ELAP Services, LLC ("ELAP") and Group & Pension Administrators, Inc. ("GPA") (collectively, "Defendants") tout their business practices as responsibly managing healthcare costs by fighting excessive hospital bills. Yet Defendants are actually compensated based on a percentage of the very hospital bills they claim are excessive. And, remarkably, discovery has already revealed instances where ELAP made more money for auditing a bill than the providers who rendered the healthcare services. For example, Defendants produced a spreadsheet that contains a column of financial data titled "Final ELAP Fee" and the Final ELAP Fee is greater than the amount paid to the hospital for over 600 transactions. (ELAP0005484). Evidence of such excessive fees is devastating to Defendants under any theory of liability.

Plaintiff South Broward Hospital District, d/b/a Memorial Healthcare System ("Memorial"), thus propounded its Second Set of Interrogatories ("Interrogatories") on Defendants to discover the frequency of this inequitable practice and the extent of Defendants' ill-gotten gains. Specifically, the Interrogatories ask Defendants to identify (i) the revenue they earned in connection with each Claim[1] on a per-Claim basis during the class period and (ii) any available reports reflecting that revenue as well as the systems or databases used to retrieve such reports. Defendants refused to answer based on two objections. Both are meritless.

Defendants primarily object to answering the Interrogatories based on relevance. Defendants claim that the Court's order denying their Motion to Dismiss and to Strike Memorial's Class Allegations, *South Broward Hospital District v. ELAP Services, LLC*, 2020 WL 7074645 (S.D. Fla. Dec. 3, 2020) (D.E. 37) (the "MTD Order"), implicitly granted judgment in their favor

---

[1] Memorial defines the term "Claim" or "Claims" as "any facility claim that [ELAP or GPA] repriced, processed or reprocessed, and/or administered using Reference Based Pricing." Ex. A at 4 ¶ 2.

1

on Memorial's prayer for disgorgement damages pursuant to its unjust enrichment claim. The MTD Order did no such thing. It simply addressed the arguments raised by Defendants; Memorial's entitlement to disgorgement was not one of them. And disgorgement damages aside, the revenue information is relevant to whether Defendants' business practices are unfair (in violation of FDUTPA) and inequitable (constituting unjust enrichment).

Defendants also persist in their efforts to deny Memorial class discovery. Defendants assert the Interrogatories are overbroad and disproportionate to the needs of the case because they seek revenue-related information for non-Memorial Claims. But this is a nationwide class action. And the Court has already determined that the "shape and form" of this class action will evolve through the discovery process. *ELAP Servs.*, 2020 WL 7074645, at *11 (D.E. 37 at 23).

Defendants' objections must be overruled, and Memorial's Motion to Compel should be granted.

## PROCEDURAL HISTORY

Memorial served Defendants with the Interrogatories on May 17, 2021.[2] Defendants refused to provide any answers:

> **Interrogatory No. 13:** Please identify the amounts of any fees and/or revenues received by You, including the source of such fees and/or revenues, in connection with each Claim. Identify the fees and/or revenues on a per-Claim basis beginning January 1, 2016.
>
> **Response:** Defendant objects to this Request because it is vague and ambiguous. First, it is unclear what, if any, difference there are in "fees" and "revenues" in this context. Accordingly, Defendant interprets those words to mean the same thing in

---

[2] Although Memorial served separate Interrogatories on ELAP and GPA, the Interrogatories and Defendants' Responses are substantially identical. Unless otherwise noted, when Memorial references a particular Interrogatory or Response by number, Memorial is referring to both the Interrogatories served on ELAP and the Interrogatories served on GPA, or to both Responses served by Defendants. Memorial's Interrogatories to ELAP and GPA are attached as **Exhibit A** and **Exhibit B**, respectively. And ELAP's and GPA's Responses are attached as **Exhibit C** and **Exhibit D**, respectively.

the context of this Request. Second, it is unclear whether the Request seeks to discover any fees received by Defendant or only incremental or variable fees received because a Claim was incurred. Defendant interprets this Request to seek only information about incremental or variable fees received because a Claim was incurred. In other words, flat fees or per employee per month (PEPM) fees are not included in this Request. Defendant objects because the Request is overly broad, seeks information that is not relevant to any party's claims or defenses, and is disproportionate to the needs of the case at this juncture, when no proposed class has been certified, in that it seeks fees received in connection with all Claims, rather than only Claims incurred at [Memorial] facilities and a reasonable sample of Claims incurred at non-[Memorial] facilities. Defendant objects to identifying all claim-specific information for all Claims, let alone fees received in connection with all Claims. Defendant objects to this Request because it seeks information that is not relevant to any party's claims or defenses and is disproportionate to the needs of the case. Specifically, according to the Court, the benefits Plaintiff allegedly conferred on Defendants was "providing ELAP plan members with medical services at a discounted rate pursuant to the MultiPlan contract" and "providing treatments to patients with ELAP plans for which Defendants are legally obligated to provide and pay." (Doc. 37, at p. 17.) While those allegations are factually inaccurate, that is the unjust enrichment claim that the Court permitted to go forward, and it has nothing to do with fees paid to Defendant by its clients. Plaintiff has no legal right to recover any amounts paid to Defendant by its clients, and the amounts Defendant was paid by its clients are not relevant to any party's claims or defenses. Because information about the amounts Defendant was paid by its clients is not relevant or discoverable, no response will be provided to this Request.

**Interrogatory No. 14:** Please identify any reports available to determine the fees and/or revenues received by You, including the source of such fees and revenues, in connection with each Claim. Please also identify the systems or databases available to You to retrieve such reports.

**Response:** Defendant objects to this Request because it is vague and ambiguous. First, it is unclear what, if any, difference there are in "fees" and "revenues" in this context. Accordingly, Defendant interprets those words to mean the same thing in the context of this Request. Second, it is unclear whether the Request seeks to discover any fees received by Defendant or only incremental or variable fees received because a Claim was incurred. Defendant interprets this Request to seek only information about incremental or variable fees received because a Claim was incurred. In other words, flat fees or per employee per month (PEPM) fees are not included in this Request. Defendant objects because the Request is overly broad, seeks information that is not relevant to any party's claims or defenses, and is disproportionate to the needs of the case at this juncture, when no proposed class has been certified, in that it seeks fees received in connection with all Claims, rather than only Claims incurred at [Memorial] facilities and a reasonable sample of Claims incurred at non-[Memorial] facilities. Defendant objects to identifying all claim-specific information for all Claims, let alone fees received in connection with all Claims. Defendant objects to this Request because it seeks information that is

3

not relevant to any party's claims or defenses, and is disproportionate to the needs of the case. Specifically, according to the Court, the benefits Plaintiff allegedly conferred on Defendants was "providing ELAP plan members with medical services at a discounted rate pursuant to the MultiPlan contract" and "providing treatments to patients with ELAP plans for which Defendants are legally obligated to provide and pay." (Doc. 37, at p. 17.) While those allegations are factually inaccurate, that is the unjust enrichment claim that the Court permitted to go forward, and it has nothing to do with fees paid to Defendant by its clients. Plaintiff has no legal right to recover any amounts paid to Defendant by its clients, and the amounts Defendant was paid by its clients are not relevant to any party's claims or defenses. To the extent that this Request is aimed at determining the systems and system capabilities to generate reports that yield the information sought in Interrogatory No. 13, the systems capabilities of Defendant are irrelevant because Defendant does not object based on impossibility or undue burden. Instead, information about fees Defendant has been paid by its clients is simply not relevant; therefore, information about what reports may be generated concerning such fees is irrelevant.

On June 28, 2021, the parties engaged in a telephonic meet and confer to resolve Defendants' objections. The meet and confer quickly revealed that the objections turn on a fundamental disagreement over how to interpret the MTD Order. Defendants maintained their objection that the MTD Order limited the scope of, and remedies available for, Memorial's unjust enrichment claim. Memorial disagreed. The parties are thus at an impasse and require the Court's intervention.

## ARGUMENT

### A.     Defendants' Revenue-Related Information Is Relevant to the Issues Framed by the Pleadings.

The Amended Class Action Complaint asserts two claims against Defendants: violations of FDUTPA and unjust enrichment. In support of those claims, Memorial alleges, in relevant part:

> 65.    Ironically, ELAP claims that the amounts billed by providers are excessive and inflated despite the fact that ELAP is paid based on those amounts. That is to say, ELAP charges its clients 12% of the provider's total billed charges for any claim. So, as providers' billed charges go up, the more ELAP gets paid by its clients.
>
> 66.    GPA is paid in various ways, including a fixed fee based on the number of enrolled employees, access fees, a percentage of the plan's savings, or a

4

>    fee for administering the claims. Defendants accordingly profit exponentially as more members are enrolled and providers like Plaintiff are paid less.
>
>    67.   Defendants have no incentive to reduce the billed charges they claim are "unconscionable," because that would hurt their bottom line.
>
>    68.   To the contrary, their scheme is designed to underpay providers, take high fees from their clients (e.g., 12% of billed charges), and stick patients with the remaining balance of billed charges, leaving patients exposed to collection efforts and lawsuits, and unable to access providers for non-emergent care.

(D.E. 24 ¶¶ 65-68). Because of the unfair and inequitable nature of Defendants' business practices, Memorial seeks a judgment declaring that "Defendants must disgorge . . . all or part of the ill-gotten gains they received from their misconduct." (*Id*. at 39).

"'Disgorgement is an equitable remedy intended to prevent unjust enrichment.'" *Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So. 3d 689, 698 (Fla. 3d DCA 2018) (quoting *S.E.C. v. Monterosso*, 756 F.3d 1326, 1337 (11th Cir. 2014)). "The equitable remedy of disgorgement is measured by the defendant's ill-gotten profits or gains rather than the plaintiff's losses." *Id*. Discovering the amount of revenue Defendants gained from their improper Claims auditing process is therefore directly relevant to establishing the amount of damages they must disgorge pursuant to Memorial's unjust enrichment claim.

Ignoring Memorial's well-pleaded allegations and Florida law, Defendants argue that the Court limited the scope of the unjust enrichment claim in the MTD Order. They rely on the MTD Order's language that the benefits conferred on Defendants were "providing ELAP plan members with medical services at a discounted rate pursuant to the MultiPlan contract" and "providing treatments to patients with ELAP plans for which Defendants are legally obligated to provide and pay." (D.E. 37 at 17). In moving to dismiss, however, Defendants never argued that the unjust enrichment claim should be dismissed to the extent it sought disgorgement of Defendants' ill-gotten gains. (*See* D.E. 29 & D.E. 31). The quoted language instead merely reflects the Court's

5

rejection of Defendants' argument that Memorial "did not confer any direct benefit on Defendants for which it would be inequitable." *ELAP Servs.*, 2020 WL 7074645, at *11 (D.E. 37 at 23). Defendants have cited no authority, and Memorial is aware of none, supporting the sweeping proposition that discovery is permitted only on allegations referenced in an order denying a motion to dismiss. Thus, Defendants cannot rely on the MTD Order's silence on disgorgement to avoid answering Memorial's Interrogatories.

Defendants also ignore that their revenue-related information is relevant to establishing their liability for violations of FDUTPA and for unjust enrichment. "A practice is unfair under the FDUTPA if it 'offends established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.'" *State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 278 F. Supp. 3d 1307, 1326 (S.D. Fla. 2017) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)). "[T]he use of the term 'equitable' in reference to an unjust enrichment claim denotes fairness." *Duty Free World*, 253 So. 3d at 694. A reasonable juror could find that Defendants being compensated based on a percentage of the very hospital bills they claim are excessive, including being compensated more than the providers delivering the healthcare services, fits within the foregoing definitions. And the Court has concluded that Memorial's "extensive and detailed argument" as to how Defendants' scheme is unfair is "compelling" and raises "'question[s] of fact for the jury to determine.'" *ELAP Servs.*, 2020 WL 7074645, at *6 (D.E. 37 at 14).

Based on the foregoing, Defendants' objection to the relevance of information reflecting their revenue on a per-Claim basis should be overruled, and the Court should compel Defendants to provide complete answers.

### B.     Memorial Is Entitled to Answers for Class-wide Claims.

Defendants further object to answering the Interrogatories with respect to non-Memorial claims. Defendants' artificial limitation on discovery is improper and unwarranted. Memorial's allegations are not limited to Defendants' unfair practices toward Memorial. Rather, Memorial alleges an unfair scheme of nationwide reach that is ideally suited for class treatment.

At bottom, Defendants are endeavoring to bifurcate class discovery from merits discovery without a formal motion or court order. But as the Court recognized when it denied Defendants' attempt to "premature[ly]" dismiss Memorial's class allegations, "'the shape and form of a class action evolves only through the process of discovery.'" *ELAP Servs.*, 2020 WL 7074645, at *11 (D.E. 37 at 23). Further, permitting Defendants to limit discovery as they propose would create perverse incentives. "[I]f district courts as neutral arbiters of the law find the distinction between merits and class issues to be murky at best, and impossible to discern at worst," it is difficult to "imagine how parties with an incentive to hold back damaging evidence[] can properly draw the line between these categories of evidence during 'phased' discovery." *Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, 2011 WL 486123, at *2 (M.D. Fla. Feb. 7, 2011). This is particularly true with respect to the damning evidence that Defendants have been compensated more on Claims than the providers delivering the healthcare services.

Defendants cannot ignore the Court and unilaterally impose their own limitations on class discovery. This Court should therefore compel Defendants to answer the Interrogatories without limiting Defendants' answers to Memorial Claims only.

    **C.    The Requested Information Is Readily Accessible and Defendants Waived Their Objections by Partially Producing the Requested Information.**

Documents already produced by Defendants demonstrate that the requested information is readily accessible and can be easily compiled in an Excel spreadsheet. For example, Defendants produced a spreadsheet that contains over 14,000 transactions, the majority of which are not for Memorial, but rather other members of the putative class. (ELAP0005484).

By partially producing the information requested by Memorial, Defendants have waived their objection to the current Interrogatories. Not only have Defendants produced the requested fee information, but they also produced this information for other members of the putative class. Their current objections to both the subject of the requests and providing the information for all members of the putative class should be deemed waived.

## CONCLUSION

For the foregoing reasons, the Court should grant this Motion to Compel, overrule Defendants' objections, and direct Defendants to answer the Interrogatories described above.

## Request for Hearing

Plaintiff believes a hearing is warranted on this Motion due to the importance of the issues presented to healthcare providers nationwide, and because this case presents a complex multilayered healthcare scheme. A hearing will assist the Court in resolving the issues raised in this Motion. Plaintiff estimates that the Parties will require approximately thirty minutes of argument.

**S.D. Fla. L.R. 7.1(a)(3) Certification of Good Faith Conference**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiff certifies that they conferred with counsel for Defendants by telephone on June 28, 2021, in a good faith effort to resolve the issues raised in this Motion. The Parties were unable to reach a resolution.

Dated: July 15, 2021

/s/*Benjamin J. Widlanski*
**Gail McQuilkin, Esq.**
gam@kttlaw.com
Fla. Bar No. 969338
**Benjamin J. Widlanski, Esq.**
bwidlanski@kttlaw.com
Florida Bar No. 1010644
**Tal J. Lifshitz, Esq.**
tjl@kttlaw.com
Fla. Bar No. 99519
**Michael R. Lorigas, Esq.**
mlorigas@kttlaw.com
Fla. Bar No. 123597
**Eric S. Kay, Esq.**
ekay@kttlaw.com
Fla. Bar No. 1011803

**KOZYAK TROPIN & THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
(305) 372-1800

Respectfully submitted,

/s/ *Douglas A. Wolfe*
**Douglas A. Wolfe, Esq.**
doug@wolfepincavage.com
Fla. Bar No. 28671
**Danya J. Pincavage, Esq.**
danya@wolfepincavage.com
Fla. Bar No. 14616
**Omar Ali-Shamaa, Esq.**
omar@wolfepincavage.com
Fla. Bar No. 121461

**WOLFE | PINCAVAGE**
2937 SW 27th Ave., Suite 302
Miami, FL 33133
(786) 409-0800

*Counsel for Plaintiff*