# EXHIBIT D

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **SOUTH BROWARD HOSPITAL DISTRICT, D/B/A/ MEMORIAL HEALTHCARE SYSTEM,** on its own behalf and on behalf of other similarly situated healthcare facilities, :<br><br>Plaintiff,<br><br>**ELAP SERVICES, LLC and GROUP & PENSION ADMINISTRATORS, INC.,**<br><br>Defendants. | Case No. 0:20-cv-61007-AHS |

## DEFEENDANT GPA's RESPONSE TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Robert T. Wright, Jr., Esq.
FL Bar No. 185525
Irene Oria, Esq.
FL Bar No. 484570
**FisherBroyles, LLP**
199 E. Flagler St. #550
Miami, FL 33131
Tel.: (305) 536-2838
Facsimile: (305) 536-2838
Email: robert.wright@fisherbroyles.com
irene.oria@fisherbroyles.com

Patrick M. Emery, Esq., *pro hac vice*
GA Bar No. 821303
PA Bar No. 306672
Kris Alderman, Esq., *pro hac vice*
GA Bar No. 179645
**FisherBroyles, LLP**
945 East Paces Ferry Rd NE, Suite 2000
Atlanta, GA 30326
Tel.: (404) 793-0652
patrick.emery@fisherbroyles.com
kris.alderman@fisherbroyles.com

*Counsel for Defendants ELAP Services, LLC and Group & Pension Administrators, Inc.*

Pursuant to Federal Rule of Civil Procedure 33, Defendant, Group & Pension Administrators, Inc., through undersigned counsel, responds to Plaintiff's Second Set of Interrogatories to Defendant Group & Pension Administrators, Inc. (the "Requests") served by Plaintiff, South Broward Hospital District d/b/a/ Memorial Healthcare System ("SBHD").

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

The following objections to the "Definitions and Instructions" accompanying the Requests are incorporated into each response to each Request set forth below as if fully set forth therein:

1. Defendant objects to the Definitions and Instructions accompanying the Requests to the extent that they seek to impose obligations different from those required by the Federal Rules of Civil Procedure, the applicable Local Rules, and governing law. This objection applies to the Instructions concerning, *inter alia*, the production of ESI, assertions of privilege, identification of lost/destroyed/missing documents, redaction/excerpting, the production of drafts/duplicates/versions of documents, and the identification of documents responsive to the Requests.

2. Defendant objects to the Instructions and Definitions accompanying the Requests to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, and/or any other applicable privilege or immunity.

3. Defendant objects to each of the Definitions to the extent the Definition broadens the Requests to seek information that is not relevant to the parties' claims or defenses.

4. Defendant objects to the definitions of "You" insofar as it seeks to impose an obligation to produce documents that are not within the possession, custody, or control of Defendant.

5. Defendant's responses to these Requests are expressly made without waiving its defense of ERISA preemption.

6. Defendant's investigation of this matter and discovery are ongoing. Defendant reserves its right to supplement and/or amend its Responses to the Requests.

7. Unless otherwise agreed, Defendant's production of documents will be limited to the Parties' agreed upon timeframe of January 1, 2016 to the present.

8. Defendant's production of any ESI will be made pursuant to the Parties' ESI Protocol dated March 5, 2021.

9. Defendant's production of any production of confidential information in response to the Requests will be made pursuant to the Confidentiality Stipulation and Protective Order. [D.E. 42, 43].

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatory No. 13:** Please identify the amounts of any fees and/or revenues received by You, including the source of such fees and/or revenues, in connection with each Claim. Identify the fees and/or revenues on a per-Claim basis beginning January 1, 2016.

**Response:** Defendant objects to this Request because it is vague and ambiguous. First, it is unclear what, if any, difference there are in "fees" and "revenues" in this context. Accordingly, Defendant interprets those words to mean the same thing in the context of this Request. Second, it is unclear whether the Request seeks to discover any fees received by Defendant or only incremental or variable fees received because a Claim was incurred. Defendant interprets this Request to seek only information about incremental or variable fees received because a Claim was incurred. In other words, flat fees or per employee per month (PEPM) fees are not included in this Request. Defendant objects because the Request is overly broad, seeks information that is not relevant to any party's claims or defenses, and is disproportionate to the needs of the case at this juncture, when no proposed class has been certified, in that it seeks fees received in

connection with all Claims, rather than only Claims incurred at SBHD facilities and a reasonable sample of Claims incurred at non-SBHD facilities. Defendant objects to identifying all claim-specific information for all Claims, let alone fees received in connection with all Claims. Defendant objects to this Request because it seeks information that is not relevant to any party's claims or defenses and is disproportionate to the needs of the case. Specifically, according to the Court, the benefits Plaintiff allegedly conferred on Defendants was "providing ELAP plan members with medical services at a discounted rate pursuant to the MultiPlan contract" and "providing treatments to patients with ELAP plans for which Defendants are legally obligated to provide and pay." (Doc. 37, at p. 17.) While those allegations are factually inaccurate, that is the unjust enrichment claim that the Court permitted to go forward, and it has nothing to do with fees paid to Defendant by its clients. Plaintiff has no legal right to recover any amounts paid to Defendant by its clients, and the amounts Defendant was paid by its clients are not relevant to any party's claims or defenses. Because information about the amounts Defendant was paid by its clients is not relevant or discoverable, no response will be provided to this Request.

**Interrogatory No. 14:** Please identify any reports available to determine the fees and/or revenues received by You, including the source of such fees and revenues, in connection with each Claim. Please also identify the systems or databases available to You to retrieve such reports.

**Response:** Defendant objects to this Request because it is vague and ambiguous. First, it is unclear what, if any, difference there are in "fees" and "revenues" in this context. Accordingly, Defendant interprets those words to mean the same thing in the context of this Request. Second, it is unclear whether the Request seeks to discover any fees received by Defendant or only incremental or variable fees received because a Claim was incurred. Defendant interprets this

Request to seek only information about incremental or variable fees received because a Claim was incurred. In other words, flat fees or per employee per month (PEPM) fees are not included in this Request. Defendant objects because the Request is overly broad, seeks information that is not relevant to any party's claims or defenses, and is disproportionate to the needs of the case at this juncture, when no proposed class has been certified, in that it seeks fees received in connection with all Claims, rather than only Claims incurred at SBHD facilities and a reasonable sample of Claims incurred at non-SBHD facilities. Defendant objects to identifying all claim-specific information for all Claims, let alone fees received in connection with all Claims. Defendant objects to this Request because it seeks information that is not relevant to any party's claims or defenses, and is disproportionate to the needs of the case. Specifically, according to the Court, the benefits Plaintiff allegedly conferred on Defendants was "providing ELAP plan members with medical services at a discounted rate pursuant to the MultiPlan contract" and "providing treatments to patients with ELAP plans for which Defendants are legally obligated to provide and pay." (Doc. 37, at p. 17.) While those allegations are factually inaccurate, that is the unjust enrichment claim that the Court permitted to go forward, and it has nothing to do with fees paid to Defendant by its clients. Plaintiff has no legal right to recover any amounts paid to Defendant by its clients, and the amounts Defendant was paid by its clients are not relevant to any party's claims or defenses. To the extent that this Request is aimed at determining the systems and system capabilities to generate reports that yield the information sought in Interrogatory No. 13, the systems capabilities of Defendant are irrelevant because Defendant does not object based on impossibility or undue burden. Instead, information about fees Defendant has been paid by its clients is simply not relevant; therefore, information about what reports may be generated concerning such fees is irrelevant.

Dated: June 16, 2021

**FISHERBROYLES, LLP**

/s/ Irene Oria
Robert T. Wright, Jr., Esq.
FL Bar No. 185525
Irene Oria, Esq.
FL Bar No. 484570
199 E. Flagler St. #550
Miami, FL 33131
Tel.: (305) 536-2838
Fax: (305) 536-2838
robert.wright@fisherbroyles.com
irene.oria@fisherbroyles.com

Patrick M. Emery, Esq. (*pro hac vice*)
GA Bar No. 821303; PA Bar No. 306672
Kris Alderman, Esq. (*pro hac vice*)
GA Bar No. 179645
945 East Paces Ferry Rd NE, Suite 2000
Atlanta, GA 30326
Tel.: (404) 793-0652
patrick.emery@fisherbroyles.com
kris.alderman@fisherbroyles.com

**AKERMAN LLP**

Irene Bassel Frick, Esq.
FL Bar No. 0158739
Gera R. Peoples, Esq.
FL Bar No. 450022
401 E. Jackson Street, Suite 1700
Tampa, FL 33602-5250
Phone: (813) 223-7333
Fax: (813) 223-2837
irene.basselfrick@akerman.com
gera.peoples@akerman.com

*Counsel for Defendants ELAP Services, LLC and Group & Pension Administrators, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2021, I caused a copy of the foregoing to be emailed to all counsel of record, including counsel for Plaintiff identified on the Service List below.

/s/ *Irene Oria*
Irene Oria, Esq.

**SERVICE LIST**

**KOZYAK TROPIN & THROCKMORTON LLP**

Gail McQuilkin, Esq.
Tal J. Lifshitz, Esq.
Benjamin Jacobs Widlanski, Esq.
Eric S. Kay, Esq.
Michael Robert Lorigas, Esq.
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800
Facsimile: (305) 372-3508
gam@kttlaw.com
tjl@kttlaw.com
bwidlanski@kttlaw.com
ekay@kttlaw.com

*Counsel for Plaintiff*

**WOLFE | PINCAVAGE**

Douglas A. Wolfe, Esq.
Danya J. Pincavage, Esq.
Omar Ali-Shamaa, Esq.
2937 SW 27th Ave., Suite 302
Miami, FL 33133
Telephone: (786) 409-0800
doug@wolfepincavage.com
danya@wolfepincavage.com
omar@wolfepincavage.com