**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 20-CV-61007-AHS**

SOUTH BROWARD HOSPITAL DISTRICT, D/B/A MEMORIAL HEALTHCARE SYSTEM, on its own behalf and on behalf of other similarly situated healthcare facilities,

      Plaintiff,

vs.

ELAP SERVICES, LLC, a Pennsylvania limited liability company, and GROUP & PENSION ADMINISTRATORS, INC. a Texas corporation,

      Defendants.

_____/

**PLAINTIFF'S RESPONSES TO DEFENDANTS' SECOND
<u>REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF</u>**

Plaintiff, South Broward Hospital District d/b/a Memorial Healthcare System ("Memorial"), hereby serves its Responses to Defendants' Second Request for Production of Documents to Plaintiff, dated August 20, 2021.

Respectfully submitted,

/s/*Benjamin J. Widlanski*
**Gail McQuilkin, Esq.**
gam@kttlaw.com
Fla. Bar No. 969338
**Benjamin J. Widlanski., Esq.**
bwidlanski@kttlaw.com
Florida Bar No. 1010644
**Tal J. Lifshitz, Esq.**
tjl@kttlaw.com
Fla. Bar No. 99519
**Michael R. Lorigas, Esq.**
mlorigas@kttlaw.com
Fla. Bar No. 123597
**Eric S. Kay, Esq.**
ekay@kttlaw.com
Fla. Bar No. 1011803

**KOZYAK TROPIN &
THROCKMORTON LLP**
2525 Ponce de Leon Blvd., 9th Floor
Coral Gables, FL 33134
Telephone: (305) 372-1800

/s/ *Douglas A. Wolfe*
**Douglas A. Wolfe, Esq.**
doug@wolfepincavage.com
Fla. Bar No. 28671
**Danya J. Pincavage, Esq.**
danya@wolfepincavage.com
Fla. Bar No. 14616
**Omar Ali-Shamaa, Esq.**
omar@wolfepincavage.com
Fla. Bar No. 121461

**WOLFE | PINCAVAGE**
2937 SW 27th Ave.
Suite 302
Miami, FL 33133
Telephone: (786) 409-0800

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 29, 2021, the foregoing was served via electronic mail on:

| *Counsel for Defendants* ||
|---|---|
| **FISHERBROYLES, LLP**<br><br>Robert T. Wright, Jr., Esq.<br>Fla. Bar No. 185525<br>Irene Oria, Esq.<br>Fla. Bar No. 484570<br>199 E. Flagler St. #550<br>Miami, FL 33131<br>robert.wright@fisherbroyles.com<br>irene.oria@fisherbroyles.com<br><br>Patrick M. Emery, Esq. (*pro hac vice*)<br>Kris Alderman, Esq. (*pro hac vice*)<br>945 East Paces Ferry Rd NE, Suite 2000<br>Atlanta, GA 30326<br>patrick.emery@fisherbroyles.com<br>kris.alderman@fisherbroyles.com | **AKERMAN LLP**<br><br>Irene Bassel Frick, Esq.<br>Fla. Bar No.: 0158739<br>401 E. Jackson Street, Suite 1700<br>Tampa, FL 33602-5250<br>irene.basselfrick@akerman.com |

/s/ *Benjamin J. Widlanski*
   Benjamin J. Widlanski

3

## OBJECTIONS TO DEFENDANTS' INSTRUCTIONS & DEFINITIONS

1. Memorial objects to the definition of "Hospital." The definition is overbroad and includes facilities not at issue in this action, including Memorial Primary Care, Memorial Urgent Care, and Memorial Manor.

2. Memorial objects to the definition of "Plan" as vague and overbroad. As discussed in Memorial's Amended Complaint, ELAP fails to disclose its role as the "designated decision maker," and, therefore, Memorial is unaware which self-funded healthcare plans ELAP serves as a designated decision maker. Memorial will respond to the extent it is aware which self-funded healthcare plans ELAP serves as the designated decision maker.

3. Memorial objects to the definition of "Patient" as vague and overbroad. As discussed in Memorial's Amended Complaint, ELAP conceals its identity, and, therefore, Memorial is unable to determine which patients are members of a self-funded plan administered by ELAP. Memorial also objects to the definition to the extent it includes patients at other healthcare facilities in the potential putative class. Memorial will respond to the extent it is aware which patients are members or beneficiaries of a self-funded healthcare plan administered by ELAP.

## RESPONSES TO REQUEST FOR PRODUCTION

106. Copies of the data reports or documents reviewed by Jeffrey Bross to prepare his Declaration dated July 30, 2021.

**Response**: Objection. This request is overbroad and not proportional to the needs of the case. Memorial further objects to this request on the basis that U.S. Magistrate Judge Alicia O. Valle already denied Defendants' prior requests for production and interrogatories (*e.g.,* Interrogatory Nos. 5 – 7 and Request for Production Nos. 59 – 61) seeking the same reimbursement data requested in Request No. 106. *See* D.E. 73. Specifically, the Court ruled that Memorial was to provide the 2021 transparency report, along with a stipulation as to the applicability of the reimbursement rates in the 2021 transparency report to the relevant time period (2016 – 2020), and/or represent any changes to the rates in 2016 – 2020 on percentage basis compared to the rates in the 2021 transparency report. June 24, 2021 Hr'g Tr. at 130:6-25; 131:1-13; 180:13-20. Defendants explicitly agreed to this approach during the June 24, 2021 hearing on Defendants' five motions to compel. *Id.* at 129:13-25; 130:1-25; 131:1-13. Memorial complied with the Court's Order and provided Defendants with a sworn declaration relating to the reimbursement data. Defendant's request for the underlying data is therefore irrelevant to the to the claims at issue, beyond the scope of this matter, and violates the Court's June 24, 2021 order denying Defendants' motions to compel.

107. A spreadsheet or other report reflecting the data points on the UB-04, EDI 835, and EDI 837 forms for each Healthcare Claim.

**Response**: None. Memorial is unable to run a report reflecting all the data points on the UB-04, EDI 835, and EDI 837 for the claims at issue.

108. A copy of each version of the spreadsheets, reports, or other documents prepared or used by SBHD's managed care and/or compliance departments to track Healthcare Claims, including the "report" and/or the "reference based pricing spreadsheet" referenced in the document produced by SBHD at Bates number MHS011603 and other records produced by SBHD to date.

**Response**: Objection. This request is overbroad, unduly burdensome, and not proportional to the needs of the case as it seeks every version of a confidential spreadsheet, and Memorial is unable to discern (much less retrieve) every version of such spreadsheets or reports. Memorial further objects to this request as it seeks documents protected by the attorney-client privilege and work-product doctrine, as these documents were prepared in anticipation of litigation. *See* Memorial's Privilege Log. Moreover, Memorial has previously produced a spreadsheet identifying the claims at issue. Thus, Memorial's reference-based pricing spreadsheet(s), which may include claims for payors that are not parties or part of this action is wholly irrelevant and beyond the scope of this action.

109. All communications concerning the documents produced in response to the foregoing Request No. 106.

**Response**: *See* Memorial's response to RFP No. 106. Memorial further objects to this request as it seeks communications protected by the attorney-client privilege and work-product doctrine. *See* Memorial's Privilege Log.

110. Copies of any data or reports provided by SBHD to the American Hospital Association for its Annual Survey of Hospitals (as referenced in the document produced by SBHD at Bates number MHS000252) between 2016 and 2020.

**Response**: Objection. This request is overbroad and not proportional to the needs of the case. Data or reports provided to the American Hospital Association regarding the Annual Survey of Hospitals bears no perceptible relevance to this action, as the American Hospital Association is not a party nor a potential class member. Moreover, U.S. Magistrate Judge Alicia O. Valle has already denied Defendants' prior requests for production and interrogatories (*e.g.,* Interrogatory Nos. 5, 6, 10 and Request for Production Nos. 28, 29, 57, 58) seeking similar cost and reimbursement information requested in Request No. 110. *See* D.E. 73. Specifically, the Court ruled that Memorial was to provide the Medicare Cost Reports for 2016 – 2020 and stipulate as to the applicability of the cost information in those reports. June 24, 2021 Hr'g Tr. at 179:14-24. The Court also ruled that Memorial was to provide its reimbursement information by providing the 2021 transparency report, along with a stipulation as to the applicability of the reimbursement rates in the 2021 transparency report to the relevant time period (2016 – 2020), and/or represent any changes to the rates in 2016 – 2020 on percentage basis compared to the rates in the 2021 transparency report. *Id.* at 130:6-25; 131:1-13; 180:13-20. Defendants explicitly agreed to this

approach during the June 24, 2021 hearing on Defendants' five motions to compel. *Id.* at 129:13-25; 130:1-25; 131:1-13. Memorial complied with the Court's Order and stipulated to the applicability of the Medicare Cost Reports and provided Defendants with a sworn declaration relating to the reimbursement data. Defendant's request for the underlying data is therefore irrelevant to the to the claims at issue, beyond the scope of this matter, and violates the Court's June 24, 2021 order denying Defendants' motions to compel.