UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61007-SINGHAL/VALLE

SOUTH BROWARD
HOSPITAL DISTRICT, d/b/a
MEMORIAL HEALTHCARE SYSTEM,

      Plaintiff,

v.

ELAP SERVICES, LLC, and
GROUP & PENSION ADMINISTRATORS, INC.,

      Defendants.

_____

## ORDER ON DISCOVERY MOTION

THIS CAUSE is before the Court upon Defendants Elap Services, LLC's and Group &

Pension Administrators, Inc.'s (together, "Defendants") Motion to Compel Responses to

Interrogatory 21, Request for Production ("RFP") 106, and RFP 110 (the "Motion") (ECF No. 89).

Having reviewed the Motion, Plaintiff's Response (ECF No. 92), and being duly advised in the

matter, the Motion is **GRANTED IN PART AND DENIED IN PART** for the reasons set forth

below.[1]

## I.     RELEVANT BACKGROUND AND THE MOTION

On June 24, 2021, the undersigned held a hearing on several discovery motions filed by

the parties. Relevant here is the Court's ruling on Defendants' motion to compel discovery

---

[1] In the Motion, Defendants request oral argument based on "the complexity and significance of
this putative nationwide class action." *See* (ECF No. 89 at 9).  Having held a five-hour hearing on
seven previous discovery motions, *see* (ECF No. 92-1) (Transcript of June 24, 2021 discovery
hearing), the undersigned finds that a hearing on the motion is unnecessary.  The Court is well-
acquainted with the parties and the issues in the case.  Accordingly, Defendants' request for a
hearing is **DENIED**.

regarding Plaintiff's costs and reimbursements.  *See* (ECF No. 59).  At the conclusion of the hearing, the undersigned ordered Plaintiff to produce all cost reports between 2016 and 2020 and consider a stipulation as to the accuracy of those reports.  (ECF No. 92-1 at 179:14-23).  Similarly, Plaintiff was ordered to produce its 2021 Transparency Report and consider "the possibility of a stipulation [regarding] the applicability of the 2021 [reimbursement] rates for prior years, [i.e.], for 2016 through 2020."  *Id*. at 180:13-20.

In compliance with the Court's order, Plaintiff produced cost reports for 2016 through 2020, along with a stipulation regarding their accuracy.[2]  (ECF No. 92 at 3).  As to the 2021 Transparency Report, Plaintiff produced the 2021 Report along with a Declaration from Jeffrey Bross, Senior Vice President of Managed Care, listing percentage changes between the 2021 reimbursement rates and the rates from 2016 through 2020.  (ECF No. 92 at 1); *see also* (ECF No. 89-1) ("Bross Declaration").   The instant Motion followed.

The Motion involves: (i) RFP 106, seeking documents Jeffrey Bross reviewed to prepare the Bross Declaration; (ii) Interrogatory 21, seeking an explanation of how Bross calculated the "year-to-year weighted average changes in expected payment" contained in the Bross Declaration; and (iii) RFP 110, seeking production of documents Plaintiff provided to the American Hospital Association ("AHA") for inclusion in the AHA's annual surveys.  *See generally* (ECF No. 89 at 1).  Each request is discussed below.

      *A.*      *RFP 106 and Interrogatory 21 (the Bross Declaration)*

In opposing Defendants' RFP 106 and Interrogatory 21, Plaintiff argues that it has complied with the Court's June 2021 Order by producing the 2021 Transparency Report and the Bross Declaration.  (ECF No. 92 at 1-2).  Plaintiff asserts that it offered to stipulate that its

---

[2] Defendants do not contest this claim.  *See generally*, (ECF No. 89).

reimbursement rates for 2016 – 2020 "are based on the Bross Declaration and percentage changes indicated therein," but Defendants declined to stipulate and instead insisted on obtaining the underlying data or documents "even though it was contrary to the parties' agreement and the Court's ruling." (ECF No. 92 at 4).

The Court's ruling as to the 2021 Transparency Reports is unambiguous:  Plaintiff was ordered to produce its 2021 Transparency Report and consider "the possibility of a stipulation [regarding] the applicability of the 2021 [reimbursement] rates for prior years, [i.e.], for 2016 through 2020." (ECF No. 92-1 at 180:13-20).  As Defendants correctly note, a declaration unilaterally drafted and signed by a party opponent, even under penalty of perjury, is not the same as a stipulation mutually agreed to by both sides.  *See* (ECF No. 89 at 6).  For this reason, a party is generally entitled to test the accuracy and completeness of statements and assertions made by a party opponent in a sworn declaration.  *See, e.g., ABS Healthcare Servs., LLC et al v. Maxim Health Inc.*, 20-CV-61456 (S.D. Fla. Nov. 17, 2021) (ECF No. 99 at 4); *see also Ventrassist Pty Ltd. v. Heartware, Inc*., 377 F.Supp.2d 1278, 1288 (S.D. Fla. 2005) (holding that plaintiffs did not have to "simply accept the averments in the Declarations at face value," but could conduct discovery to determine whether there exists a basis to challenge them).

Thus, the Motion as it relates to RFP 106 and Interrogatory 21 is **GRANTED**.  Accordingly, within **21 days** from the date of this Order, Plaintiff must provide: (i) copies of the data reports or documents that were used to prepare the Bross Declaration; and (ii) an explanation of how Plaintiff and/or Jeffrey Bross calculated the "year-to-year weighted average changes in expected payment" contained in the Bross Declaration.

B.    *Request for Production 110*

In RFP 110, Defendants seek data or reports that Plaintiff provided to the AHA between 2016 and 2020 for inclusion in the AHA's Annual Survey of Hospitals.  (ECF No. 89 at 4).

According to Defendants, this information is relevant because Plaintiff cited to an AHA Fact Sheet in its Amended Complaint. *Id*. at 2, 7-9; *see also* (ECF No. 24 at ¶¶ 39-40).

While this information may be tangentially relevant, the undersigned finds that it is cumulative and duplicative. *See Wynmoor Cmty. Council, Inc. v. QBE Ins. Corp*., 280 F.R.D. 681, 685 (S.D. Fla. 2012) (noting that the court must limit the frequency or extent of permissible discovery if the discovery sought is unreasonably cumulative or duplicative) (citing to Fed. R. Civ. P. 26(b)).  Here, Defendants have already received substantial discovery on Plaintiff's costs and reimbursements.  Accordingly, the Motion as it relates to Request No. 110 is **DENIED**.

## II.     CONCLUSION

For the reasons set forth above, Defendants' Motion (ECF No. 89) is **GRANTED IN PART AND DENIED IN PART** as follows:

1.  By **January 7, 2022**, Plaintiff shall produce: (i) copies of the data reports or documents that were used to prepare the Bross Declaration; and (ii) an explanation of how Plaintiff and/or Jeffrey Bross calculated the "year-to-year weighted average changes in expected payment" contained in the Bross Declaration.

2.  Defendants' Motion as to RFP 110 is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on December 17, 2021.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Smith
All Counsel of Record