UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-CV-61007-SINGHAL/VALLE

SOUTH BROWARD HOSPITAL DISTRICT d/b/a
MEMORIAL HEALTHCARE SYSTEM, on behalf of
itself and all others similarly situated,

    Plaintiff,

v.

ELAP SERVICES, LLC, a Pennsylvania limited
liability company, and GROUP & PENSION
ADMINISTRATORS, INC., a Texas corporation,

    Defendants.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF**
***DAUBERT* MOTION TO EXCLUDE THE OPINIONS OF**
**DEFENDANTS' REBUTTAL EXPERT, BRUCE A. STROMBOM**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................iii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

    I.    THE COURT SHOULD EXCLUDE STROMBOM'S OPINIONS RELATING TO HOSPITALS' KNOWLEDGE AND STATE OF MIND. ......................................................... 2

    II.    STROMBOM'S CRITICISMS OF ABERNATHY'S DAMAGES METHODOLOGY ARE UNRELIABLE AND UNHELPFUL. ........................................................................... 6

    III.    STROMBOM'S OPINION ON UNJUST ENRICHMENT DAMAGES IS INADMISSIBLE. ..................................................................................................................... 9

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Bennett v. Quest Diagnostics, Inc.*,
   2023 WL 3884117 (D. N.J. June 8, 2023) ................................................................................ 7

*Chaney v. State Farm Mut. Auto. Ins. Co.*,
   2015 WL 12838839 (M.D. Fla. Dec. 9, 2015) ......................................................................... 8

*Companhia Energetica Potiguar v. Caterpillar Inc.*,
   2016 WL 7507848 (S.D. Fla. Aug. 1, 2016) ............................................................................ 4

*Home Design Servs., Inc. v. Hibiscus Homes of Fla., Inc.*,
   2005 WL 2465020 (M.D. Fla. Oct. 6, 2005) ........................................................................... 6

*In re Wellbutrin XL Antitrust Litigation*,
   308 F.R.D. 134 (E.D. Pa. 2015) .............................................................................................. 3

*Kumho Tire Co. Ltd. v. Carmichael*,
   526 U.S. 137 (1999) ................................................................................................................ 6

*La Gorce Palace Condo. Ass'n, Inc. v. Blackboard Specialty Ins. Co.*,
   586 F. Supp. 3d 1300 (S.D. Fla. 2022) ................................................................................... 7

*McClain v. Metabolife Int'l, Inc.*,
   401 F.3d 1233 (11th Cir. 2005) ............................................................................................... 6

*MDG International, Inc. v. Australian Gold, Inc.*,
   2009 WL 1916728 (S.D. Ind. June 29, 2009) ....................................................................... 10

*Ohio State Troopers Association, Inc. v. Point Blank Enterprises, Inc.*,
   2020 WL 1666763 (S.D. Fla. Apr. 3, 2020) ........................................................................... 5

*Pleasant Valley Biofuels, LLC v. Sanchez-Medina*,
   2014 WL 2855062 (S.D. Fla. June 23, 2014) ......................................................................... 8

*Romano v. John Hancock Life Ins. Co. (USA)*,
   2022 WL 1447733 (S.D. Fla. May 9, 2022) ........................................................................ 3, 4

*Scott v. Chipotle Mexican Grill, Inc.*,
   315 F.R.D. 33, 47 (S.D.N.Y. 2016). ................................................................................... 6, 8

*Tershakovec v. Ford Motor Co., Inc.*,
   -- F.4th --, 2023 WL 4377585 (11th Cir. July 7, 2023) .......................................................... 5

*U.S. v. Frazier*,
   387 F. 3d 1244 (11th Cir. 2004) .............................................................................................. 4

**INTRODUCTION**

Defendants hired Bruce A. Strombom to undermine class certification. As Memorial established in its motion, however, Strombom's opinions, which he offers as an economist, are inadmissible under *Daubert* because he is either unqualified to render his opinions, fails to support his opinions with true expert analysis and instead merely serves as a mouthpiece for Defendants' theory of the case, or opines on irrelevant issues. *See* Memorial's *Daubert* Mot. to Exclude the Opinions of Defs.' Rebuttal Expert, Bruce A. Strombom [D.E. 172] (the "Motion"). Defendants' Response [D.E. 174] fails to rehabilitate Strombom.

Defendants first attempt to justify Strombom's opinions that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ This justification is factually inaccurate. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Such legal arguments are reserved for Defendants' counsel. Strombom's speculative opinions are thus beyond the scope of expert testimony, regardless of his qualifications. His opinions also fail to consider contradictory evidence without adequately explaining either why the evidence does not impact his opinions or how it impacts his opinions. This results in opinions rife with analytical gaps that Memorial cannot cure through cross-examination at class certification. The Court should exclude Strombom's opinions on hospitals' knowledge and state of mind.

Defendants next argue that Strombom's opinions on the reliability of the damages methodology proposed by Memorial's expert, J. Mark Abernathy, are admissible. Although Defendants concede that Abernathy's model is consistent with the "real world," Defendants fail to explain how Strombom's criticisms of that model are based on the real world. Strombom's

1

criticisms read more like a *Daubert* motion than a rebuttal expert report. Defendants identify no economic factors or industry research on which Strombom relied to support his opinions. Strombom instead opines on ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ Again, those are arguments reserved for Defendants' counsel, not admissible expert opinions.

Finally, Defendants argue that Strombom's opinion that ███████████████████████████████████████████████████████████████████████████████████████ is reliable and helpful expert testimony. But Abernathy's fair market value methodology applies to the Nationwide Issue Class and his opinion on ELAP's fees was not offered as a damages model. Strombom's opinion is thus wrong and does not rebut any Abernathy opinion. Defendants claim that Strombom may still render his opinion because he is also offering affirmative opinions.████████████████████████████████████████████████████████████████████████████████████

Beyond that, Strombom's opinion merely bolsters the testimony of Defendants' witnesses without adding any expert analysis. Strombom's opinion is therefore inadmissible.

The Court should preclude Strombom from offering opinions on whether Memorial's claims may be certified and disregard them when ruling on class certification.

## ARGUMENT

**I.  THE COURT SHOULD EXCLUDE STROMBOM'S OPINIONS RELATING TO HOSPITALS' KNOWLEDGE AND STATE OF MIND.**

Strombom opines ███████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████ *See* Rebuttal Expert Report of Bruce A. Strombom, Ph.D. ("Strombom

2

Report") [D.E. 172-2] §§ III & VI. Memorial argued that these opinions fail to satisfy all three *Daubert* requirements. Mot., § I. Defendants raise a host of arguments hoping to rescue Strombom's opinions. None has merit.

Defendants first argue that Strombom is qualified because █████████████████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████ Resp. at 5-7. But Strombom states his opinions in terms of █████ ████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████

*See* Strombom Report, ¶¶ 9(i), 9(ii)(b), 9(iv), 41-65, 100-109, 129-135, and 138-139. These are specific opinions on hospitals' knowledge and states of mind. *See Romano v. John Hancock Life Ins. Co. (USA)*, 2022 WL 1447733, at *29 (S.D. Fla. May 9, 2022) (holding that an expert's opinion regarding the actions taken by class plaintiffs based on information available to them "is a specific opinion about [their] state of mind" and is thus inadmissible). Defendants fail to explain how Strombom is qualified to render such opinions.[1] Regardless of Strombom's qualifications, his opinions on hospitals' knowledge and states of mind are inadmissible. *Id*.

Defendants next argue that Strombom's opinions are not speculative and that he conducted an independent analysis to support his opinions. Resp. at 8-10. Both arguments fail. Each of Strombom's conclusions ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ *See* Strombom Rep. ¶¶ 42, 45-46, 48-55, 57-59, 65, 106, 108-109, 129-32, 135, 138. Courts routinely exclude similar expert

---

[1] Defendants' reliance on *In re Wellbutrin XL Antitrust Litigation*, 308 F.R.D. 134, 144-145 (E.D. Pa. 2015), as evidence of Strombom's qualifications here is misplaced. *In re Wellbutrin*, an antitrust action alleging inflated drug prices, says nothing about whether Strombom is qualified to opine on hospital admission or reimbursement practices. Memorial maintains that Strombom is unqualified to opine on hospitals' knowledge or states of mind.

3

opinions that express "an intrinsically probabilistic or quantitative idea" when "the probability" of the opinions is "unclear, imprecise, and ill-defined." *See, e.g.*, *U.S. v. Frazier*, 387 F. 3d 1244, 1264-66 (11th Cir. 2004) (an expert's opinion that was qualified by the phrase "would be expected" was inadmissible because it was impossible to discern whether it meant "more likely than not," "substantially more likely than not," or "a virtual certainty"); *Romano*, 2022 WL 1447733, at *30 ("[T]he equivocal nature of [the rebuttal expert's] opinion on this subject (i.e., '*can* be argued' and '*arguably* violated'[)] renders it unduly speculative and of no assistance to the trier of fact.").

Defendants also fail to prove that Strombom's opinions are reliable despite his failure to consider contradictory evidence. In the Motion, Memorial identified contradictory evidence from Defendants and Memorial that Strombom failed to consider when forming his opinions. Mot. at 10-12. Defendants argue that Strombom is excused from failing to consider contradictory evidence from Defendants because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Resp. at 9-10. But Strombom did not explain "how he determined that it did not change his opinions." *Companhia Energetica Potiguar v. Caterpillar Inc.*, 2016 WL 7507848, at *3 (S.D. Fla. Aug. 1, 2016) (excluding expert's opinions because he failed to consider evidence contradictory to his opinions and did not explain how such evidence would not change his opinions). On the contradictory testimony from Memorial, Defendants only dispute the truth of the evidence; they have no justification for Strombom's admissions that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Mot. at 11. Cross-examination alone cannot cure this defect.

Finally, Defendants argue that Strombom's opinions on hospitals' knowledge are relevant under the applicable law and helpful to the Court's class certification analysis. Again, both arguments fail. Hospitals' knowledge is irrelevant to Memorial's FDUTPA claim. The Eleventh

Circuit recently reaffirmed the well-settled principle that "individualized inquiry into what each plaintiff knew and relied on" is irrelevant to the class certification of FDUTPA claims. *See Tershakovec v. Ford Motor Co., Inc.*, -- F.4th --, 2023 WL 4377585, at *6 (11th Cir. July 7, 2023). The same is true with respect to Memorial's unjust enrichment claim. *See* Mot. at 13.

      Defendants are also wrong that Strombom's opinion will aid the Court's class certification analysis. They attempt to distinguish *Ohio State Troopers Association, Inc. v. Point Blank Enterprises, Inc.*, 2020 WL 1666763 (S.D. Fla. Apr. 3, 2020), where the court struck portions of Strombom's report that contained improper factual narrative, by contending that only a single sentence of Strombom's report in *Ohio State Troopers* was excluded. Not so. In *Ohio State Troopers*, the Court not only identified *two paragraphs* in Strombom's affirmative report that were improper, but also noted that there were others, and identified improper narratives in his rebuttal report. *See id.* at *16, n.24; *see also id.* at *18 (striking Strombom's statement in his rebuttal report that customers "'would not be expected to purchase SSBS products repeatedly, let alone in increasing numbers, if users did not generally find them to be satisfactory'"). Unlike the plaintiffs in *Ohio State Troopers*, Memorial has expressly identified the paragraphs of the Strombom Report that contain improper factual narratives and attorney argument.

      This Court is more than capable of reviewing the record and determining whether individualized issues predominate without considering the arguments advanced by Strombom. While Strombom's ███████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████ Strombom opines on ███████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ Such

opinions are inadmissible. *See Scott*, 315 F.R.D. at 48-49 (holding that a rebuttal expert on plaintiff's expert's class-wide damages model "overstepped his authority" by opining on whether class certification is possible based on record evidence, including that "'the group average may not be a valid and reliable measure of the individual experiences" of absent class members).

The Court should strike paragraphs 9(i), 9(ii)(b), 9(iv), 41-65, 100-09, 129-35, and 138-39 of the Strombom Report, prohibit Strombom from offering those opinions, and disregard them when ruling on class certification.

## II. STROMBOM'S CRITICISMS OF ABERNATHY'S DAMAGES METHODOLOGY ARE UNRELIABLE AND UNHELPFUL.

While the role of a defense rebuttal expert "is to undermine the soundness" of the plaintiff's expert's conclusions, his opinions still "must be reliable and helpful to the trier of fact." *Scott v. Chipotle Mexican Grill, Inc.*, 315 F.R.D. 33, 47 (S.D.N.Y. 2016). The proponent of rebuttal expert testimony carries the burden of proving by a preponderance of evidence that the opinions satisfy the *Daubert* factors. *See Home Design Servs., Inc. v. Hibiscus Homes of Fla., Inc.*, 2005 WL 2465020, at *6-7 (M.D. Fla. Oct. 6, 2005) (excluding rebuttal expert opinions because the plaintiff failed to carry its burden of proving that the expert satisfied the *Daubert* standards). Defendants have failed to carry their burden.

Courts generally consider four nonexclusive *Daubert* factors when evaluating the reliability of an expert's methodology, including "whether the theory and methodology employed is generally accepted in the relevant scientific community." *McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1251 (11th Cir. 2005) (citing *Daubert*, 509 U.S. at 593–94). The *Daubert* factors "may or may not be pertinent in assessing reliability, depending on the nature of the issue, the expert's particular expertise, and the subject of his testimony." *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 150 (1999). For example, an expert may base his opinions on professional experience;

6

but "a witness relying solely or primarily on experience must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *La Gorce Palace Condo. Ass'n, Inc. v. Blackboard Specialty Ins. Co.*, 586 F. Supp. 3d 1300, 1309 (S.D. Fla. 2022) (cleaned up).

Strombom's opinion on the reliability of Abernathy's damages methodology primarily relies on two criticisms: (1) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and (2) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Strombom Report, § IV.B. These critiques are not supported by either the *Daubert* factors or Strombom's professional experience.

On ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Memorial argued that the Court should exclude Strombom's opinion because it is misleading, not grounded in economic reality, and therefore unreliable and unhelpful. Mot. at 16-18. But the economic reality is that both public and private payors (and Defendants), calculate reimbursement rates for hospital claims using standardized formulae as a matter of industry practice. *Id.*; *see also* Resp. to Defs.' Mot. to Exclude Expert Report and Testimony of James Mark Abernathy [D.E. 175] ("Abernathy Resp.") at 6-11. Defendants concede that "[n]othing prohibits payors from using standardized formulas to determine what to pay or allow for hospital services ***in the real world***." Resp. at 15 (emphasis added). Strombom, however, would have this Court ignore the "real world" and instead apply legal standards from distinct cases involving different issues.[2] *Id.*; *see also* Strombom Report at ¶¶ 91,

---

[2] Defendants and Strombom argue that Abernathy failed to consider various factors from a line of cases denying class certification to uninsured patients who sought to avoid paying hospitals' full billed charges. Memorial detailed why those cases are inapplicable here in its response to Defendants' motion to exclude Abernathy's opinions. *See* D.E. 175 at 6-15. Memorial incorporates those arguments herein. The same reasoning applies to *Bennett v. Quest Diagnostics, Inc.*, 2023 WL 3884117 (D. N.J. June 8, 2023), relied upon in Defendants' Response.

7

95. This is attorney argument (which lacks legal or logical support), not expert analysis.

Strombom neither provides an independent economic basis nor cites any industry standard for why ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ Multiple courts have recognized that it is standard practice in the healthcare industry to use averages derived from market-based data to calculate the reimbursement rates for medical services. *See* Abernathy Resp. at 10. And Strombom does not (and cannot) claim that Abernathy's methodology is not generally accepted in the healthcare industry based on his experience. To the contrary, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See* Strombom Dep. [D.E. 172-3] 56:7-60:18. Moreover, Strombom ███████████████████████████████████ *See id*. at 58:10-16. The same issues apply to Strombom's criticism about ███████████████████████████████████████████

Absent citation to accepted economic principles or specific relevant professional experience, Strombom merely tells the Court what legal standards apply and that, under those standards, the existence and amount of damages cannot be calculated on a class-wide basis. This exceeds the permissible scope of expert testimony. *See Chaney v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 12838839, at *5 (M.D. Fla. Dec. 9, 2015) ("[W]hen an expert offers testimony as to the applicable legal standard, he must clearly establish the connection between his understanding of the law and how it is relevant to his opinion with respect to the industry standard or practice."); *Pleasant Valley Biofuels, LLC v. Sanchez-Medina*, 2014 WL 2855062, at *5 (S.D. Fla. June 23, 2014) ("An expert witness may not testify as to the state of the law . . .."); *Scott*, 315 F.R.D. at 48-

49 (rebuttal expert on plaintiff's class-wide damages model "overstepped his authority" by opining on whether certification was possible based on evidence, including that "'the group average may not be a valid and reliable measure of the individual experiences" of class members).

### III. STROMBOM'S OPINION ON UNJUST ENRICHMENT DAMAGES IS INADMISSIBLE.

Strombom opines that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Strombom Report § V. Memorial argued that Strombom's opinion on unjust enrichment damages is inadmissible because it exceeds the scope of rebuttal expert testimony, is not the product of a reliable methodology, and is not beyond the understanding of the average trier of fact. Mot. at 18-20. Defendants' Response fails to save Strombom's opinion.

Defendants argue two points on the scope of Strombom's opinion: (1) Strombom is directly rebutting Abernathy's unjust enrichment damages model and (2) Strombom's opinion may be used affirmatively. Resp. at 18-19. On the former, Strombom limited his opinion ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Strombom Report § V. But Abernathy's fair market value methodology also applies to the Nationwide Issue Class. *See* Memorial's Mot. for Class Cert. [D.E. 141] at 24-25 n.12. Thus, Strombom's opinion that Abernathy did not propose a methodology for the Nationwide Issue Class is wrong.

In any event, Abernathy does not opine that ELAP's fees are a reliable measure of disgorgement damages for an unjust enrichment claim; he only calculated the fees ELAP collected for each claim at issue with positive damages under his fair market value methodology. *See* Abernathy Rep. [D.E. 172-22], Op. #3 & ¶¶ A-C. Strombom's report is titled, "Rebuttal Expert Report," and Strombom testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Strombom Dep. 6:21-7:19. Strombom's opinion is thus not proper rebuttal testimony.

Regardless of the characterization of Strombom's opinion, it is still unreliable because

9

Strombom did not verify the accuracy of the facts upon which it is based. Defendants argue the opinion is reliable because it is supported by both testimony and "cost data," and thus Strombom had no obligation to confirm the accuracy of the testimony upon which he relied. But the only  See D.E. 141-55. Strombom Report, ¶ 122 n.209. Further, Strombom states that Id. at ¶ 124. The basis for this understanding is a mystery. Strombom does not cite any record evidence to support his understanding. And Strombom testified that Strombom Dep. 42:10-14. Strombom either made that assumption himself or it was supplied by Defendants' counsel. Either way, it is the same type of unreliable expert opinion that was excluded in *MDG International, Inc. v. Australian Gold, Inc.*, 2009 WL 1916728 (S.D. Ind. June 29, 2009).

Strombom's opinion is also unhelpful. Defendants cite paragraphs 118 through 124 to show that Strombom explains Resp. at 19-20. The cited text, however, is silent on Strombom is simply explaining that —a core economic principle that does not require expert input. Strombom's opinion on unjust enrichment damages is inadmissible.

## CONCLUSION

The Court should exclude Strombom's opinions on the issues addressed above and disregard them when ruling on class certification.

Respectfully submitted: July 14, 2023.

| | |
|---|---|
| /s/*Benjamin J. Widlanski*<br>**Benjamin J. Widlanski., Esq.**<br>bwidlanski@kttlaw.com<br>Fla. Bar No. 1010644<br>**Gail McQuilkin, Esq.**<br>gam@kttlaw.com<br>Fla. Bar No. 969338<br>**Tal J. Lifshitz, Esq.**<br>tjl@kttlaw.com<br>Fla. Bar No. 99519<br>**Rachel Sullivan, Esq.**<br>rs@kttlaw.com<br>Fla. Bar No. 815640<br>**Michael Lorigas, Esq.**<br>mlorigas@kttlaw.com<br>Fla. Bar No. 123597<br><br>**KOZYAK TROPIN & THROCKMORTON LLP**<br>2525 Ponce de Leon Blvd., 9th Floor<br>Coral Gables, Florida 33134<br>Telephone: (305) 372-1800<br><br>*Counsel for Plaintiff* | /s/ *Douglas A. Wolfe*<br>**Douglas A. Wolfe, Esq.**<br>doug@wolfepincavage.com<br>Fla. Bar No. 28671<br>**Danya J. Pincavage, Esq.**<br>danya@wolfepincavage.com<br>Fla. Bar No. 14616<br>**Hana A. Aryan, Esq.**<br>Hana.aryan@wolfepincavage.com<br>Fla. Bar No. 1003617<br><br>**WOLFE \| PINCAVAGE**<br>7800 SW 57th Avenue, Suite 217<br>Miami, Florida 33143<br>Telephone: (786) 409-0800<br><br>*Counsel for Plaintiff* |