UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **SOUTH BROWARD HOSPITAL DISTRICT, D/B/A/ MEMORIAL HEALTHCARE SYSTEM,** on its own behalf and on behalf of other similarly situated healthcare facilities,<br><br>Plaintiff,<br><br>**ELAP SERVICES, LLC and GROUP & PENSION ADMINISTRATORS, INC.,**<br><br>Defendants. | Case No. 0:20-cv-61007-AHS |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Irene Oria
FL Bar No. 484570
**FisherBroyles, LLP**
199 E. Flagler St. #550
Miami, FL 33131
T: (786) 536-2838
F: (786) 536-2838
irene.oria@fisherbroyles.com

Kristopher R. Alderman (*pro hac vice*)
GA Bar No. 179645
**The Summerville Firm, LLC**
1126 Ponce de Leon Avenue
Atlanta, GA 30306
T: (770) 635-0030
F: (770) 635-0029
kris@summervillefirm.com

Irene Bassel Frick, Esq.
FL Bar No. 0158739
**Akerman LLP**
401 E. Jackson Street, Suite 1700
Tampa, FL 33602-5250
T: (813) 223-7333
F: (813) 223-2837
irene.basselfrick@akerman.com

Patrick M. Emery (*pro hac vice*)
GA Bar No. 821303
**Lavender Hoffman LLC**
945 East Paces Ferry Rd., Suite 2000
Atlanta, GA 30326
T: (404) 793-0652
F: (404) 400-4500
patrick.emery@lhalawyers.com

*Tereshakovec v. Ford Motor Co.* (Doc. 180-1) is distinguishable and wrong insofar as it suggests reliance is **never** required under FDUTPA. The dissent eviscerates the conclusion that FDUTPA never requires reliance by showing how state and federal courts incorrectly borrowed from the FTC Act to effectively excuse causation in private FDUTPA actions. Doc. 180-1 at 77–91. Ford may petition for *en banc* consideration, *certiorari*, or both.

Memorial must prove reliance to show causation here, but reliance is not always required. The plaintiff in *Tershakovec* could sail under the same fraud-on-the-market theory endorsed by *Carriuolo*, recognizing that a misrepresentation of automobile safety ratings influenced the market, inflating the price of the car, causing damages to consumers regardless of whether they individually relied on the ratings. *Carriuolo v. GM Co.*, 823 F.3d 977, 987 (11th Cir. 2016). Similarly, in *Tereshakovec*, false statements about the Shelby GT's performance capabilities could have inflated the market value causing damages without individual reliance. But that fraud-on-the-market theory does not work here because Defendants never sold Memorial or any other putative class member anything. *Tereshakovec* relies on a damages theory that Memorial cannot, and the dissent properly criticizes the overly broad language concerning reliance loosely repeated by the majority opinion and relied on here by Memorial.

*In re: Fieldturf* (Doc. 180-2) is a district court opinion that certified two issue classes after having previously determined those classes met the Rule 23(a) requirements and satisfied predominance. The Rule 23(a) conclusions were not re-examined in the court's recent opinion, and the predominance issue was only marginally evaluated. Doc. 180-2 at 11–13. *Fieldturf* offers no support for Memorial's arguments that its proposed issue class is subject to generalized class-wide proof. *Fieldturf* involved issues classes narrowly tailored to specific proof:

> 1. whether all Duraspine fields sold by FieldTurf to the class share a common inherent defect ("Defect Issue"); and

  2. whether FieldTurf knowingly omitted facts of this common defect from the proposed class in its marketing and sales presentations ("Deception Issue").

Doc. 180-2 at 2–3. Conversely, Memorial's issue class does not:

  On the issue of whether ELAP and GPA unjustly retained benefits realized due to their application of RBP . . . .

Doc. 142 at 11. There is nothing narrow, discrete, or workable about Memorial's issue class.

*Fieldturf* shows how an issue class could be constructed to resolve common questions.

Memorial's proposed class does not pass muster.

  Respectfully submitted this 25th day of July, 2023.

                Irene Oria
                FL Bar No. 484570
                **FisherBroyles, LLP**
                199 E. Flagler St., #550
                Miami, Florida 33131
                T: (305) 536-2838
                F: (305) 536-2838
                irene.oria@fisherbroyles.com

                Irene Bassel Frick, Esq.
                FL Bar No. 0158739
                **Akerman LLP**
                401 E. Jackson Street, Suite 1700
                Tampa, FL 33602-5250
                T: (813) 223-7333
                F: (813) 223-2837
                irene.basselfrick@akerman.com

                Kristopher R. Alderman (*pro hac vice*)
                GA Bar No. 179645
                **The Summerville Firm, LLC**
                1126 Ponce de Leon Avenue
                Atlanta, GA 30306
                T: (770) 635-0030
                F: (770) 635-0029
                kris@summervillefirm.com

- 3 -

        Patrick M. Emery (*pro hac vice*)
        GA Bar No. 821303
        **Lavender Hoffman LLC**
        945 East Paces Ferry Rd., Suite 2000
        Atlanta, GA 30326
        T: (404) 793-0652
        F: (404) 400-4500
        patrick.emery@lhalawyers.com

        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        */s/ Irene Bassel Frick*_____
        Irene Bassel Frick
        *Counsel for Defendants*