UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:20-cv-61007-SINGHAL/VALLE

SOUTH BROWARD HOSPITAL DISTRICT d/b/a
MEMORIAL HEALTHCARE SYSTEM, on behalf of
itself and all others similarly situated,

    Plaintiff,

v.

ELAP SERVICES, LLC, a Pennsylvania limited
liability company, and GROUP & PENSION
ADMINISTRATORS, INC., a Texas corporation,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on the Plaintiff South Broward Hospital District's Motion for Reconsideration of the Court's Opinion and Order Granting Summary Judgment (DE [186]) (the "Motion").[1]  Defendants filed a Response in Opposition (DE [190]) and Plaintiff filed a Reply in support of its Motion (DE [196]).  A motion hearing was held on November 27, 2023.  The Motion is now ripe for consideration.

    **I.**    **BACKGROUND**

On September 30, 2023, this Court granted summary judgment in favor of Defendants, ELAP Services, LLC ("ELAP") and Group & Pension Administrators, Inc. ("GPA"), on Plaintiff South Broward Hospital District's ("Memorial") claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and the common law

---

[1] Plaintiff filed the Motion under seal at (DE [185]).  This Order applies with equal force to the sealed and unsealed Motion.

1

theory of unjust enrichment. *See* (Order (DE [183])). On Plaintiff's FDUTPA claim, the Court agreed with Defendants that Plaintiff's claims failed to demonstrate consumer harm and warranted dismissal on that basis. *See id.* at 23. As for Memorial's unjust enrichment claim, the Court concluded that dismissal was proper where Plaintiff showed no direct conferral of benefits to Defendants. *See id.* at 26.

Plaintiff seeks reconsideration of this Court's decision only as to its FDUTPA claim. *See* (Mot. (DE [186])). According to Plaintiff, reconsideration is warranted for three reasons: first–a novel argument–that the plain text of the FDUTPA statute imposes no consumer-injury requirement; second, assuming a consumer-injury requirement exists (which Plaintiff now contests), Memorial meets the definition of consumer and has shown adequate injury; and third, regardless of Memorial's status as a consumer under FDUTPA, Plaintiff has offered sufficient evidence demonstrating that Memorial patients were injured or likely to be injured.

Plaintiff's Motion is well-written, and Plaintiff's counsel presented compelling oral argument. Nevertheless, Plaintiff has not raised issues of manifest error. Plaintiff merely invites this Court to interpret FDUTPA in a light more favorable to Memorial's claim, which this Court respectfully declines for the reasons discussed herein.

## II. LEGAL STANDARD

"'Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.'" *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised

prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005). Furthermore, "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through – rightly or wrongly.'" *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "A motion for reconsideration is 'committed to the sound discretion of the district judge.'" *Garcon v. United Mut. of Omaha Ins. Co.*, 779 Fed. Appx. 595, 600 (11th Cir. 2019) (citations omitted).

### III. ANALYSIS

#### a. FDUTPA's Consumer Harm Requirement

Plaintiff's Motion argues, for the first time, that FDUTPA imposes no consumer harm requirement. In its Opposition to Defendants' Motion for Summary Judgement, Plaintiff noted in no uncertain terms that "[n]on-consumers have standing to pursue FDUTPA claims, but *in all cases, the plaintiff must demonstrate 'injury or detriment to consumers.'*" (Pl.'s Opp. (DE [155] at 8)) (quoting *Caribbean Cruise Line, Inc. v. Better Bus. Bur. Of Palm Beach Cnty., Inc.*, 169 So. 3d 164, 167 (Fla. 4th DCA 2015)) (emphasis added). Plaintiff now challenges the excerpted language from *Caribbean Cruise Line, Inc.*–the very authority it relied upon–as dicta. *See* (Mot. (DE [185] at 9)). Rather than following *Caribbean Cruise Line*, Plaintiff contends that this Court should consider "persuasive evidence that the highest state court would rule otherwise." *See id.* at 9–10 (citing *Bravo v. United States*, 577 F.3d 1324, 1326 (11th Cir. 2009)). The "persuasive evidence" in this instance, according to Plaintiff, is the plain text of FDUTPA's statute. *See* (Motion (DE [185] at 10)). Specifically, Plaintiff references the 1993 and 2001 FDUTPA amendments which replaced references to "consumers" with "persons," and

3

"made clear that there is no consumer injury requirement" in the statute. *Id. Caribbean Cruise Line*, Plaintiff maintains, effectively relies on stale precedent where it cites to a portion of the Florida Supreme Court's decision in *PNR, Inc. v. Beacon Property Management, Inc.*, 842 So. 2d 773 (Fla. 2003) ("*PNR*") which quotes from Florida Supreme Court cases that *predate* the 2001 FDUTPA amendments. *See id.* at 9–10. While creative, Plaintiff's argument fails to identify any manifest error in this Court's recognition of a consumer harm requirement within FDUTPA. "It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through – rightly or wrongly." *Z.K. Marine, Inc.*, 808 F. Supp. at 1563 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). This Court will not reconsider a requirement within FDUTPA that even Plaintiff conceded until the instant Motion.

b.  <u>Whether Memorial is a Consumer Under FDUTPA</u>

Plaintiff's second argument is that it meets the definition of "consumer" under FDUTPA and has demonstrated consumer harm through its own injury. *See* (Motion (DE [185] at 11–14)). In support, Plaintiff notes that "Consumer" under FDUTPA "means an individual; child, by and through its parent or legal guardian; business; firm; association; joint venture; partnership; estate; trust; syndicate; fiduciary; corporation; any commercial entity; however denominated; or any other group or combination." *See id.* at 11–12 (citing Fla. Stat. § 501.203(7)). In its Order, this Court noted that Plaintiff's interpretation of FDUTPA–that "virtually any injury resulting from an unfair or deceptive practice occurring in trade or commerce is a 'consumer injury'"–is too expansive for this Court to endorse. *See* (Order (DE [183] at 20–21). The Court further determined that record evidence cut against Plaintiff's argument where Memorial's corporate representative conceded that it

received no "benefit or anything of value" from Defendants.  *Id.* at 21.  The Order did not, as Plaintiff argues, impose a requirement that Plaintiff show it received any benefit or thing of value from Defendant to qualify as a consumer under FDUTPA.  Rather, the Court identifies what it considers a central flaw in Plaintiff's argument:  Plaintiff is not an intended, or even third-party, beneficiary of Defendants' services.  To the contrary, self-funded health plans retain and consume services from Defendants.  Take, for example, Plaintiff's chart, which it included as an exhibit to its Opposition Statement of Material Facts and now cites to in the instant Motion:



(DE [156-44]).  Plaintiff argues that, per this chart, Plaintiff receives appeals services and repricing services from Defendants.  Crucially absent from Plaintiff's chart, however, is the important role of the non-party self-funded health plans.  This Court considers the flow of services differently:



Defendants' repricing and appeals services are seemingly conducted on behalf of the self-funded health plans that hire Defendants for their cost containment needs.  While Plaintiff maintains that it "would not have collected *any* funds owed it but for ELAP's services," (Motion (DE [185] at 13)), the opposite appears to be true.  But for the self-funded health plans' retention of ELAP services, Plaintiff would still have received funds and, indeed, may have received more funds.  Finally, Plaintiff's reliance on *Beacon Prop. Mgmt. v. PNR, Inc.*, 890 So. 2d 274, 278 (Fla. 4th DCA 2004) ("*Beacon Prop. Mgmt.*") is not to the contrary.  Plaintiff cites to *Beacon Prop. Mgmt.* to demonstrate that third-party beneficiaries of Defendants' services are "consumers" for FDUTPA's purposes.  *See* (Mot. (DE [185] at 13 (citing *Beacon Prop. Mgmt.*, 890 So. 2d at 275–76)).  However, that case concerned a plaintiff who, as an assignee of a leaseholder, was allowed to step into the shoes of the leaseholder to hold the landlord defendant accountable for its actions.  *See* 890 So. 2d at 275.  Here, this Court strains to see how Plaintiff is a third-party beneficiary of Defendants' services when the self-funded health plans pay Defendants' fees and, in exchange, receive cost containment services.

      c. <u>Whether Memorial Provided Sufficient Evidence to Demonstrate Consumer Detriment</u>

Third and finally, Plaintiff argues that reconsideration is merited where it has adequately shown that reasonable patients were injured or likely to be injured. *See* (Motion (DE [185] at 14–19)). Plaintiff maintains that consumer detriment under FDUTPA "requires a showing of 'probable, not possible, deception' that is *likely* to cause injury to a *reasonable relying consumer*." *Id.* at 14 (citing *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007)) (emphasis in original). Setting aside the fact that *Zlotnick* contemplates the evidentiary standard at the motion to dismiss stage, Plaintiff's arguments do not identify any manifest error in this Court's analysis. This Court considered Plaintiff's arguments, including the five exhibits Plaintiffs cited as evidence of harm to ELAP members, in its original Order. *See* Order at 21–22. Ultimately, the Court found that the risk of harm via balance billing did not come to fruition where Plaintiff could not demonstrate that it was able to collect on the few balance bills it sent to ELAP members, where its corporate representative conceded that it had not balance billed in nearly seven years, and where Plaintiff repeatedly stated that ELAP "uniformly" protected its members from balance billing. (Pl.'s Opp. (DE [155] at 6)). In the instant Motion, Plaintiff highlights non-economic harm to ELAP members, including that ELAP members risked appointment cancellations and treatment refusal. *See* (Mot. (DE [185] at 15)). To the extent that Plaintiff underscores non-economic harm now, when it was originally presented in a footnote of its Opposition, the Court finds it insufficient to compel reconsideration of its original analysis. *See* (Pl.'s Opp. (DE [155] at 19 n.9)) (citing Pl.'s Reply SOMF (DE [156] at ¶ 43)) (". . . in the few cases where Memorial was able to detect

7

ELAP's involvement, it canceled nonemergent appointments or took other steps to avoid [Reference Based Pricing].").  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff South Broward Hospital District's Motion for Reconsideration of the Court's Opinion and Order Granting Summary Judgment (DE [185]) and (DE [186]) is **DENIED**.

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, this 4th day of January 2024.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record via CM/ECF